UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:24-cv-12347-ADB

MARGARET E. SHEEHAN

    *Plaintiff*

vs.

TOWN OF CARVER, MA, TOWN OF PLYMOUTH, MA,
ALAN G. GERMAIN, STEPHEN G. GRAY,
BETTY CAVACCO, MICHAEL MAIN,
A.D. MAKEPEACE COMPANY, JAMES F. KANE,
SLT CONSTRUCTION CORPORATION,
PETER OPACHINSKI

    *Defendants*

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' RULE 8 AND 12(e) MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure Rule 8 and 12(e), the defendants, Town of Carver, MA, Town of Plymouth, MA, Alan G. Germain, Stephen G. Gray, Betty Cavacco, and Michael Main, (collectively "municipal defendants"), move this Honorable Court to dismiss the plaintiff's Complaint for failing to comply with Fed. R. Civ. P. Rule 8 and order the plaintiff to file an amended complaint that is compliant with Rule 8.

The Complaint fails to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  This rule mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004) (further citation omitted)); *Barbosa v. Commonwealth of Massachusetts,* No. CV 14-13439-ADB, 2016

WL 3976555, at *2 (D. Mass. July 22, 2016). Although the requisites of Rule 8(a)(2) are slight, "'minimal requirements are not tantamount to nonexistent requirements.'" *Id*. (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). The rule applies to broad-ranging complaints containing lengthy, excessive, and immaterial allegations, particularly where one is not able to determine whether the complaint presents an actionable case or controversy that the court can resolve. *Alston v. Town of Brookline*, 2016 U.S. Dist. LEXIS 135974, *43 (D. Mass. 2016).

The purpose of the rule is to "afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995). A defendant enjoys an "inalienable right to know in advance the nature of the cause of action being asserted against him." *Id.* The "short and plain statement" requirements were explained by the Second Circuit in the case of *Salahuddin v. Cuomo*:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. . . . The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from the mass of verbiage.

861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). That is, it would be immensely unfair to defendants to have to peruse a complaint and guess as to the nature of the alleged civil rights violations. *Bouvier v. Massachusetts*, 2009 U.S. Dist. LEXIS 63628, *12 (D. Mass. 2009)

This is why in *Kuehl v. Federal Deposit Ins. Corp.*, the First Circuit affirmed dismissal (under Rule 41(b)) of a 43-page amended complaint containing 36 counts pleaded against 30 defendants in violation of Rule 8(a), noting that the "faulty pleading was not [the] first, but an amended version that had changed only superficially from the state court complaint. . . ." 8 F.3d

905, 906 (1st Cir. 1993). In *Jackson v. Polaroid Corp.*, the First Circuit upheld the dismissal of a 180-page amended complaint containing 80 counts, 35 paragraphs, and footnotes. 181 F.3d 79, at *1-2 (1st Cir. 1999) (per curiam). Rule 8(a) was enacted to prevent precisely this type of pleading. *See, e.g., Miranda v. United States*, 105 F. App'x 280, 281 (1st Cir. 2004) (per curiam).  And in *Alston v. Town of Brookline, supra*, the Court required the Plaintiff to file a Rule 8 compliant complaint where the first iteration was 85 pages and 270 paragraphs long with allegations spanning centuries and professing no less than 21 supposed unconstitutional policies.

Similarly, the Complaint in this case falls far short of the Rule 8(a) standard in many respects.  The Complaint is 117 pages and 305 paragraphs long.  The allegations are both unclear and superfluous, despite plaintiffs attempt to bring no less than 25 counts for relief.  The Complaint asserts federal question based on 42 U.S.C. §§ 1983 and 1985 but fails to state clearly the allegations upon which such claims are premised other than to state in a conclusory fashion that her rights under these sections of federal law have been violated.  It simply is not clear whether the Complaint presents an actionable case or controversy that the court can resolve, or states colorable claims against the named defendants.

Fed. R. Civ. P. 12(e) provides:

(e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Although Rule 8(a)(2) permits the court to strike the pleading and dismiss the action, *see Guilbeault v. R.J. Reynolds Tobacco Co.*, 1998 U.S. Dist. LEXIS 17948, *1 (D.R.I. 1998), courts

facing complaints such as this have ordered the plaintiff to comply with Rule 8 or face dismissal. *See Francois v. Liberty Title & Escrow*, 2010 U.S. Dist. LEXIS 33185, *6 (D.R.I. 2010).

The municipal defendants intend on challenging the legal sufficiency of the Plaintiff's Complaint on the merits in a Fed. R. Civ. P. Rule 12(b) motion but are faced with a myriad of vague and imprecise claims that Plaintiff must first state more definitively. Following the directive of Rule 12(e), which states that such a motion must be made before filing a responsive pleading, the municipal defendants first make the instant request that the Court order the Plaintiff to file a Rule 8 compliant complaint.

WHEREFORE, pursuant to Federal Rules of Civil Procedure Rule 8 and 12(e), the defendants, Town of Carver, MA, Town of Plymouth, MA, Alan G. Germain, Stephen G. Gray, Betty Cavacco, and Michael Main, move this Honorable Court to dismiss the plaintiff's Complaint for failing to comply with Fed. R. Civ. P. Rule 8 and order the plaintiff to file an amended complaint that is compliant with Rule 8.

Respectfully submitted,

Defendants,

| | |
|---|---|
| TOWN OF CARVER, MA, ALAN G. GERMAIN, and STEPHEN G. GRAY, | TOWN OF PLYMOUTH, MA, BETTY CAVACCO, and MICHAEL MAIN, |
| By their attorneys, | By their attorneys, |
| */s/ Adam Simms* | */s/ Joseph A. Padolsky* |
| Adam Simms, BBO # 545191<br>asimms@piercedavis.com<br>Justin Amos, BBO # 697232<br>jamos@piercedavis.com<br>Pierce, Davis & Perritano LLP<br>10 Post Office Square, Suite 1100N<br>Boston, MA 02109<br>617-350-0950 | Douglas I. Louison, BBO # 545191<br>dlouison@lccplaw.com<br>Joseph A. Padolsky, BBO # 679725<br>jpadolsky@lccplaw.com<br>Louison, Costello, Condon & Pfaff, LLP<br>10 Post Office Square, Suite 1330<br>Boston, MA 02109<br>(617) 439-0305<br>(617) 439-0325 facsimile |

Dated: October 18, 2024

## **CERTIFICATE OF SERVICE**

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as listed below:

                                                    */s/ Justin L. Amos*
                                                    Justin L. Amos

Dated: October 18, 2024