**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARGARET E. SHEEHAN,<br><br>*Plaintiff,*<br><br>v.<br><br>TOWN OF CARVER, MA;<br>TOWN OF PLYMOUTH, MA;<br>ALAN G. GERMAIN; STEPHEN G. GRAY;<br>BETTY CAVACCO; MICHAEL MAIN;<br>A.D. MAKEPEACE COMPANY;<br>JAMES F. KANE; SLT CONSTRUCTION CORPORATION; and<br>PETER OPACHINSKI,<br><br>*Defendants.* | No. 1:24-cv-12347-ADB |

**PLAINTIFF MARGARET E. SHEEHAN'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' RULE 8 AND 12(e) MOTIONS TO DISMISS**

The Town of Carver ("Carver"), for itself and its officials Alan G. Germain ("Germain") and Stephen G. Gray ("Gray"), in conjunction with the Town of Plymouth ("Plymouth"), for itself and its officials Betty Cavacco ("Cavacco") and Michael Main ("Main") (collectively, the "Municipal Defendants" or the "Movants"), have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("FRCP" or the "Rule") 8 and 12(e) ("Motion"). *See* Dkt. No. 27.

As a preliminary matter, neither Rule 8 nor Rule 12(e) supports a motion to dismiss. Rule 8(a)(2) is a general pleading rule that provides that "[a] pleading . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." As explained by the United States Supreme Court, at the pleading stage, the allegations must reflect "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the

pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The remedy for any failure to meet that requirement is not contained within Rule 8. Nor is the remedy of dismissal contained in Rule 12(e), which provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Hence, on the basis of the current Motion, dismissal is not an available remedy.

To the extent that the Motion is treated as one for a more definite statement, Plaintiff respectfully suggests that such relief is not appropriate for the reasons discussed below.

## ARGUMENT

### I. PLAINTIFFS' COUNSEL, THE DRAFTERS OF THE COMPLAINT, FACE A CONUNDRUM WHEN RULE 8 AND RULE 12(b)(6) COLLIDE.

The Municipal Defendants acknowledge that they "intend on challenging the legal sufficiency of the Plaintiff's Complaint on the merits in a Fed R. Civ. P. Rule 12(b)(6) motion," if the pending motion to dismiss is not allowed. Dkt. No. 28, at 4. The procedure that the Municipal Defendants propose, i.e., seeking dismissal first under Rule 8, and, if that fails, seeking dismissal under Rule 12(b)(6), while inefficient, is permitted under the Rules. *See, e.g.*, *Hickey v. MetroWest Med. Ctr.*, 193 Fed. App'x 4, 5 (1st Cir. 2006) (stating that Rule 12(h) "provides exceptions to waiver for the defense of failure to state a claim"). This presents a pleading conundrum that all drafters of an opening Complaint—particularly in a complex case—face: Rule 8 is frequently referenced to decry pleadings that are too fulsome, while Rule 12(b)(6) is generally referenced to complain that pleadings are not fulsome enough.

In this instance, Plaintiff's counsel as drafter addressed the conundrum of the juxtaposition of Rule 12(b)(6) and Rule 8 by ensuring that the standards of each were the focus of different sections of the Complaint:

First, the necessary subsidiary facts to satisfy the Rule 12(b)(6) standard (a matter for another day) appear in the statement of facts applicable to all counts, comprising paragraphs 13 through 132 (by no means an excessive number for a Complaint against ten named defendants and one John Doe). The subsidiary facts are laid out chronologically, with the identification of the relevant party or parties to which the paragraph applies stated expressly within it. The chronological framework interweaving the conduct of all defendants, with the alleged perpetrator identified in each paragraph, reads more cogently and is far shorter than including separate statements of fact for the five groups: (1) The Carver defendants, (2) the Plymouth defendants, (3) the A.D. Makepeace Company ("Makepeace") defendants, (4) the SLT Construction Corp. ("SLT") defendants, and (5) the John Doe defendant(s) (owner(s) and poster(s) on anonymously maintained webpages).

Second, the necessary Rule 8 "short and plain statement *of the claim* showing that the pleader is entitled to relief" (emphasis added) appears in each count – each a separate claim -- broken down by defendant(s). This is in accord with prior case law in this District. *See, e.g.*, *Rasheed v. D'Antonio,* Civil Action No. 10-11253-GAO, 2011 WL 4382517, at *21 (D. Mass. Sept. 19, 2011) (concluding that a prisoner pro se complaint survives a Rule 41(b) motion to dismiss premised on alleged Rule 8 violation, where the "'Factual Allegations' section . . . provides . . . a timeline of the events underlying the 15 counts" and "[e]ach count names the defendants being charged, gives a brief description of the factual basis of the charge and states the law allegedly violated").

