UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br>Plaintiff, | ) |
| VS. | ) C.A. NO. 1:24-cv-12347-ABS |
| TOWN OF CARVER, MA,<br>TOWN OF PLYMOUTH, MA,<br>ALAN G. GERMAIN, STEPHEN G. GRAY,<br>BETTY CAVACCO, MICHAEL MAIN,<br>A.D. MAKEPEACE COMPANY, JAMES F. KANE,<br>SLT CONSTRUCTION CORPORATION, and<br>PETER OPACHINSKI,<br>Defendants. | ) |

**MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR AN EXPEDITED RULE 16 CONFERENCE AND SCHEDULING ORDER OR, ALTERNATIVELY, FOR AN ORDER THAT DEFENDANTS PROMPTLY PARTICIPATE IN A RULE 26(f) CONFERENCE AND SUBMISSION OF A REPORT [ECF NO. 41]**

## INTRODUCTION/PRELIMINARY STATEMENT

The plaintiff, Margaret Sheehan ("Sheehan"), was granted leave to conduct non-party discovery while several dispositive motions remained outstanding, without opposition from the defendants, because the discovery was limited and targeted towards non-parties for the purpose of discovering the identity of certain John/Jane Does. Notwithstanding that these dispositive motions are still outstanding, Sheehan now takes the surprising step of asking this Court to open full-fledged discovery on the purported basis that full discovery is needed to identify certain John/Jane Does who were allegedly operating anonymous social media accounts. Sheehan's request is premature and seeks to expose the defendants to extensive and costly discovery before this Court has determined what, if any, claims are plausibly pleaded against which, if any, defendants. Particularly where, as here, the municipalities (Town of Carver, MA and Town of Plymouth, MA) and the municipal official defendants (Germain, Gray, Cavacco, and Main), have a number of

immunity based defenses. For this and the reasons that follow, the Town of Carver, MA, Town of Plymouth, MA, Alan G. Germain, Stephen G. Gray, Betty Cavacco, and Michael Main (collectively the "municipal defendants") respectfully request that this Honorable Court **DENY** Sheehan's Motion.

## BRIEF PROCEDURAL HISTORY

This sprawling and facially prolix complaint was filed on September 12, 2024. [ECF No. 1]. A week later on September 19, 2024, without opposition, Sheehan filed an emergency motion seeking leave to conduct discovery on non-parties in an effort to identify certain John/Jane Does who were, allegedly, operating anonymous social media accounts which contain comments critical of Sheehan. [ECF No. 5-6]. On October 10, 2024, Judge Stearns recused himself and the matter was transferred to Judge Burroughs. [ECF No. 20]. On October 15, 2024, Judge Burroughs granted Sheehan's motion. [ECF No. 26]. On October 18, 2024, the municipal defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 8 & 12(e), which Sheehan opposed. [ECF No. 27-29]. That Motion remains outstanding. On November 14, 2024, A.D. Makepeace Company and James F. Kane filed a Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), which Sheehan opposed. [ECF No. 33-34, 37]. That Motion also remains outstanding. On December 13, 2024, Peter Opachinski and SLT Construction Corporation filed a Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). [ECF No. 43-44]. Sheehan has not yet opposed and the Motion also remains outstanding.

The municipal defendants filed a Rule 8 Motion because the Complaint is 117 pages, 305 paragraphs long and contains 25 counts for relief. In its breadth, the Complaint fails to state clearly which allegations are made against whom or whether certain generalized allegations are pled against the municipal defendants at all, nor the relief that Sheehan seeks against the municipal

defendants specifically, if at all. Further, the municipal defendants are entitled to certain immunities and anticipate filing a Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) at the conclusion of the Rule 8 process.

**ARGUMENT**

The municipal defendants do not oppose Sheehan taking reasonable steps to enforce subpoenas against the non-parties, or to take other steps to engage in limited non-party discovery with the sole aim of identifying the alleged John/Jane Does, which Sheehan stated was necessary for the purpose of closing her pleadings.[1] The municipal defendants do, however, oppose any attempt to take discovery from any party while there are dispositive motions pending this Court's consideration. As a matter of the parties' and this Court's resources, those dispositive motions should be resolved before entering what will be an extensive and costly discovery process.[2] Sheehan's request would force the municipal defendants to incur substantial costs which, if dismissed at the pleadings stage, would be entirely wasted municipal resources. To that end, the municipal defendants are filing a Cross-Motion to Stay Discovery contemporaneously with this Opposition.

