UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br><br>*Plaintiff,*<br><br>v.<br><br>TOWN OF CARVER, MA, TOWN OF PLYMOUTH, MA, ALAN G. GERMAIN, STEPHEN G. GRAY, BETTY CAVACO, MICHAEL MAIN, A.D. MAKEPEACE COMPANY, JAMES F. KANE, SLT CONSTRUCTION CORPORATION, PETER OPACHINSKI,<br><br>*Defendants.* | Civil Action No. 1:24-cv-12347-ADB |

**OPPOSITION OF DEFENDANTS SLT CONSTRUCTION CORPORATION AND PETER OPACHINSKI TO PLAINTIFF'S MOTION FOR EXPEDITED RULE 16 CONFERENCE**

The defendants, SLT Construction Corporation ("SLT") and Peter Opachinski, file this memorandum in opposition to plaintiff's motion for an expedited Rule 16 scheduling conference or an order for a Rule 26(f) conference, and in support of their motion to stay discovery. As grounds in support hereof, and as set forth more fully below, permitting plaintiff to begin discovery while *every* defendant has a dispositive motion pending, would be a burdensome waste of resources for this Court and the parties. Additionally, and contrary to plaintiff's strained argument, there is ample authority for the proposition that this Court may and should, deny plaintiff's motion.

## PROCEDURAL BACKGROUND

One week after the complaint in this action was filed, the plaintiff filed an unopposed, emergency motion seeking leave to obtain discovery from third-party Internet Service Providers and platforms (i.e., Meta Platforms, Inc., d/b/a Facebook ("Meta"); X Corp. f/k/a Twitter ("X"); Google LLC d/b/a YouTube ("YouTube"); and Proton AG d/b/a Proton Mail ("Proton Mail")) to identify certain John/Jane Does who were, allegedly, operating anonymous social media accounts which contain comments critical of Sheehan. [ECF No. 5-6]. The motion was granted on October 15, 2024 [ECF No. 26] and plaintiff has received responsive documents from at least one third-party – although she has not produced copies of those documents to the defendants as the rules clearly require.

Each of the defendants has filed a motion to dismiss which would be thoroughly dispositive of the case. [Municipal Defs., ECF No. 27-29; A.D. Makepeace Company and James F. Kane, [ECF No. 33-34]; Peter Opachinski and SLT, ECF No. 43-44]. Plaintiff has filed an opposition to each motion and the parties now await hearing dates.

### A. Inherent in this Court's Power is the Ability to Stay Discovery Under R. 16 and Such a Stay is Necessary to Conserve Judicial Resources in These Circumstances.

Contrary to plaintiff's assertion that defendants' resistance to a scheduling order is "contrary to law" (Plaintiff's Memorandum in Support of Motion for Rule 16 Conference, p.1), motions to compel Rule 26(f) or Rule 16 conferences are frequently denied when motions to dismiss are pending. See Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015); Contentguard Holdings, Inc. v. ZTE Corp., No. 12CV1226-CAB (MDD), 2013 WL 12072533, at *1 (S.D. Cal. Jan. 16, 2013); Azco Biotech Inc. v. Qiagen, N.V., No. 12-CV-2599-BEN DHB, 2013 WL 3283841, at *1 (S.D. Cal. June 26, 2013); M.G. through Garcia v. Scrase, No. CV 22-325 MIS/GJF, 2022 WL 5242610, at *5 (D.N.M. Oct. 6, 2022). This is especially so "'while a

motion that would be thoroughly dispositive of the claims in the Complaint is pending.'" Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) citing Institut Pasteur v. Chiron Corp., 315 F.Supp.2d 33, 37 (D.D.C.2004).

Moreover, although defendants had not previously filed motions to stay discovery, "Federal courts exercising their discretionary authority under Rule 16 routinely stay discovery[1] *sua sponte*." M.G. through Garcia v. Scrase, No. CV 22-325 MIS/GJF, 2022 WL 5242610, at *2 (D.N.M. Oct. 6, 2022) citing Order Finding Good Cause to Delay Scheduling Order, at 1, Bessios v. Pueblo of Pojoaque, Civ. No. 22-266 (D.N.M. May 5, 2022) and Order Staying Discovery, at 1, Dixon v. Stone Truck Line, Inc. et al., Civ. No. 19-945 (D.N.M. April 21, 2020) (same). This authority is "incidental to the power *inherent in every court* to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. citing Doe v. Jones, 762 F.3d 1174, 1178 (10th Cir. 2014) (emphasis added)). In fact, far from restricting courts, "[t]he Advisory Committee on Rules built and restructured Rule 16 around the Committee's understanding that effective case management required leaving courts wide berth to adapt discovery to each case's idiosyncrasies." Id. "…Rule 16 recognizes good cause in staying discovery pending the resolution of a dispositive motion. Doing so conserves parties' financial resources and already sparse judicial resources—an undeniably meritorious reason." Id. at 4.

