UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br><br>Plaintiff,<br>v.<br><br>TOWN OF CARVER, MA,<br>TOWN OF PLYMOUTH, MA,<br>ALAN G. GERMAIN, STEPHEN G. GRAY,<br>BETTY CAVACCO, MICHAEL MAIN,<br>A.D. MAKEPEACE COMPANY,<br>JAMES F. KANE,<br>SLT CONSTRUCTION CORPORATION,<br>and PETER OPACHINSKI,<br><br>Defendants. | No. 1:24-CV-12347-ADB |

**JAMES F. KANE AND A.D. MAKEPEACE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXPEDITED RULE 16 CONFERENCE AND SCHEDLING ORDER OR, ALTERNATIVELY, FOR AN ORDER THAT DEFENDANTS PROMPTLY PARTICIPATE IN A RULE 26(F) CONFERENCE AND SUBMSSION OF A REPORT**

Defendants James F. Kane and the A.D. Makepeace Company (collectively, the "Makepeace Defendants") hereby submit this opposition ("Opposition") to Plaintiff Margaret Sheehan's Motion for an Expedited Rule 16 Conference and Scheduling Order or, Alternatively, for an Order that Defendants Promptly Participate in a Rule 26(f) Conference and Submission of a Report (ECF No. 41, the "Motion"). In support of this Opposition, the Makepeace Defendants state as follows:

1. On September 12, 2024, Plaintiff filed the Complaint in this action. ECF No. 1.

2. The Complaint brought allegations against certain John and Jane Does, who supposedly made online posts about Plaintiff under anonymous accounts.

3. On September 19, 2024, without opposition from any party, Plaintiff filed an emergency motion seeking discovery of certain non-parties to find the individuals associated with these anonymous posts. ECF Nos. 5-6. The emergency motion was granted on October 15, 2024 (ECF No. 26), and Plaintiff proceeded to serve discovery on the non-parties.

4. On November 14, 2024, the Makepeace Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 33-34. If granted, the motion to dismiss would dispose of all claims asserted against the Makepeace Defendants in this lawsuit.

5. The other defendants in this lawsuit have also filed fully dispositive motions to dismiss. *See* ECF Nos. 27-29; ECF Nos. 43-44.

6. Despite these outstanding motions, Plaintiff now seeks to conduct discovery of the existing parties to this case, including the Makepeace Defendants. Plaintiff argues that this discovery is necessary to identify the John and Jane Does responsible for the anonymous online posts. However, Plaintiff's request is not limited to discovery on this discrete issue; instead, she asks the Court to fully open discovery of the current parties.

7. Opening discovery while the defendants' dispositive motions are pending is unnecessary and would result in avoidable expense in the event any of the motions are granted.

8. As Plaintiff herself notes, Fed. R. Civ. P. 1 provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and ***inexpensive*** determination of any action and proceeding." (emphasis added). Where, as here, there are pending motions to dismiss, filing initial disclosures and holding a Rule 26(f) conference is premature, as it undermines the directive that cases should be resolved without unnecessary expense to the parties. *See, e.g.*, *Glennie v. Garland*, No. CV 21-231JJM, 2022 WL 1801040, at *3-4 (D.R.I. June 2, 2022) ("With serious motions to dismiss pending, the Court

finds that it is premature to begin discovery in this case . . ."); *see also Landry v. D'Alessandro*, 316 F. Supp. 2d 49, 55 (D. Mass. 2004) (noting that the court granted a motion to stay discovery while motions to dismiss were pending); *Jakutis v. Town of Dracut*, 656 F. Supp. 3d 302, 316 (D. Mass. 2023) (court stayed discovery pending resolution of motion to dismiss) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

9. Courts in other jurisdictions agree that it is not appropriate to begin discovery on the parties when there is the potential that motions will alter the pleadings or obviate them entirely. *See, e.g.*, *Yagman v. Garcetti*, No. CV2002722DMGJEMX, 2020 WL 8125658, at *1 (C.D. Cal. Sept. 3, 2020) ("Plaintiff may not force a Rule 26(f) conference unilaterally."); *Sw. Invs. Grp. LLC v. Lismore Holdings, LP*, No. 15-CV-1028-A, 2016 WL 4054927, at *13 (W.D.N.Y. June 30, 2016), *report and recommendation adopted*, 2016 WL 4014471 (W.D.N.Y. July 27, 2016) (initial disclosures were premature given motion practice in the action); *Zaval v. Kruse-W., Inc.*, No. 119-cv-00239-DAD-SKO, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) ("It is equally not practicable to order Defendants to participate in a Rule 26(f) conference at this stage of the proceedings. Defendants' motion challenges the sufficiency of the complaint and may result in changes to the operative pleading.").

**WHEREFORE**, the Makepeace Defendants respectfully request that this Court deny the Motion and issue an order directing that discovery against the parties may not proceed until a ruling has issued on the pending dispositive motions.[1]

[1] The Makepeace Defendants have not joined the cross-motion for a stay of discovery that was filed on December 19, 2024. ECF No. 47. It is the position of the Makepeace Defendants that discovery against the parties has not been opened—therefore, the applicable question is whether discovery should begin, not whether it should be stayed. However, to the extent the Court believes a stay is appropriate or necessary, the Makepeace Defendants assent to the relief sought in the cross-motion.

Dated: December 23, 2024
Boston, Massachusetts

Respectfully submitted,

A.D. MAKEPEACE COMPANY
and JAMES F. KANE

By their attorneys,

*/s/ Geoffrey M. Raux*

Michael R. Pontrelli (BBO # 549194)
Geoffrey M. Raux (BBO # 674788)
Lea Gulotta James (BBO # 705421)
Miranda Curtis (BBO # 709084)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Phone: 617-342-4000
Fax: 617-342-4001
mpontrelli@foley.com
graux@foley.com
ljames@foley.com
mcurtis@foley.com

**CERTIFICATE OF SERVICE**

I, Lea Gulotta James, hereby certify that the foregoing was filed on December 23, 2024 through the ECF filing system and will be sent electronically to all counsel of record identified as registered participants on the associated Notice of Electronic Filing.

*/s/ Lea James*
Lea Gulotta James