FOLEY
FOLEY & LARDNER LLP

111 HUNTINGTON AVE
SUITE 2500
BOSTON, MA 02199-7610
617.342.4000 TEL
617.342.4001 FAX
FOLEY.COM

WRITER'S DIRECT LINE
617.502.3284
graux@foley.com

CLIENT/MATTER NUMBER
117523-0111

February 26, 2025

The Honorable Allison D. Burroughs
U.S. District Court for the District of Massachusetts
John J. Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

**RE: *Sheehan v. Town of Carver, et al.*, 1:24-cv-12347-ADB**

Dear Judge Burroughs:

Plaintiff's letter request and discovery efforts are inconsistent with this Court's instructions at the January 30, 2025 Status Conference (the "Status Conference"). The concern raised at the Status Conference was the preservation of "ephemeral data," specifically, information held by third parties that might be lost or destroyed during the pendency of the Rule 12 motions Defendants have filed. The Court stated that it was "concerned about preserving the electronic information that is ephemeral," and "would like to sort of figure out a way to make sure that [Plaintiff] preserves what she wants preserved to give us breathing room on the 12(b)(6) motions while we wait for the towns to brief." Transcript of Status Conference ("Transcript") at 11:9-10; 12:6-9. The Court permitted Plaintiff to ask "discrete questions" aimed at preserving data and asked the Parties to work together in that regard. The Court made clear, however, that party discovery was stayed. *See id.* at 25:12-15 ("I'm going to essentially stay discovery until we rule on the motions to dismiss with the understanding that I want people to help her, to the extent possible, ensure that the IP, ISP third-party computer-related information is preserved."). Plaintiff was not permitted to serve discovery requests seeking admissions and other information that was not related to the preservation of ephemeral data. As the Court stated clearly: "I'm not talking about interrogatories. I'm not talking about depositions. I'm not talking about incurring significant costs on any discovery that can't be done after I rule on the motions to dismiss. I'm concerned about the computer, digital information." *Id.* at 29:11-15.

Plaintiff did not follow the Court's instruction. A collaborative process was not pursued. Instead, Plaintiff sent a set of questions she unilaterally constructed—which were really just Requests for Admissions without the title. Counsel to the Makepeace Defendants responded three days after receiving the questions, on February 6, 2025, stating that we were willing to confer, including on whether there were "other proposals to address the issues…raised [in Plaintiff's correspondence] while still respecting the court's position that we are not yet commencing party discovery." A meet and confer was not held until February 25, 2025. At that time, counsel to the Makepeace Defendants explained that it was willing to continue to work together to take reasonable steps to ensure the preservation of ephemeral data. Counsel noted that the Makepeace Defendants had already taken additional steps since the Status Conference to

reinforce prior preservation notices to make clear to personnel that the obligation to preserve extended beyond Company data, documents, and computers, and included personally held information, including computer data on personal accounts. Given that the Company does not have possession, custody, or control over such personal data and accounts of employees, there is a limit to what the Company can do beyond what it has already done. But the Makepeace Defendants are willing to continue to explore other steps that can be taken.

Instead of pursuing further discussion about the preservation of ephemeral data, Plaintiff filed her letter request insisting that the Makepeace Defendants be required to conduct the internal investigation she has demanded and answer the requests for admission she has posed. The justification for this request has nothing to do with the preservation of ephemeral data. It is for Plaintiff to "have the identity of all possible John Does before filing the motion for leave to amend the Complaint in order to avoid the need for a subsequent motion." ECF No. 72 at 2. In other words, Plaintiff is simply interested in pursuing discovery to identify additional parties to add to the lawsuit. The Makepeace Defendants do not believe that this is what the Court authorized at the Status Conference, and do not believe this is an efficient way to proceed in the litigation. The anticipated motion for leave to amend is not aimed at streamlining the Complaint or curing the legal deficiencies identified in the pending Rule 12 motions. Resolving the pending Rule 12 motions will help determine what viable claims exist. Conducting discovery and adding new parties can be done, as necessary and appropriate, at that time.

The recent development with respect to the apparent involvement of one of Makepeace's employees does not change that. If anything, the facts and circumstances around that development demonstrate that the Makepeace Defendants have been cooperative and forthcoming. Makepeace and one of its employees received correspondence from Comcast dated January 28, 2025 indicating that one IP address identified in the non-party subpoenas it had received from Plaintiff was associated with Makepeace and another IP address was associated with one of Makepeace's employees. The undersigned was in the middle of trial in the District of Delaware at the time that the letters were received. Approximately one week after returning, copies of the letters were sent to Plaintiff's counsel. Counsel identified the Makepeace employee and disclosed his potential involvement in certain social media posts, and further noted that Makepeace was actively assessing the situation and suggested a meet and confer. At the conference, counsel to the Makepeace Defendants noted that its assessment was still ongoing, but, at this time, it understood that only a single employee was involved. That employee had retained separate counsel, who was identified to Plaintiff.

Plaintiff's insinuation that Makepeace is being obstructionist is unwarranted. Her forthcoming motion for immediate discovery, **including depositions of outside counsel and Makepeace's CEO**, is also unwarranted. Makepeace disclosed the involvement of one of its employees soon after discovering it. It represented that it was still actively assessing the situation and it offered to consider making disclosures as to what it learns regarding the only pseudonym Plaintiff claims is still unknown ("T.J. Strongbow") in order to avoid motion practice. Plaintiff wants to exploit this development for more. The Makepeace Defendants will oppose her motion to do so.

Sincerely,

*/s/ Geoffrey M. Raux*
Geoffrey M. Raux

cc: All counsel of record