UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br>Plaintiff, | ) |
| VS. | ) C.A. NO. 1:24-cv-12347-ABS |
| TOWN OF CARVER, MA,<br>TOWN OF PLYMOUTH, MA,<br>ALAN G. GERMAIN, STEPHEN G. GRAY,<br>BETTY CAVACCO, MICHAEL MAIN,<br>A.D. MAKEPEACE COMPANY, JAMES F. KANE,<br>SLT CONSTRUCTION CORPORATION, and<br>PETER OPACHINSKI,<br>Defendants. | ) |

**MUNICIPAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY FOR LIMITED PURPOSE [ECF NO. 74]**

At the January 30, 2025, hearing, plaintiff's counsel asked this Court to permit her to conduct limited and informal discovery for two specific purposes: (1) preserving "ephemeral data"; and (2) identifying the person or persons behind four anonymous social media accounts. To that end, the Court permitted plaintiff's counsel to send limited and targeted questions to defense counsel to be asked of certain identified parties. The Municipal Defendants and the SLT Defendants responded to the questions plaintiff's counsel conveyed, but according to her the Makepeace Defendants did not. [ECF No. 72]. To that end, plaintiff's counsel availed herself of the very process this Court set out during the January 30, 2025, hearing; namely, filing a letter with the Court seeking guidance on whether the questions she posed to the Makepeace Defendants are consistent with this Court's order. [ECF No. 68 at 38:12-18]. The Municipal Defendants take no position on plaintiff's counsel' Letter or the SLT Defendants' Response Letter.[1]

[1] The Municipal Defendants' would be remiss if they did not raise a wholly separate, yet far more consequential matter, namely plaintiff's invocation of diversity jurisdiction to prosecute her Complaint in this Court, although her Civil Action Cover Sheet claimed that jurisdiction was based

In disregard for process directed by the Court and agreed to by all parties including the plaintiff, plaintiff has reverted to once again asking for the opening of discovery.[2] Not only is plaintiff seeking to again open discovery, but also she asks this Court to bless a fishing expedition by way of deposing Makepeace's in-house and outside counsel to assess their use or suspected use of anonymous social media accounts. The Court expressly forbid precisely what plaintiff seeks in this Motion:

> THE COURT: I'm aiming at ephemeral information. That's what I'm aiming at, not something that can be picked up in a deposition or interrogatory later because it's historical and it's not changing. I'm interested in her [plaintiff] being able to preserve what she wants to preserve for the case to go forward. . . .
>
> I'm not anticipating interrogatories at all. I'm looking at an informal exchange of information. If you guys want to do it differently, if you decide amongst yourselves that I'm too old-school to actually think that you can just communicate with each other and get this done, that's fine. But what I'm thinking is just an informal exchange of information so that she can figure out who the right parties are, if there are other ISPs or internet providers that she needs to subpoena to make sure that they've preserved information that needs to be preserved, like who is connected with a particular ISP or internet address.

[ECF No. 68 at 31:4-8 & 11-21]. Plaintiff's proposed discovery is not aimed at preserving "ephemeral information." Nor does it appear to be solely for the purpose of identifying the John Does—to that point, plaintiff's counsel admitted during the course of the Local Rule 7.1

---

on a federal question. [*Compare* Doc. No. 1 at ¶ 1 *with* Doc. No. 1.1]. At the January 30, 2025, hearing, plaintiff's counsel conceded that her client has no monetary damages. Moreover, the Supreme Court has held that injury to reputation alone is not sufficient to maintain a Section 1983 claim. Paul v. Davis, 424 U.S. 693, 700–701 (1976). Hence, as a jurisdictional prerequisite to pursuing her federal claims here, plaintiff must establish that her purported emotional distress-related damages equal or exceed $75,000. The Municipal Defendants submit that this issue should be addressed by the Court at its earliest convenience and that, if any discovery is allowed at this stage of the case, then it should be solely directed at plaintiff establishing this jurisdictional threshold.

[2] This type of serial litigation not only rebukes the Court's January 30, 2025 Orders [Doc. No. 66, 67], but it explains how the case has eighty (80) docket entries prior to resolution of the Rule 12 motions to dismiss.

conference on this Motion that she actually knows the identify of all the John Does except for the person(s) pretending to be Tim Westover.[3] Thus, plaintiff's Motion does not simply seek discovery necessary to preserve "ephemeral data" or to identify the John Does. Rather, she seeks to conduct discovery in order to find a cause action. The rules do not permit this. See, e.g., Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 204 (3d Cir. 2006) (discovery is not "a fishing expedition in order to find a cause of action."); United States v. Gen. Hosp. Corp., No. 15-CV-11890-ADB, 2018 WL 1586027, at *7 (D. Mass. Mar. 30, 2018) (Burroughs, J.) (noting that in fraud cases, "[t]he First Circuit and other courts in this district have since emphasized that what discovery might show is not an adequate substitute for pleading with particularity."); In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig., 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009) ("A plaintiff must adequately plead a claim before obtaining discovery, not the other way around."), *aff'd sub nom.* In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig. (8th Cir. Oct. 15, 2010); Optical Coating Laby., Inc. v. Applied Vision, Ltd., 1995 WL 150513, at *4 (N.D. Cal. Mar. 20, 1995) ("Discovery cannot, however, serve as a substitute for an adequate pleading, and cannot be used to launch a fishing expedition that may or may not subsequently substantiate an allegation of fraud that lacks any basis at the time it is plead.").

