UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br><br>*Plaintiff,*<br><br>v.<br><br>TOWN OF CARVER, MA, TOWN OF PLYMOUTH, MA, ALAN G. GERMAIN, STEPHEN G. GRAY, BETTY CAVACO, MICHAEL MAIN, A.D. MAKEPEACE COMPANY, JAMES F. KANE, SLT CONSTRUCTION CORPORATION, PETER OPACHINSKI,<br><br>*Defendants.* | Civil Action No. 1:24-cv-12347-ADB |

**OPPOSITION OF DEFENDANTS SLT CONSTRUCTION CORPORATION AND PETER OPACHINSKI TO PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY**

Defendants, SLT Construction Corporation ("SLT") and Peter Opachinski, oppose plaintiff's motion to lift the discovery stay entered by this Court on January 30, 2025, so that plaintiff can pursue fact discovery – relief that was specifically considered and rejected by this Court in its Electronic Order. See [ECF No. [67]].

On January 30, 2025, this Court entered an Electronic Order in the above captioned matter addressing both plaintiff's motion for expedited Rule 16 conference, [ECF No. [40]], and defendants' motions to stay discovery, [ECF No. [47], [51]]. The Electronic Order struck a balance between the plaintiff's desire to "preserve certain ephemeral information" and defendants' desire to avoid costly inter-party discovery pending resolution of the dispositive

motions that each defendant has filed. In that regard, the Electronic Order provides, in pertinent part, as follows:

> Discovery against Defendants is stayed until after this Court's ruling on Defendants' motions to dismiss. That said, non-party discovery is permitted to continue as needed, and Defendants are directed to respond to Plaintiff's discrete inquiries as necessary to preserve certain ephemeral information and facilitate non-party discovery. The parties may decide how that exchange of information is best accomplished. Any disputes regarding which inquiries are properly within the scope of this order may be brought before this Court. If such disagreements arise, the parties may put the issue before this Court by each sending letters, not to exceed 3 pages, outlining the dispute.

See [ECF No. [67]].

The plaintiff promptly attempted to invoke this Court sanctioned process by sending a series of written questions to the municipal defendants and the corporate defendants, including A.D. Makepeace. See [ECF No. [72-1]]. The questions went well beyond "discrete inquiries as necessary to preserve certain ephemeral information" and sought fact discovery regarding the identities of individuals whom the plaintiff seeks to add as parties. The plaintiff has acknowledged in her motion to lift the stay that this overreach was her objective.

Significantly, plaintiff also engaged in additional nonparty discovery and obtained all of the information she was seeking, other than the identity behind the profile T.J. Strongbow.

As previously asserted, SLT and Peter Opachinski do not object to limited non-party discovery to enable plaintiff to preserve the electronic information she thinks may be relevant but they are opposed to proceeding with inter-party depositions which can be used moving forward in this action and which will necessarily involve all parties and endless gray areas of permissible inquiry. Such an approach would only serve to negate the equitable and imminently sound basis on which this Court rested its January 30, 2025, Electronic Order.

## BACKGROUND

Plaintiff's Complaint in this action contains numerous allegations against the owner of the Facebook page, "Meg Costs Us Millions", the owner of the Twitter account "Exposing Meg Sheehan", Facebook profiles titled Rebecca Newhouse, John E. Walker, and T.J. Strongbow, a YouTube channel, and two Proton email accounts. See [ECF No. [1]]. In September 2024, plaintiff moved on an emergency basis to send several third-party subpoenas to the above-named platforms seeking the identities behind these pages and profiles. See [ECF No. [5]]. The Court allowed plaintiff to serve said third party subpoenas at that time. See [ECF No. [26]].

Subsequently, all of the defending parties filed dispositive motions. Following these filings, plaintiff sought to compel the beginning of inter-party discovery. See [ECF No. [40]]. Defendants opposed the beginning of discovery given the pending dispositive motions and the expense such discovery would entail. See [ECF No. [46, 50, 52]]. In its January 30, 2025, Electronic Order this Court agreed that beginning inter-party discovery was not efficient prior to a decision on the dispositive motions and therefore issued a stay but allowed the pursuit of "discrete inquiries as necessary to preserve certain ephemeral information and facilitate non-party discovery." See [ECF No. [67]].

