UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br><br>Plaintiff,<br>v.<br><br>TOWN OF CARVER, MA,<br>TOWN OF PLYMOUTH, MA,<br>ALAN G. GERMAIN, STEPHEN G. GRAY,<br>BETTY CAVACCO, MICHAEL MAIN,<br>A.D. MAKEPEACE COMPANY,<br>JAMES F. KANE,<br>SLT CONSTRUCTION CORPORATION,<br>and PETER OPACHINSKI,<br><br>Defendants. | No. 1:24-CV-12347-ADB |

**DEFENDANTS A.D. MAKEPEACE COMPANY AND JAMES F. KANE'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY FOR LIMITED PURPOSE**

In a brazen attempt to harass and intimidate, Plaintiff Margaret E. Sheehan asks this Court to reconsider its prior January 30, 2025 order ("Order") staying party discovery so that she can depose senior executives of Defendant A.D. Makepeace Company ("Makepeace"), including its Chief Executive Officer, James F. Kane ("Kane") (together with Makepeace, the "Makepeace Defendants"). Even more egregious is Plaintiff's request to depose Makepeace's outside counsel at Foley & Lardner LLP. Plaintiff does not attempt to show good cause or explain why the extraordinary measures sought in the Motion to Lift Discovery Stay (the "Motion") are necessary or could be justified. As a result, this Court should deny the Motion and maintain the current stay until dispositive motions are resolved.

In entering the current stay, this Court recognized that resolving dispositive motions before initiating discovery will promote judicial economy and preserve party resources insofar as resolving dispositive motions might limit the scope of this lawsuit or result in its dismissal. The rationale undergirding the Court's Order has not changed. The recent revelation that an employee of Makepeace might have been involved in some of the social media posts identified in the Complaint does nothing to alter the benefits rendered by a temporary stay of discovery. Indeed, the viability of the various causes of action asserted in the Complaint does not turn on the identity of the person(s) behind any of these posts. To the extent that some of Plaintiff's causes of action survive the pending Rule 12 motions, merits discovery can be pursued at that time—by ***all parties***, not just Plaintiff. There is no reason why unilateral discovery should be opened for Plaintiff now.

Plaintiff is wrong to suggest that her desire to uncover the identity of those behind the social media posts has somehow been prioritized by this Court and should, therefore, be carved out from the rest of merits discovery. Contrary to Plaintiff's suggestion, this Court permitted limited non-party discovery, not to pursue the merits, but to preserve "ephemeral data" that Plaintiff contended were at imminent risk of being destroyed. The discovery sought in the instant motion has nothing to do with the preservation of ephemeral data.

Finally, Plaintiff has not shown why she cannot obtain the information she is seeking through less invasive and harassing means than by deposing Makepeace's senior executives and outside counsel. It is hard to imagine any reason why Plaintiff would be entitled to depose Makepeace's outside counsel. Under First Circuit law, deposing a party's outside counsel requires a showing that the information sought is crucial to the case, is non-privileged, and that there are no other means to obtain it. Plaintiff does not come close to carrying this burden. Similarly,

deposing a corporate defendant's senior executives—especially without any showing that they have relevant knowledge—also presents a high burden that Plaintiff has not met.

For these reasons, as set forth more fully herein, Plaintiff's Motion should be denied.

## ARGUMENT

### I. This Court Should Not Reconsider Its Prior Order Staying Party Discovery

In requesting to lift the stay on party discovery, Plaintiff is essentially asking this Court to reconsider its prior Order and is thus subject to the exacting standards of a motion for reconsideration. *See* Order (ECF No. 67). Reconsideration is "an extraordinary remedy which should be used sparingly" and requires that the movant demonstrate "either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted). Plaintiff has not met this high bar.

Plaintiff purports to identify new evidence that she believes should cause the Court to reconsider its prior Order and allow her to take unilateral merits discovery. However, this "new evidence" does not impact the rationale behind the Order or otherwise justify a departure from it. The objective of the Court's prior Order staying party discovery was to allow limited non-party discovery to preserve ephemeral data while the Court considers which claims, if any, survive the pending motions to dismiss. This promoted judicial economy and the preservation of litigation resources by temporarily pausing party discovery until the scope of the lawsuit and/or its continuation could be determined.

The purported new evidence regarding the involvement of a Makepeace employee in some of the social media posts identified in the Complaint does not change the benefits rendered by a temporary stay. Plaintiff admits that she is not seeking depositions to preserve ephemeral data,

instead she is seeking unilateral merits discovery "to allow her to seek leave to amend her complaint." Mem. in Supp. of Pl.'s Mot. to Lift Discovery Stay for Limited Purpose (ECF No. 75) at 2. There is no reason she needs to do this now, before dispositive motions are decided.

