UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARGARET SHEEHAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF CARVER, MA, et al., )<br>)<br>Defendant. )<br>) | Civil Action No. 24-12347-ADB |

ORDER ON DISCOVERY EVENT LIMITATIONS
[Docket No. 148]

November 18, 2025

Boal, M.J.

The parties have filed a letter requesting the Court's assistance to resolve certain disputes regarding the conduct of discovery in this case. Docket No. 148.[1] On November 17, 2025, this Court held a hearing on this matter. After careful consideration of the parties' positions, this Court rules as follows:

*Number Of Depositions That Plaintiff May Take*. The parties have been unable to agree on the number of depositions that Plaintiff[2] may take without leave of court. Docket No. 148 at

---

[1] On November 5, 2025, Judge Burroughs referred the matter to the undersigned. Docket No. 149.

[2] The parties have agreed to group the Defendants into four common interest groups for discovery purposes only: (1) Makepeace, James Kane, and Michael McVeigh; (2) SLT Construction Company and Peter Opachinski; (3) Town of Plymouth, Betty Cavacco, and Michael Main; and (4) Town of Carver, Stephen Gray, and Alan Germain. Docket No. 148 at 1. They had agreed that each group is entitled to ten depositions pursuant to Local Rule 26.1(c). Id. See L.R. 26.1(c) (limiting the number of depositions to ten per "group of parties with a common interest"). At the November 17, 2025, hearing, however, the Defendants clarified that they do not intend to actually take forty depositions in total. Rather, the total number of depositions for

1

1-2. Given that there are eleven defendants, this Court allows Plaintiff to take up to fifteen depositions.

*Deviation from Rule 30 Regarding the Length of the Depositions of Plaintiff and Mr. McVeigh*. Defendants collectively may depose Plaintiff for a total of ten hours with Plaintiff having the choice to elect whether to sit for ten hours in one day or to split the time between two days. This Court finds that Plaintiff has not sufficiently shown at this time that a deviation from the seven-hour limit is necessary for Mr. McVeigh's deposition.

*Deviation from Rule 30 Regarding the Length of Other Depositions*. This Court finds it is inappropriate to establish a blanket deviation from the seven-hour limit for other depositions. Counsel should coordinate where there is a potential risk of exceeding the seven-hour limit to share the time afforded by the rules and if any additional time is needed, counsel should confer and attempt to agree on a case-by-case basis.

*Multiple Parties Noticing The Same Deponent*. As stated above, the parties shall coordinate the depositions of parties and non-parties so that each party or non-party is not deposed more than once.

*Delaying McVeigh's Deposition Pending A Ruling On His Motion to Dismiss*. No delay is warranted, particularly as Mr. McVeigh will remain a witness regardless of the outcome of the pending motion. Plaintiff may depose Mr. McVeigh before Judge Burroughs has issued a ruling

---

all groups is likely to be closer to ten to fifteen depositions. To the extent possible, the parties shall coordinate the depositions of parties and non-parties so that each party or non-party is not deposed more than once.

on his motion to dismiss.[3]

      **So Ordered**.

                                            /s/ Jennifer C. Boal
                                            JENNIFER C. BOAL
                                            United States Magistrate Judge

---

[3] It appears that the parties have agreed that discovery other than McVeigh's deposition will proceed and not be stayed pending a ruling on the outstanding motions to dismiss. To the extent necessary, this Court rules that discovery will not be stayed while any motions to dismiss are pending.