UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br>*Plaintiff*,<br><br>v.<br><br>TOWN OF CARVER, MA, TOWN OF PLYMOUTH, MA, ALAN G. GERMAIN, STEPHEN G. GRAY, BETTY CAVACCO, MICHAEL MAIN, A.D. MAKEPEACE COMPANY, JAMES F. KANE, SLT CONSTRUCTION CORPORATION, and PETER OPACHINSKI,<br>*Defendants*. | C.A. NO. 1:24-cv-12347-ADB |

CARVER DEFENDANTS' OPPOSITION TO CLWC'S MOTION TO QUASH TOWN OF CARVER'S SUBPOENA TO PRODUCE DOCUMENTS

Preliminary Statement

Margaret Sheehan, now acting as counsel for Community Land and Water Coalition, formerly known as Save the Pine Barren's Inc. ("CLWC"), moves to quash the Carver Defendants' subpoena which seeks documents directly relevant to Sheehan's claims against the Defendants in this action. Ironically, in an action where Sheehan alleges false accusations were made against her, she now baselessly asserts that the Carver Defendants seek documents from CLWC solely to use in some other unidentified litigation against Sheehan. Sheehan also argues that the documents sought are not relevant to the instant action despite bearing directly on her claims of illegal sandmining and further that the production of those documents would be unduly burdensome. Yet, when the Carver Defendants attempted to obtain the documents from the relevant state agencies themselves—Sheehan moved for a protective order. Thus, it seems that Sheehan is not actually

concerned with relevance or burden but instead is merely seeking to deny the Carver Defendants access to exculpatory evidence. Accordingly, the motion should be denied.

1. The Carver Defendants Withdraw Requests 1, 4, 5, and 8.

At the outset, after having reviewed CLWC's Motion, the Carver Defendants are amenable to withdrawing Requests 1, 4, 5, and 8. The Carver Defendants note that this decision could have been reached earlier, and without motion practice, had CLWC actually held a conference pursuant to Local Rule 7.1, but Sheehan made no effort to do so.

2. The Documents Sought by way of Carver's Subpoena are Relevant to the Litigation.

Fed. R. Civ. P. 26(b)(1) provides:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the prosed discovery outweighs its likely benefit.

Here, the sought after documents are relevant to Sheehan's claims against the Defendants and their defenses to those claims. In this action, Sheehan alleges Carver "has a longstanding practice and unwritten policy . . . of protecting the landowners and operators where sand and gravel mining occurs, and the haulers of the mined sand and gravel." ECF No. 106, ¶ 124. She further alleges "[t]he unwritten policy extends to impeding concerned residents, and groups, and their advocate (usually Sheehan) in their efforts to oppose the sand mining industry through administrative and judicial proceedings." Id. In her Amended Complaint, Sheehan also identifies CLWC as a group challenging sand mining operations in Carver. See ECF No. 106, ¶ 42. Thus, Carver's Requests 2, 3, 6, and 7 seek documents relevant to this action, as any responsive documents in CLWC's possession which pertain to Carver or its employees will shed light on Sheehan's claim that Carver maintains the foregoing unwritten policy, including, but not limited to whether Carver impedes

groups, such as CLWC, in their efforts to oppose the sand mining industry. Furthermore, as Sheehan alleges the unwritten policy is manifested by Carver's attempt to thwart efforts to compel the sand mining industry to abide by municipal bylaws and state and federal law, any documents between state or federal agencies pertaining to Carver and its employees, or those in the sand mining industry are relevant to the claim.

Next, Request 9 seeks documents between CLWC and several individuals which specifically concern the individual municipal defendants. Similarly Request 10 seeks only documents which concern topics relevant to the litigation, specifically Sheehan's allegations of unlawful sandmining in Southeastern Massachusetts. The documents sought under in these requests are relevant to the litigation, as they are the same documents Sheehan had access to while levying her allegations against the Defendants. Furthermore, Sheehan asserts in the instant action that the Defendants have harmed her reputation and sought to destroy her credibility. However, these claims cannot be assessed if the Defendants are denied access to the documents in Sheehan and CLWC's possession while Sheehan made accusations that the Defendants engaged in illegal conduct. Indeed, if CLWC's documents reflect that Sheehan knowingly made false accusations against the Defendants, she can hardly argue that it was the Defendants' actions which harmed her reputation and credibility.

3. Carver's Subpoena is not Unduly Burdensome.

CLWC's assertion that only three of the ten requests include topics is wholly inaccurate. Requests 3 and 7 seek only documents or email communications between CLWC and state agencies, "which concern or relate to any former or current Carver or Plymouth official or employee (elected or appointed)." ECF No. 156-1 at 5-6. Request 9 seeks only documents or email communications between CLWC and seven individuals, which concern Stephen Gray, Alan

Germain, Betty Cavacco, or any other current or former Carver or Plymouth employee. ECF No. 156-1 at 6. Lastly, Requests 2, 6, and 10 carve out specific topics which Sheehan has made relevant to the litigation by levying accusations against the Defendants. The Carver Defendants have taken steps to tailor the requests to seek only documents relevant to the litigation and have made efforts to obtain what documents they can from other sources (though, as noted above, Sheehan takes issue with that as well). Accordingly, these requests are not unduly burdensome and CLWC should be required to comply with the subpoena.

4. <u>The Carver Defendants do not Improperly Conflate Sheehan and CLWC</u>.

Sheehan next argues that the Carver Defendants conflate her with CLWC for the purpose of the subpoena, however this is not so. CLWC and documents in its possession are independently relevant to this action as Sheehan identifies them as a group whose efforts to challenge sandmining Carver has allegedly impeded. The requested documents will speak directly to Sheehan's allegations about Carver's unwritten policy regarding sandmining, as well as Sheehan's allegations of unlawful sandmining. Furthermore, as Sheehan alleges that her First Amendment Rights *as an advocate* for CLWC were violated, the documents in CLWC's possession are relevant to Sheehan's claims against the Defendants on this basis as well.

Turning briefly to Sheehan's argument that the Carver Defendants are using the instant action as a vehicle to conduct discovery for some unidentified future litigation against her, it has no basis in fact. Sheehan has neither identified any existing litigation nor anticipated litigation which would support this unfounded charge. Instead, it appears she is simply throwing every accusation that she can against the Carver Defendants in an effort to distract from the likely truth—that Sheehan wants to deny the Defendants access to documents which may well undermine her accusations against the Carver Defendants here.

## Conclusion

Wherefore, the Carver Defendants respectfully submit that CLWC's motion to quash Town of Carver's Subpoena to Produce Documents should be denied together with such the relief as the Court deems just and proper.

Respectfully submitted,

The Carver Defendants,
TOWN OF CARVER, MA
ALAN G. GERMAIN
STEPHEN G. GRAY,
By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Cole S. Fahrenkopf*
Adam Simms, BBO #632617
Cole S. Fahrenkopf, BBO #710953
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
cfahrenkopf@piercedavis.com

Dated: December 23, 2025

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on December 23, 2025.

*/s/ Cole S. Fahrenkopf*
Cole S. Fahrenkopf