UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br>Plaintiff, | ) |
| | ) |
| VS. | ) C.A. NO. 1:24-cv-12347-ADB |
| | ) |
| TOWN OF CARVER, MA,<br>TOWN OF PLYMOUTH, MA,<br>ALAN G. GERMAIN, STEPHEN G. GRAY,<br>BETTY CAVACCO, MICHAEL MAIN,<br>A.D. MAKEPEACE COMPANY, JAMES F. KANE,<br>SLT CONSTRUCTION CORPORATION, and<br>PETER OPACHINSKI,<br>Defendants. | ) |

THE TOWN OF CARVER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE THE TOWN OF CARVER FROM SERVING ITS PROPOSED SUBPOENAS ON THREE STATE AGENCIES [ECF NO. 161]

## Preliminary Statement

Five counts in plaintiff's Amended Complaint sound in libel or slander. Among other things, Margaret Sheehan (sometimes "Sheehan"), claims she has suffered and continues to suffer compensatory damages "flowing from injury to her professional and personal reputation and emotional distress leading to loss of enjoyment of life . . .." Amended Complaint, ECF Doc. 106, p. 49. In the very first sentence of plaintiff's Amended Complaint, she writes, "A global environmental crisis has quietly extended its tentacles into Southeastern Massachusetts: the unlawful mining of sand, the second-most exploited natural resource in the world after water. Id., p.1. Indeed, plaintiff has made this claim repeatedly. *See, e.g*. Affidavit of Margaret Sheehan, ECF Doc. 141, ¶¶ 5 and 8 (September 5, 2025). In the same Affidavit, plaintiff maintains that A.D. Makepeace and SLT Construction Corp. have "prevaricated on their applications regarding the duration or the said mining or the reasons for the excavation." Id. ¶ 12. One might think

plaintiff has complained about these "unlawful" activities to any number of federal or state agencies and likely requested their assistance in investigating the sand mining companies with which she takes issue. The three subpoenas to which plaintiff objects seeks precisely this kind of information and, having placed her professional reputation front and center in this lawsuit, plaintiff cannot now rely on some misguided legal legerdemain. Plaintiff's Motion To Preclude the Town of Carver from even serving these subpoenas falls flat for several reasons: (i) plaintiff does not have standing to challenge them; (ii) plaintiff has not even remotely explained how these subpoenas will create a "wedge" between plaintiff and her clients; and (iii) her argument (relegated to a footnote), that the Town of Carver is seeking to gather information for a future lawsuit against CLWC, is frankly, preposterous.

## Standard of Review

Plaintiff's Motion To Preclude does not contain any discussion of the standard of review under Fed. R. Civ. P. 26(c). The Town of Carver understands that this Court is aware of the standard of review. *See Bassett v. Temper Retail Stores, LLC*, 2024 WL 3416221, at *1 (D. Mass. July 15, 2024).

## Argument

### I. Plaintiff Does Not Have Standing To Contest Subpoenas That Are Intended For Three State Agencies.

As a threshold matter, a party generally lacks standing to challenge a subpoena issued to a nonparty. *Ponder v. Ocwen Loan Servicing, LLC*, No. CV 19-MC-91215-ADB, 2019 WL 2249675, at *2 (D. Mass. May 24, 2019); *Shea v. McGovern*, No. CV 1:08-12148-MLW, 2011 WL 322652, at *3 n.4 (D. Mass. Jan. 31, 2011). However, a party may move to quash a nonparty subpoena "if the information sought by the subpoena implicates a personal right or privilege of the party." Id. at *2. "The personal right or privilege claimed need not be weighty:

parties need only have some personal right or privilege in the information sought to have standing to challenge a subpoena to a third party." *Sec. & Exch. Comm'n v. Navellier & Assocs., Inc.*, No. CV 17-11633-DJC, 2019 WL 688164, at *2 (D. Mass. Feb. 19, 2019). Ms. Sheehan does not have a "personal right or privilege" in the documents sought in the three subpoenas at issue and her Motion papers do not state otherwise. Indeed, her Motion papers are altogether silent on this point. The Court need not go any further: Ms. Sheehan is without standing to challenge these three non-party subpoenas and her Motion To Preclude should be denied on this basis alone.