Despite the Municipal Defendants' contentions that "the Complaint in this case falls far short of the Rule 8(a) standard in many respects," they fail to identify the purported deficiencies except to complain that the Complaint is long and that "[t]he allegations are both unclear and

superfluous." Dkt. No. 28, at 3. As "support" for this contention, the Movants deride the allegations regarding 42 U.S.C. §§ 1983 and 1985, erroneously contending that Plaintiff "fails to state clearly the allegations upon which such claims are premised other than to state in a conclusory fashion that her rights under these sections of federal law have been violated." *Id.* They may disagree with what Plaintiff alleges, but it is incomprehensibly erroneous to contend that Plaintiff does not allege in detail the respect in which the towns violated Plaintiff's First, Fifth, and Fourteenth Amendment[1] rights through their respective unwritten policies favoring sand miners and haulers to the detriment of concerned residents, local groups, and Sheehan as their advocate. *See, e.g.,* Dkt. No. 1, Count 2, ¶ 148:

> Carver, acting through its officials, many of whom are participants in the sand mining industry, has a longstanding practice and unwritten policy . . . of protecting the owners of land on which sand and gravel mining occurs, the operators of the mine (if different), and the haulers of the mined sand and gravel (together, the "sand mining industry"). The unwritten policy extends to impeding concerned residents, and groups, and their advocate (usually Sheehan) in their efforts to oppose the sand mining industry through administrative and judicial proceedings. . . . . Manifestations of the unwritten policy include the appointment and election of many participants in the sand mining industry to committees, boards, and commissions with which that industry interacts on a regular basis, e.g., the Earth Removal Committee . . . , the Conservation Commission, and the Zoning Board of Appeals . . . , with results predictably generally favoring the sand mining industry. A further manifestation of the unwritten policy is that the Town fully embraces the results favoring the sand mining industry, while thwarting efforts to compel the industry to abide by municipal bylaws and state and federal law. An additional manifestation is the conduct of Germain and Gray, both Town officials . . . .

*See also* Dkt. No. 1, Count 12, ¶¶ 212–13, with respect to Plymouth.

[1] The Fifth and Fourteenth Amendments are both asserted regarding violation of substantive due process. The Fourteenth Amendment actually substitutes for the Fifth Amendment in civil rights claims against municipalities, but the Fifth Amendment is often still referenced as a matter of custom and practice.

Sheehan goes on to allege that she, as the opponents' advocate, has been deprived of her rights under the First Amendment, and describes the manner in which that deprivation has occurred, with Carver officials preventing her from speaking on behalf of her clients in opposition to sand mining; she even provides the dates and describes specific occurrences. *Id.*, Count 2, ¶¶ 150–51. She then describes the manner in which she has been deprived of her Fifth and Fourteenth Amendment substantive due process rights by Carver's failure to train its officials to allow residents to be heard directly and through counsel and by failing to train its police personnel to protect everyone, even when the person seeking help is an opponent of the sand mining perpetrators whom the Town favors. *Id.*, Count 2, ¶ 152. With regard to Plymouth, see Count 12, ¶¶ 213–16.

## II. THE MUNICIPAL DEFENDANTS FAIL TO ADDRESS RULE 8'S REQUIREMENTS OF ANALYZING THE SHORT AND PLAIN STATEMENT OF EACH APPLICABLE "CLAIM," AS OPPOSED TO THE MULTI-PARTY COMPLAINT IN ITS ENTIRETY.

As an initial matter, FRCP 8(a)(2) requires on its face that a claimant set forth "a short and plain statement of *the claim* showing that the pleader is entitled to relief" (emphasis added), but the Municipal Defendants did no analysis whatsoever as to whether Plaintiff met this burden regarding the individual claims against the two groups that comprise the Movants, i.e., the Carver defendants and the Plymouth defendants. Indeed, the Municipal Defendants' Motion and supporting Memorandum are almost entirely lacking in the analysis required for a Rule 8 motion, with the Movants referencing as their bases little more than the length of the overall Complaint and the total number of paragraphs. As the Court noted in the *Rasheed* case, which also included multiple defendants, "although the complaint viewed in its entirety is not a short and plain statement, it contains short and plain statements that are sufficient to notify . . . defendants of the charges against them and gives these defendants an opportunity to mount a defense." Civil Action

No. 10-11253-GAO, 2011 WL 4382517, at *21. Because the drafting in the instant case was done with precisely such issues in mind, the same is true here.