---

[1] Sheehan stated in her emergency motion for leave to serve the third-party subpoenas (ECF No. 5) that learning the identity of the John/Jane Does at an early stage was necessary to the Court's deciding a motion to dismiss. The municipal defendants do not agree that it is necessary (*i.e.* the Court could find the allegations made against the Doe defendant(s) fail to state a claim regardless of the person's identity), but Sheehan's rationale for justifying early discovery was the discovery of the identity of the Doe defendant(s) for pleading purposes. Sheehan has quickly shifted from that rationale to now claiming she needs full fledged and costly discovery despite unresolved questions of whether the municipal defendants will remain in the case at all after the initial pleadings stage.

[2] Indeed, Sheehan's counsel has represented to all counsel in the 7.1 conferences that have taken place to date that hundreds of hours were expended drafting the Complaint and that this initial non-party discovery process was involved and may even include the need for Sheehan to either travel to Switzerland or engage local counsel there as part of their discovery efforts.

Declining Sheehan's desire to take open-ended discovery is particularly critical at the outset for the municipal defendants, who have a number of immunities from suit that they will raise should the Court deny their Rule 8 Motion to Dismiss,[3] including but not limited to: (1) sovereign immunity; (2) quasi-judicial immunity; (3) legislative immunity; and (4) qualified immunity. By way of brief illustration: the state law claims asserted against the Towns of Carver and Plymouth are barred by sovereign immunity, see M.G.L. c. 258, §§ 4 & 10(c); legislative immunity bars any claims against Germain in his individual capacity for any conduct occurring at or during Town Meeting, see, e.g., Bogan v. Scott-Harris, 523 U.S. 44, 52 (1998); qualified immunity bars claims against the municipal official defendants (Germain, Gray, Cavacco, and Main), see, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); and quasi-judicial immunity bars claims against Gray arising from his role and conduct as a member of the Carver ZBA, see, e.g., Diva's Inc. v. City of Bangor, 411 F.3d 30, 41 (1st Cir. 2005).

This Court has broad discretion to stay discovery pending its resolution of a motion to dismiss. See Jakuttis v. Town of Dracut, 656 F. Supp. 3d 302 (D. Mass. 2023) (Woodlock, J.) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). This District has acknowledged that it is appropriate to defer discovery until pending questions that could dispose of the case are determined by the court. See Keinerman v. United States Postal Service, 100 F.R.D. 66, 68 (D. Mass. 1983) (Freedman, J.) (dicta); see also Landry v. D'Alessandro, 316 F. Supp. 2d 49, 55 (D. Mass. 2004) (Keeton, J.) (court stayed discovery pending decision on motion to dismiss, generally). Certainly, discovery could be stayed on this basis alone. In this case, however, there

[3] If the Court grants the municipal defendants' Rule 8 Motion to Dismiss and Sheehan re-pleads, it is likely that the municipal defendants will assert these same immunities in response to a more streamlined, less prolix pleading. The municipal defendants expressly reserve their rights to do so and nothing asserted herein should be interpreted as a waiver or relinquishment of any of those immunities.

are questions of immunity that further warrant a stay of discovery until the dispositive motions are decided.