In this action, defendants SLT, Mr. Opachinski, James F. Kane, and A.D. Makepeace Company all have pending motions to dismiss all claims against them in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Municipal Defendants have moved to dismiss the Complaint for

[1] The Municipal Defendants have filed a motion to stay discovery [ECF No. 47] in conjunction with their opposition to the plaintiff's present motion. SLT and Mr. Opachinski have also filed a motion to stay discovery in conjunction with this opposition.

failure to comply with Fed. R. Civ. P. Rule 8 or to have plaintiff file an amended Complaint that would be Rule 8 compliant. Plaintiff's motion does not restrict the discovery she requests to nonparty discovery, but rather seeks to open discovery as to all parties before the scope of the Complaint has been adequately established through motion practice. Therefore, plaintiff would be pursuing potentially unnecessary and costly discovery at the expense of the parties for no benefit.

Against the backdrop of these pending motions, it is indisputable that staying discovery until these motions are resolved "'is an eminently logical means to prevent wasting time and effort of all concerned, and to make the most efficient use of judicial resources.'" Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) citing Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001). Doing so "reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources." In re Outlaw Lab'ys, LP Litig., No. 18CV840 GPC (BGS), 2020 WL 1674552, at *7–8 (S.D. Cal. Apr. 6, 2020) citing In re Morning Song Bird Food Litig., No. 12CV1592 JAH (RBB), 2013 WL 12143948, at *3 (S.D. Cal. Apr. 3, 2013).

Based on the foregoing, this Court should deny plaintiff's motion and stay discovery pending resolution of the pending motions to dismiss.

**B. Plaintiff Failed to Justify the Need for Additional Discovery.**

It is important to note that during the Local Rule 7.1 conference regarding the plaintiff's motion, the defendants informed the plaintiff that they did not object to the plaintiff pursuing further discovery (or enforcement of existing discovery requests) from the third-party Internet Service Providers and platforms. Beyond such third-party discovery, however, the plaintiff has

not offered any justification for opening what will surely be burdensome and expensive discovery of the parties.

Plaintiff alludes to the necessity of obtaining "follow up discovery" to subpoenas issued to Meta, X, and Google. Plaintiff essentially complains that the only information she gained from the subpoenas served on these entities was the discovery of further anonymous email accounts. It is, however, unclear how additional discovery would remedy this issue, since plaintiff admits that any discovery efforts to Proton Mail (the email server identified by plaintiff) has been "set aside for now" given the complicated and costly means involved in serving this Switzerland company.

Plaintiff also argues that "delay benefits Defendants here, and places Plaintiff at risk" but has not identified the scope of the risk or how it might materialize. Like the complaint in this case, plaintiff's motion is long on adjectives and characterizations and short on facts. Relying on nothing more than her own hunch, she states that the John Doe defendants may include one of the named parties in this action. Although there is no evidence to support this hunch, even if it were true, plaintiff has not stated why information related to anonymous email addresses would be lost.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's Motion For An Expedited Rule 16 Conference And Scheduling Order Or, Alternatively, For An Order That Defendants Promptly Participate In A Rule 26(f) Conference And Submission Of A Report should be denied.

Respectfully submitted,
SLT CONSTRUCTION CORPORATION
and PETER OPACHINSKI,
By their counsel,

*/s/Edward C. Cooley*

Edward C. Cooley, BBO# 550117
ecooley@gncm.net
Abigail C. Leighton, BBO# 707299
aleighton@gncm.net
GIARRUSSO, NORTON, COOLEY
& McGLONE, P.C.
308 Victory Road
Quincy, MA 02171
Tel: (617) 770-2900
Fax: (617) 773-6934

**CERTIFICATE OF SERVICE**

I, Abigail Leighton, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Abigail C. Leighton*
Abigail C. Leighton

Dated: December 23, 2024