Indeed, the same justifications that led this Court to enter the discovery stay in the first place continue to apply in equal force, particularly as to the Municipal Defendants. They have now filed a Joint Motion to Dismiss that invoked numerous immunities from suit. [ECF No. 70–71]. The Supreme Court has been quite clear that questions of immunity from suit should be resolved "at the earliest possible stage in litigation" and, if possible, before discovery. Hunter v. Bryant,

[3] In the Local Rule 7.1 conference, plaintiff's counsel stated that she believes she knows the identity of the person responsible for the Tim Westover account.

502 U.S. 224, 227 (1991). This is so because immunity from suit "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." Behrens v. Pelletier, 516 U.S. 299, 308 (1996) (quotation omitted). The same is true for immunity from suit as to the state law claims asserted against the Municipal Defendants. See, e.g., Brum v. Town of Dartmouth, 428 Mass. 684, 688 (1999) (denial of sovereign immunity from suit under the Massachusetts Tort Claims Act is entitled to immediate interlocutory appeal); Greenwood v. Easton, 444 Mass. 467, 468 n.3 (2005) ("It is important to determine immunity issues early to protect . . . government agencies from unwarranted disruption and harassing litigation").

While plaintiff's present Motion does not seek leave to conduct discovery from the Municipal Defendants, her counsel conceded at the Local Rule 7.1 conference that she does not intend to limit her inquiry to preserving "ephemeral data" or discovering the identity of Tim Westover. Thus, the Municipal Defendants' counsel would be forced to prepare for and appear at these depositions, be prepared to object and, perhaps, examine witnesses themselves. Although plaintiff attempts to cloak this request as a "limited purpose" lifting of the stay, what she and her counsel intend to do is not limited at all.

Discovery was and remains premature. This Court should deny the Motion.[4]

[4] It should also be noted that plaintiff has made it clear that she intends to seek leave to file an Amended Complaint. As this Court observed at the January 31, 2025, hearing, plaintiff's existing complaint is "unwieldy." Be that as it may, an Amended Complaint will likely render null the several Motions to Dismiss already filed by the defendants. Along with the discovery that plaintiff now seeks, this will result in another round of briefing by the defendants and, together, repudiate the very premise of Fed.R.Civ.P. 1 (the rules should be interpreted and applied in order "to secure just, speedy, and inexpensive determination of every action and proceeding.").

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Town of Carver, MA, Town of Plymouth, MA, Alan G. Germain, Stephen G. Gray, Betty Cavacco, and Michael Main respectfully request that this Honorable Court enter an order **DENYING** the Motion To Lift Discovery Stay For Limited Purpose [ECF No. 74].

Respectfully submitted,

The Defendants

TOWN OF CARVER, MA,
ALAN G. GERMAIN, and
STEPHEN G. GRAY,

By their attorneys,

**PIERCE, DAVIS & PERRITANO LLP**

*/s/ Justin L. Amos*

Adam Simms, BBO # 545191
Justin Amos, BBO # 697232
10 Post Office Square, Suite 1100N
Boston, MA 02109
617-350-0950
asimms@piercedavis.com
jamos@piercedavis.com

The Defendants,

TOWN OF PLYMOUTH, MA,
BETTY CAVACCO, and
MICHAEL MAIN,

By their attorneys,

**LOUISON, COSTELLO, CONDON & PFAFF, LLP**

*/s/ Joseph A. Padolsky*

Douglas I. Louison, BBO # 545191
Joseph A. Padolsky, BBO # 679725
10 Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305
(617) 439-0325 facsimile
dlouison@lccplaw.com
jpadolsky@lccplaw.com

## CERTIFICATE OF SERVICE

I, hereby certify that on March 10, 2025, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic copies will be sent to those indicated as non-registered participants as listed below:

Joan A. Lukey, Esq.
Justin J. Wolosz, Esq.
**MANATT, PHELPS & PHILLIPS**
One Beacon Street, Suite 28-200
Boston, MA 02108
(617) 646-1448
JLukey@manatt.com
JWolosz@manatt.com
*Counsel for plaintiff*

Geoffrey M. Raux, Esq.
Miranda Curtis, Esq.
Lea Gulotta James, Esq.
**FOLEY & LARDNER LLP**
111 Huntington Avenue, Suite 2500
Boston, MA 02199
(617) 342-4000
graux@foley.com
mcurtis@foley.com
ljames@foley.com
*Counsel for defendants A.D. Makepeace Company & James F. Kane*

Douglas I. Louison, Esq.
Joseph A. Padolsky, Esq.
**LOUISON, COSTELLO, CONDON & PFAFF, LLP**
Ten Post Office Square, Suite 1330
Boston, MA 02109
617-439-0305
dlouison@lccplaw.com
jpadolsky@lccplaw.com
*Counsel for defendants Town of Plymouth, Betty Cavacco, & Michael Main*

Edward C. Cooley, Esq.
Abigail C. Leighton, Esq.
**GIARRUSSO, NORTON, COOLEY & MCGLONE, P.C.**
308 Victory Road
Quincy, MA 02171
(617) 770-2900
ecooley@gncm.net
aleighton@gncm.net
*Counsel for defendants SLT Construction Corporation & Peter Opachinski*

*/s/ Justin L. Amos*
Justin L. Amos, BBO #697232