The plaintiff and defendant, A.D. Makepeace, disagree over whether the inquiries are properly within the scope of the Electronic Order and have submitted that dispute to the Court for ruling in accordance with the process set forth in the Electronic Order. See [ECF No. [72-73]]. This Court has yet to rule on the submitted dispute, but in the meantime, plaintiff now seeks to depose several A.D. Makepeace employees and to lift the stay on inter-party discovery. SLT and Mr. Opachinski have no objection to plaintiff continuing the permitted limited *nonparty* discovery or to having this Court resolve the dispute regarding the so-called discrete inquiries but

oppose plaintiff's motion to lift the stay on inter-party discovery as entirely unnecessary, inefficient, and contrary to the Court's well-reasoned Electronic Order issuing the stay.

## ARGUMENT

Nothing has materially changed since this Court's January 30, 2025, Electronic Order which would justify opening discovery amongst the parties. In fact, all of the substantive reasons for defendants' previous motions to stay discovery remain intact: namely that "permitting plaintiff to begin discovery while *every* defendant has a dispositive motion pending, would be a burdensome waste of resources for this Court and the parties"; "plaintiff would be pursuing potentially unnecessary and costly discovery at the expense of the parties for no benefit"; and that "staying discovery until these motions are resolved 'is an eminently logical means to prevent wasting time and effort of all concerned, and to make the most efficient use of judicial resources.'" Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) citing Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001); See [ECF No. [50]].

Furthermore, the Electronic Order provided the plaintiff with a vehicle for obtaining relief from this Court and the plaintiff has initiated that process. To the extent that she disputes the responses, or lack thereof, by A.D. Makepeace, there is already a mechanism in place for this Court to address the dispute that does not entail allowing full blown depositions to begin. The plaintiff has supplied no compelling justification for deposing A.D. Makepeace employees and doing so would prejudice the remaining defendants who would have to appear and cross-examine these employees to preserve their rights while awaiting a decision on their pending dispositive motions. The proposed order that plaintiff attached to her motion also expands the areas of the limited discovery this Court previously allowed her, now seeking to inquire into who posted on the accounts regardless of the identities of the owners of the digital profiles, when and

how the witnesses became aware of the profiles, and whom was made aware of the activity on these accounts. These topics demonstrate that plaintiff's interest is not to preserve electronic information which could be lost before discovery begins. Indeed, none of this information is at risk of spoliation, nor has plaintiff alleged otherwise. In short, all of these topics should be dealt with only if the plaintiff's complaint survives dismissal.

Additionally, while plaintiff seeks to limit her own questioning of each witness to an hour, there are *ten* other parties entitled to question each deponent such that the depositions will likely not be the brief encounters that plaintiff attempts to portray. The plaintiff's requested relief is far outside of the reasonable bounds this Court established in its January 30, 2025 Electronic Order which balanced the interest of all parties and, accordingly, the plaintiff's motion should be denied.

## CONCLUSION

For the reasons set forth above, the defendants respectfully request that this Honorable Court deny plaintiff's motion to lift the discovery stay until this Court has resolved the pending dispositive motions.

Respectfully submitted,
SLT CONSTRUCTION CORPORATION
and PETER OPACHINSKI,
By their counsel,

*/s/Edward C. Cooley*

Edward C. Cooley, BBO# 550117
ecooley@gncm.net
Abigail C. Leighton, BBO# 707299
aleighton@gncm.net
GIARRUSSO, NORTON, COOLEY
& McGLONE, P.C.
308 Victory Road
Quincy, MA 02171
Tel: (617) 770-2900
Fax: (617) 773-6934

**CERTIFICATE OF SERVICE**

I, Edward C. Cooley, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Edward C. Cooley*
Edward C. Cooley

Dated: March 10, 2025