Indeed, the new evidence uncovered by Plaintiff does not impact the viability of the Complaint or render the pending Rule 12 motions moot. This new evidence has no impact on the dispositive motions filed by the other defendants in this case, and it has no material impact on the Makepeace Defendants' motion to dismiss. The Makepeace Defendants' motion is centered on legal issues that are not impacted by the identity of any social media poster. By way of example, the Makepeace Defendants' motion explains how Plaintiff's constitutional claims fail because there is no causal connection between the alleged conduct, whether online or in person, and any deprivation of Plaintiff's constitutional rights at unrelated municipal hearings. Mem. in Supp. of Defs. James F. Kane & A.D. Makepeace Co.'s Mot. to Dismiss (ECF No. 34) ("MTD") at 8–9. Whether a Makepeace employee was involved in the alleged social media posts does not impact the legal causation analysis. Similarly, the Makepeace Defendants' motion demonstrates how Plaintiff has failed to state viable causes of action under 42 U.S.C. §§ 1983 and 1985 because, among other things, she has failed to show that Makepeace, as a private party, was a "state actor" for purposes of Section 1983 and has failed to show discriminatory animus necessary to support a violation of Section 1985. MTD at 9–11. None of these issues is impacted by the identity of those behind certain social media posts.

As a result, the temporary stay continues to serve the interests of judicial economy and conservation of party resources. The Court should not reconsider it.

## II. The Requested Discovery Will Not Avoid the Potential of Further Amendment

As Plaintiff has stated, she is not seeking unilateral merits discovery to preserve ephemeral data, but to gather information to aid in amending her Complaint. The unstated assumption is that, by taking this discovery, Plaintiff will gain knowledge of every person and every allegation she wishes to add to this lawsuit such that she will only need to amend once. But Plaintiff gives no explanation for why this would be so. There is no showing that the four individuals identified for deposition have personal knowledge of any of the issues about which Plaintiff wishes to depose them. More to the point, there is no showing that these four individuals have comprehensive knowledge such that Plaintiff will not learn the identity of any other potential defendant later in discovery. There is simply nothing to show that allowing Plaintiff to take unilateral merits discovery now will streamline this case in any meaningful way.

To the contrary, maintaining the current stay on party discovery will promote efficiency. If the claims advanced in the Complaint are dismissed, there may not be a need for amendment at all. Even if some portion of this sprawling case does survive, the Court's analysis in resolving the Rule 12 motions will help define the scope of the case going forward and will help guide Plaintiff in submitting any future amendment (which, of course, will require a motion for leave and demonstration of a lack of futility).

## III. Plaintiff's Requested Discovery Is Invasive and Harassing

Plaintiff has identified no good reason to depart from this Court's stay on party discovery and allow her to engage in unilateral merits discovery. Even if reconsideration of the stay were warranted on the basis of "new evidence" discovered by Plaintiff, she should not be permitted to take the four depositions she has requested. Written discovery to the parties, such as the "questions" that Plaintiff previously propounded following the Scheduling Conference (and which

are the subject of the separate letter briefing recently submitted, *see* ECF Nos. 72, 73), would be a more appropriate vehicle for obtaining the information she now seeks. Depositions of corporate management and outside counsel—especially under the current circumstances where there has been no showing that any of the requested deponents have personal knowledge of the issues being pursued—are ripe for "abuse or harassment." *See Gonzalez Berrios v. Mennonite Gen. Hosp., Inc.*, No. CV 18-1146 (RAM), 2019 WL 4785701, at *2, 6 (D.P.R. Sept. 30, 2019) (applying apex doctrine and denying attempt to depose hospital CEO).

Judges in this District and across the First Circuit have consistently rejected attempts to depose corporate leadership where the information sought can be obtained from a more convenient or less burdensome source. *See, e.g., Viscito v. Nat'l Plan. Corp.*, No. CV 3:18-30132-MGM, 2020 WL 4274721, at *3 (D. Mass. July 24, 2020) (granting motion to quash as to CEO and other officials where attempt to depose was "not proportional" and plaintiff failed to show officials had any "personal knowledge" or material information). In determining whether to permit a deposition of corporate leadership, courts consider (1) whether the executive has unique first-hand, non-repetitive knowledge of the facts at issue in the case, and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods. *Cellustar Corp. v. Sprint Sols., Inc.*, No. 19-01559 (GMM), 2024 WL 418140, at *4 (D.P.R. Feb. 5, 2024) (citing *Apple Inc. v. Samsung Elecs. Co., LTD*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)). Plaintiff does not claim that the Makepeace executives she seeks to depose, including its CEO, have unique, first-hand, and non-repetitive knowledge regarding the identity of individual behind certain social media posts, and Plaintiff has not shown that she has exhausted other less intrusive discovery methods.