II. <u>Plaintiff Has Failed to Establish Good Cause For A Protective Order</u>.

The Town of Carver will, briefly, address each of plaintiff's arguments. First, Ms. Sheehan contends that "this latest effort imposes on Plaintiff *personally* a burden of an entirely different kind: That of placing her client in a negative spotlight, and implicitly challenging CLWC's credibility, by making it the focus of subpoenas directed to three of the state agencies with whom CLWC as an advocacy group must work." Plaintiff's Memorandum In Support, p.2.[1] Nothing about these subpoenas places Ms. Sheehan in a negative spotlight nor do they somehow "implicitly challenge" CLWC's credibility. On the other hand, the State agency's *response* might well place Ms. Sheehan in a negative spotlight in *this* case. For example, if the State Ethics Commission has reviewed Ms. Sheehan's complaint(s) and already determined that

[1] It is exceedingly unlikely that the Office of the Inspector General ("OIG") and the State Ethics Commission are two of the state agencies "with whom CLWC as an advocacy group must work." Instead, the Town of Carver intends to subpoena these two state agencies because the Amended Complaint contains allegations of conflict of interest against Carver officials and, moreover, the OIG and State Ethics Commission are exempt from the State's public records law. See Mass. Gen. Laws c. 12A, § 13 and c. 268B, § 4, respectively. Notably, Ms. Sheehan raises the same alleged conflict of interest in her very Motion papers. See Plaintiff's Memorandum Of Law In Support, p. 4.

no ethics violation was committed by any of the Carver Officials, and Ms. Sheehan then knowingly claimed otherwise in this lawsuit, then she (or her counsel) have likely violated Rule 11 and, as far as Ms. Sheehan is concerned, engaged in conduct that directly impacts the same "professional reputation" she is seeking to vindicate here.

Ms. Sheehan next contends that the information sought in these subpoenas is not relevant because she brought this lawsuit as an individual and not on behalf of her client, CLWC. Plaintiff's Memorandum In Support, p. 3. Ms. Sheehan serves as the Clerk and as a Director of CLWC and, for all intents and purposes, is the face and voice of CLWC. Ms. Sheehan has sued for defamation and cannot hide behind a corporate veil if she has made accusations in this case which she knows to be untrue. Ms. Sheehan is the one who has alleged that the several Defendants have engaged in or turned a blind eye toward "unlawful mining"; she is the one who has accused A.D. Makepeace and SLT Corporation of "prevarication" in submissions to the Town of Carver and, perhaps, a number of State agencies; and, she is the one who has made the pernicious charge that the Town of Carver has conspired with these same companies to violate her civil rights. Having tossed these hand grenades, the Town of Carver is entitled to ferret out information which might disarm them. Next, Ms. Sheehan makes the fanciful claim that the Town of Carver intends to issue these subpoenas to gather information for a yet-to-be-filed lawsuit against CLWC "probably along with Sheehan." Plaintiff's Memorandum of Law In Support, p. 3 n.2. In the last five years, Ms. Sheehan, on behalf of CLWC, has filed several lawsuits against the Town of Carver; the Town of Carver has filed zero lawsuits against CLWC or Ms. Sheehan. Nor does the Town of Carver intend to use the information gleaned from whatever documents are produced by these three State agencies to do so. Finally, the Town of Carver cannot let Ms. Sheehan's sanctimony go unaddressed. Ms. Sheehan has yet to produce a

single document in response to the Town's Request for Production of Documents "or even to suggest when [she] will likely begin her rolling production." Plaintiff's Memorandum of Law In Support, p. 5.

Conclusion

Wherefore, the Town of Carver respectfully submits that plaintiff's Motion To Preclude the Town of Carver From Serving Its Subpoenas on Three State Agencies should be denied together with such other relief as the Court deems just and proper.

The Defendants,
TOWN OF CARVER, MA
ALAN G. GERMAIN
STEPHEN G. GRAY,
By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Adam Simms*

Adam Simms, BBO #632617
Cole S. Fahrenkopf, BBO #710953
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
cfahrenkopf@piercedavis.com

Dated: December 23, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on December 23, 2025.

*/s/ Adam Simms*

Adam Simms