The three Carver defendants (the Town, Germain, and Gray) make no allowance for the fact that only 8 of 25[2] counts relate to all or some of them, just as the Plymouth defendants make no allowance for the fact that only 9 of 25[3] counts relate to all or some of them. The overlap between the two Town groups is a single count, i.e., the privacy count that relates to all defendants, so that the two Towns' analyses should be separate from each other. But, they are not.

## III. NEITHER MUNICIPAL GROUP HAS STANDING TO RAISE A RULE 8 OR RULE 12(e) MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT WITH REGARD TO ANY COUNT THAT DOES NOT APPLY TO IT.

Even if Rule 8 entitled the Municipal Defendants to analyze the full pleading, as opposed to the individual claims (which it does not), each Municipal Defendants' group would be prevented on standing grounds from including the counts against the other parties in their "short and plain" analysis and in the analysis of whether Plaintiff's allegations adequately demonstrated entitlement to relief.

To demonstrate standing, a claimant must have a personal stake in the outcome. *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367, 379 (2024). If there were joint and several allegations against both the Carver group and the Plymouth group, there would indeed be crossover standing on those counts. But the only allegations of joint and several liability are *within* the Defendant groupings.[4] Given that no allegations of joint and several liability currently exist

---

[2] Counts 2, 3, 4, 5, 6, 7 (in combination with Peter Opachinski ["Opachinski"] and Germain), 20 (in combination with Makepeace and Kane), and 25.

[3] Counts 12, 13, 14, 15, 16, 17, 18, 19 (in conjunction with Makepeace and Kane), and 25.

[4] Count 2 (Carver jointly and severally with Germain and Gray, 42 U.S.C. § 1983); Count 5 (Carver jointly and severally with Germain, slander and libel); Count 6 (Carver jointly and

between the Carver group and the Plymouth group, defendants in one group cannot pursue a motion to dismiss in conjunction with or on behalf of defendants in the other group, which is what Plymouth and Carver are inappropriately attempting to achieve here. The analysis must be limited to those counts in the Complaint in which a particular Movant has a stake in the outcome. That limitation vastly limits the length and the number of paragraphs that the Court should consider in analyzing whether Plaintiff has alleged a short and plain statement demonstrating entitlement to relief, even if addressing the pleading as opposed to the Counts within it.

In any event, exclusive of the required venue and jurisdiction allegations, the chronological statement of facts (preceding the counts) includes 119 paragraphs (¶¶ 13–132) covering 11 parties and 25 counts. This amounts to an average of just under 11 subsidiary fact paragraphs per party. Fifty-eight pages (plus a few lines) host the 119 paragraphs, which amounts to an average of 5.3 pages per party for the setting forth of the facts. Removing the John Doe subpoena count, the Complaint contains 24 counts for 10 defendants. There is nothing excessive regarding the length of this Complaint or the number of paragraphs.

Nor is there anything excessive regarding the number of defendants. Indeed, joinder of these defendants, while clearly permissible under Rule 20,[5] was likely mandatory under Rule

---

severally with Germain and Gray, intentional infliction of emotional distress); Count 11 (Opachinski and SLT jointly and severally, intentional infliction of emotional distress); Count 12 (Plymouth jointly and severally with Cavacco and Main, 42 U.S.C. § 1983); Count 15 (Plymouth jointly and severally with Cavacco, libel and slander; Count 16 (Plymouth jointly and severally with Main, slander); Count 17, (Plymouth jointly and severally with Cavacco, intentional infliction of emotional distress).

[5] FRCP 20(a)(2) provides that Defendants may be joined in one action if "(A) any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The common occurrences here included the efforts to enable unlawful sand mining in abutting towns, with hauling trucks passing through both towns, by driving out the

19(a)(1)(A) and (B). The Carver group and the Plymouth group were proceeding on parallel tracks, if not actually coordinating (as they have in the Motion). Makepeace and James F. Kane ("Kane") allegedly violated Sheehan's constitutional rights in cooperation with each of the Towns (Counts 19 and 20). The libelous internet postings appeared in both Towns. The allegations against all named defendants are of violations of the same statutes and commission of the same common law torts. Requiring two juries to allocate Plaintiff's damages in two separate lawsuits would have been extraordinarily difficult, if not impossible, thereby triggering Rule 19(a)(1)(B)(ii) (requiring that a person be joined if the failure to include all parties would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations").