The Supreme Court has been quite clear that Courts should resolve issues of immunity from suit "at the earliest possible stage in litigation" and, if possible, before discovery. Hunter v. Bryant, 502 U.S. 224, 227 (1991); accord Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) (one purpose of qualified immunity is "to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." Where discovery is permitted, it must "be tailored specifically to the question of [the official's] qualified immunity"); Est. of Rahim by Rahim v. Doe, 51 F.4th 402, 411 (1st Cir. 2022) (reversing district court's conclusion that "consideration of the 'clearly established' prong of the qualified immunity defense was premature before discovery."); Disessa v. O'Toole, No. 1:20-CV-10704-IT, 2021 WL 2018934, at *4 (D. Mass. May 20, 2021) (Talwani, J.) ("A qualified immunity defense may thus be asserted on a motion to dismiss where the allegations of the complaint fail to state a plausible claim for relief, and if successful, may thereby avoid discovery altogether."). This is so because immunity from suit "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." Behrens v. Pelletier, 516 U.S. 299, 308 (1996) (quotation omitted). The same is true for immunity from suit as to the state law claims asserted against the municipal defendants. See, e.g., Brum v. Town of Dartmouth, 428 Mass. 684, 688 (1999) (denial of sovereign immunity from suit under the Massachusetts Tort Claims Act is entitled to immediate interlocutory appeal); Greenwood v. Easton, 444 Mass. 467, 468 n.3 (2005) ("It is important to determine immunity issues early to protect . . . government agencies from unwarranted disruption and harassing litigation"). Thus, there should be *no* substantive discovery

taken of the municipal defendants unless and until this Court resolves their forthcoming immunities from suit.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Town of Carver, MA, Town of Plymouth, MA, Alan G. Germain, Stephen G. Gray, Betty Cavacco, and Michael Main respectfully request that this Honorable Court **DENY** the plaintiff's Motion For An Expedited Rule 16 Conference And Scheduling Order Or, Alternatively, For An Order That Defendants Promptly Participate In A Rule 26(f) Conference And Submission Of A Report. [ECF No. 41].

Respectfully submitted,

The Defendants

TOWN OF CARVER, MA,
ALAN G. GERMAIN, and
STEPHEN G. GRAY,

By their attorneys,

**PIERCE, DAVIS & PERRITANO LLP**

*/s/ Justin L. Amos*

Adam Simms, BBO # 545191
Justin Amos, BBO # 697232
10 Post Office Square, Suite 1100N
Boston, MA 02109
617-350-0950
asimms@piercedavis.com
jamos@piercedavis.com

The Defendants,

TOWN OF PLYMOUTH, MA,
BETTY CAVACCO, and
MICHAEL MAIN,

By their attorneys,

**LOUISON, COSTELLO, CONDON & PFAFF, LLP**

*/s/ Joseph A. Padolsky*

Douglas I. Louison, BBO # 545191
Joseph A. Padolsky, BBO # 679725
10 Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305
(617) 439-0325 facsimile
dlouison@lccplaw.com
jpadolsky@lccplaw.com

**CERTIFICATE OF SERVICE**

I, hereby certify that on December 19, 2024, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic copies will be sent to those indicated as non-registered participants as listed below:

Joan A. Lukey, Esq.
Justin J. Wolosz, Esq.
**MANATT, PHELPS & PHILLIPS**
One Beacon Street, Suite 28-200
Boston, MA 02108
(617) 646-1448
JLukey@manatt.com
JWolosz@manatt.com
*Counsel for the plaintiff*

Geoffrey M. Raux, Esq.
Miranda Curtis, Esq.
Lea Gulotta James, Esq.
**FOLEY & LARDNER LLP**
111 Huntington Avenue, Suite 2500
Boston, MA 02199
(617) 342-4000
graux@foley.com
mcurtis@foley.com
ljames@foley.com
*Counsel for defendants A.D. Makepeace Company & James F. Kane*

Douglas I. Louison, Esq.
Joseph A. Padolsky, Esq.
**LOUISON, COSTELLO, CONDON & PFAFF, LLP**
Ten Post Office Square, Suite 1330
Boston, MA 02109
617-439-0305
dlouison@lccplaw.com
jpadolsky@lccplaw.com
*Counsel for defendants Town of Plymouth, Betty Cavacco, & Michael Main*

Edward C. Cooley, Esq.
Abigail C. Leighton, Esq.
**GIARRUSSO, NORTON, COOLEY & MCGLONE, P.C.**
308 Victory Road
Quincy, MA 02171
(617) 770-2900
ecooley@gncm.net
aleighton@gncm.net
*Counsel for defendants SLT Construction Corporation & Peter Opachinski*

*/s/ Justin L. Amos*
Justin L. Amos, BBO #697232