Plaintiff's request to depose Makepeace's outside counsel at Foley & Larder LLP is even more problematic. It is well established that deposing an opponent's attorney—litigation and non-

litigation counsel alike—is disfavored due to negative effects on the attorney-client relationship, and should seldom be entertained. *See RP Mach. Enters., Inc. v. UPS Cap. Bus. Credit*, No. 05-CV-40200-FDS, 2006 WL 8458644, at *4 (D. Mass. Nov. 1, 2006) ("[C]ourts do not look favorably upon such attempts."); *Petrosyan v. Maserati N. Am., Inc.*, No. 19-12425-DJC, 2020 WL 8458123, at *2 (D. Mass. Nov. 18, 2020) (quoting *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 380–81 (D.D.C. 2011)) (depositions of opposing counsel stand to "disrupt the effective operation of the adversarial system by chilling the free and truthful exchange of information between attorneys and their clients"); *see also George P. Johnson Co. Hong Kong Ltd. v. L.E.K. Consulting LLC*, No. 1:20-CV-11269-NMG, 2022 WL 22902703, at *5 (D. Mass. Nov. 21, 2022) (denying attempt to depose defendant's general counsel as "perilous," "unavoidably fraught," and replete with "red flags"); *Bassett v. Tempur Retail Stores, LLC*, No. 22-CV-11127-NMG, 2024 WL 3416221, at *2 (D. Mass. July 15, 2024) ("Any time a deposition notice names an opposing party's counsel as the deponent, red flags go up. Although the Federal Rules of Civil Procedure do not specifically prohibit the deposition of a party's counsel, depositions of opposing counsel are generally disfavored."). Deposition of an opponent's attorney is permitted only in the rare circumstances in which (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *see also Abiomed Inc. v. Maquet Cardiovascular LLC*, No. 1:16-10914-FDS, 2017 WL 11625640, at *2 (D. Mass. Oct. 6, 2017 (observing federal courts often apply the Eighth Circuit's *Shelton* factors in assessing attempts to depose counsel); *Bank of Am., N.A. v. Barnes Hill, LLC*, No. 16-11583-DJC, 2018 WL 10247150, at *1 (D. Mass. July 26, 2018) (applying *Shelton* factors). Plaintiff does not even attempt to make the requisite showing as to Makepeace's outside counsel,

nor could she. Plaintiff has not shown that the information she seeks is crucial to her case. She has not demonstrated that outside counsel has any relevant personal knowledge or information, and she has certainly not demonstrated that any such information is not privileged. Finally, Plaintiff has not exhausted all other means of obtaining the information. For those reasons, the deposition of outside counsel should not be allowed.[1]

## RELIEF REQUESTED

**WHEREFORE**, the Makepeace Defendants respectfully request that this Court deny the Motion to Lift Discovery Stay for Limited Purpose.

Dated: March 14, 2025
Boston, Massachusetts

Respectfully submitted,

A.D. MAKEPEACE COMPANY
and JAMES F. KANE

By their attorneys,

*/s/ Geoffrey M. Raux*

Michael R. Pontrelli (BBO # 549194)
Geoffrey M. Raux (BBO # 674788)
Lea Gulotta James (BBO # 705421
Miranda Curtis (BBO # 709084)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Phone: 617-342-4000
Fax: 617-342-4001
mpontrelli@foley.com
graux@foley.com
ljames@foley.com
mcurtis@foley.com

[1] Under the Federal Rules of Civil Procedure, Plaintiff is entitled to one deposition per witness. Fed. R. Civ. P. 30(a)(2)(A)(ii). If Plaintiff, who insists on taking depositions at this premature stage, is permitted to proceed, she should be prohibited from taking additional depositions of those deponents in the future.

**CERTIFICATE OF SERVICE**

I, Lea G. James, hereby certify that the foregoing was filed on March 14, 2025 through the ECF filing system and will be sent electronically to all counsel of record identified as registered participants on the associated Notice of Electronic Filing.

*/s/ Lea G. James*
Lea G. James