In every instance, careful consideration was given as to which causes of action should be asserted against which defendants(s), and nuanced distinctions were made. For example, while Germain was sued jointly and severally with the Town of Carver for slander and libel (Count 5), the second town official Gray was not sued for either slander or libel. Similarly, while Cavacco was named jointly and severally with the Town of Plymouth for libel and slander (Count 15), the second official Main was sued jointly and severally with the Town only for slander (Count 16). In a similar vein, only the Makepeace group (Count 22) and the SLT group (Count 9) were sued for violation of the Massachusetts Civil Rights Act ("MCRA"), because that Act does not require state action and stands as an alternative basis for liability of non-state actors conspiring with state actors under Section 1983. Because state action through the municipalities is clear, there was no reason to add the Towns and their officials to the MCRA counts.

---

opponents' advocate, Sheehan, whose community group clients and individual clients spanned both towns. The questions of law are common across the board.

The allegations in each of the relevant counts for each of the two separate Municipal groups readily meet the requirements of Rule 8, whether analyzed claim by claim or cumulatively. Each party knows with exactly what claims he, she, or it is charged, and can readily determine whether all prerequisites for each such claim have been properly alleged.

## IV. FRCP 12(e) IS NOT PROPERLY INVOKED, BECAUSE THE COMPLAINT IS NEITHER VAGUE NOR AMBIGUOUS, AND THE DEFENDANTS CAN REASONABLY PREPARE A RESPONSE.

As an initial matter, a "motion for a more definite statement is appropriate only where a complaint is 'so vague and ambiguous that the party cannot reasonably prepare a response.'" *Visco v. Creditors Relief, LLC*, No. 20-cv-12303-DJC, 2022 WL 488495, at *5 (D. Mass. Feb. 17, 2022) (quoting FRCP 12(e)). Further, "Rule 12(e) motions are generally disfavored in light of the liberal pleading requirements under the Federal Rules and the availability of pretrial discovery procedures," *Wang v. API Techs. Corp.*, No. 1:22-cv-12002-PBS, 2023 WL 4163529, at *3 (D. Mass. May 30, 2023) (quoting *Hilchey v. City of Haverhill*, 233 F.R.D. 67, 69 (D. Mass. 2005)), and "should be addressed . . . to unintelligibility which thereby prevents the movant from determining the issues he must meet," *MacKenzie v. Pfizer, Inc.*, Civil Action No. 20-11550-NMG, 2021 WL 7451166, at *2 (D. Mass. Jan. 11, 2021) (quotation marks omitted). In addition, "Rule 12(e) motions are generally disfavored because of their dilatory effect." *Zuppe v. Elite Recovery Servs., Inc.*, No. 3:05CV857 (JBA), 2006 WL 47688, at *1 (D. Conn. Jan. 5, 2006) (quotation marks omitted).

The drafters of Rule 12(e) imposed some strict requirements, likely in recognition of such a "dilatory effect" if the Rule were to be too freely used:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. *The motion* must be made before filing a responsive pleading and *must point out the defects complained of and the details desired* . . . .

(emphasis added). The Motion does not meet these requirements, nor can it:

First, the pleading is not "vague" or "ambiguous." It is detailed and clear. The fact that it is longer than less complex complaints because it involves ten named defendants, each facing violation of civil rights, libel, intentional infliction of emotional distress, and privacy claims does not equate to being vague or ambiguous. There is no question that each Municipal group can easily call out the paragraphs referencing its members and the counts applicable to them. Having done so, they can reasonably, and easily, prepare a response. They have no obligation to answer allegations as to which they have no knowledge or information. The ubiquitous response, "Defendants have neither knowledge nor information with which to respond," can be pasted with ease wherever appropriate. Indeed, a universal statement early in the response that "Defendant has neither knowledge nor information with which to respond to any paragraph that is not answered below" might suffice (depending on the Court's preference).

Second, the Motion does not point out either "the defects complained of" or "the details desired." Plaintiff respectfully suggests that Movants would be hard-pressed to correct any such deficiencies, because they don't exist. But, in any event, they have failed to address them here and are therefore not entitled to relief under Rule 12(e).

## CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court deny the FRCP 8 and 12(e) Motions to Dismiss or, in the alternative, for a more definite statement. Such Rules offer no relief in the face of a complex but carefully drafted Complaint against eleven defendants, ten of whom face multiple counts for violation of civil rights and privacy rights, and for common law torts of libel and intentional infliction of emotional distress.

**MARGARET E. SHEEHAN,**

By her attorneys,

*_/s/ Joan A. Lukey_*
Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
MANATT, PHELPS & PHILLIPS, LLP
One Beacon Street, Suite 28-200
Boston, Massachusetts 02108
Telephone: (617) 646-1448
jlukey@manatt.com
jwolosz@manatt.com

Dated: October 28, 2024

**CERTIFICATE OF SERVICE**

I, Joan A. Lukey, hereby certify that, on October 28, 2024, I caused a true and accurate copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Joan A. Lukey*
Joan A. Lukey