**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARGARET E. SHEEHAN,<br><br>*Plaintiff,*<br><br>v.<br><br>TOWN OF CARVER, MA;<br>TOWN OF PLYMOUTH, MA;<br>ALAN G. GERMAIN; STEPHEN G. GRAY; BETTY CAVACCO; MICHAEL MAIN; A.D. MAKEPEACE COMPANY; JAMES F. KANE; SLT CONSTRUCTION CORPORATION; PETER OPACHINSKI; and MICHAEL McVEIGH,<br><br>*Defendants.* | No. 1:24-cv-12347-ADB |

**JOINT OPPOSITION OF DEFENDANTS SLT CONSTRUCTION CORPORATION, PETER OPACHINSKI, A.D. MAKEPEACE COMPANY, JAMES F. KANE, AND MICHAEL MCVEIGH TO CLWC'S MOTION TO QUASH[1]**

The Community Land and Water Coalition ("CLWC"), formerly known as Save the Pine Barrens, Inc. ("STPB"), a company co-founded by plaintiff for the express purpose of countering defendant A.D. Makepeace Company's ("Makepeace") site excavation work (Doc No. 106 henceforth "Compl.". ¶36), comprised entirely of her own "clients" and "allies" (Compl. ¶49), and represented by plaintiff in litigation against defendants SLT Construction Corporation ("SLT") and Makepeace – now seeks to quash a subpoena served on it for relevant documents in this action. Plaintiff, a named officer and board member of CLWC, personally signed the Motion to Quash as CLWC's attorney.

---

[1] The Court's November 18, 2025, Order on Discovery Event Limitations provides that "the parties shall coordinate the depositions of parties and non-parties so that each party or non-party is not deposed more than once." [Doc. 155, p.2]. Accordingly, the subpoena was issued, in part, on behalf of the opposing defendants herein, who oppose the motion to quash.

Plaintiff, in the motion, argues that the documents are not relevant or proportional. There is considerable irony in this accusation given that plaintiff herself brought STPB and CLWC squarely within the scope of this litigation through her own Amended Complaint, referencing CLWC/STPB no fewer than fourteen times, while simultaneously being deeply embedded in the organization through the numerous factors outlined above.

## I. STANDARD

As the party resisting discovery, CLWC "bears the burden of showing that the subpoena imposes an undue burden, and [it] 'cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance.'" Metro. Prop. & Cas. Ins. Co. v. Savin Hill Fam. Chiropractic, Inc., No. CV 15-12939-LTS, 2018 WL 11424181, at *1 (D. Mass. Nov. 16, 2018) citing Green v. Cosby, 152 F. Supp. 3d 31, 36-37 (D. Mass. 2015). "In examining motions to quash …, 'courts weigh the need of the party seeking discovery against any undue hardships created by permitting it.' 'To that end, we consider issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed when analyzing whether a subpoena places an undue burden on a nonparty.'" Green v. Cosby, 152 F. Supp. 3d 31, 36 (D. Mass. 2015), modified on reconsideration, 160 F. Supp. 3d 431 (D. Mass. 2016) citing In re Methyl Tertiary, 269 F.R.D. 360, 363–64 (S.D.N.Y.2010); Linsday v. C.R. Bard, Inc., No. 10 MC 441, 2011 WL 240104, at *1 (M.D.Pa. Jan. 24, 2011). When a party seeking to quash a subpoena has not submitted an affidavit or other evidence demonstrating the purported burden, that alone may be fatal to the relief requested. Id. at 37 citing e.g. Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 262 F.R.D. 293, 300 (S.D.N.Y.2009).

Applying the foregoing standards, the Motion to Quash must be denied.

## II. ARGUMENT[2]

The subpoena requests communications between certain defendants and STPB/CLWC or concerning the defendants. Plaintiff has submitted discovery requests to the defendants in this action requesting all documents and communications which refer to STPB or CLWC. It is therefore nothing short of baffling that plaintiff now argues in CLWC's Motion to Quash that these documents are not relevant. The Amended Complaint in this action revolves around the so-called "sand wars" in which plaintiff, on behalf of STPB and CLWC, opposes private companies, like SLT and Makepeace, in the arena of town meetings, public hearings, and in litigation, all in an effort to impede them from engaging in the lawful business of site excavation and construction. Plaintiff has brought claims for defamation surrounding social media postings providing commentary on plaintiff's repeated, failed opposition efforts. Far from being a victim of the so-called sand wars, plaintiff admits she is an active participant and the vehicle for her opposition is the STPB website, on which she "lash[es] back". Compl. ¶102. Accordingly, the documents sought by the subpoena at issue are clearly relevant to this action, the boundaries of which plaintiff herself developed in her Complaint.

The subpoena also seeks documents related to an Office of the Inspector General investigation. Plaintiff admits herself, even in the Motion to Quash, that this investigation is relevant to the action. Doc No. 156, Motion to Quash, p. 5. Plaintiff alleges in the Complaint that the "sand mining participants" believed plaintiff, through CLWC or STPB, responsible for an Office of Inspector General ("OIG") investigation, which allegedly caused them to "ratchet up their attacks on Sheehan" and then paints a subsequent town meeting as the stage for a battle in the sand wars at which she was "shouted at" with the objective of "preventing Sheehan from

---

[2] The opposing parties incorporate by reference all arguments made by the Carver defendants in their Opposition to CLWC's Motion to Quash in addition to the arguments made herein.

exercising her First Amendment rights" all stemming from the OIG investigation. Compl. ¶¶72-74. Therefore, because of plaintiff's allegations, the impetus for the OIG investigation is squarely at issue in this action.

Plaintiff argues that responding to this and other requests would be unduly burdensome for CLWC. It should not be burdensome for CLWC to turn over these documents if, in fact, CLWC was not the driver for the investigation since there would be no responsive documents. On the other hand, if there are responsive documents they are clearly relevant to a core issue raised by plaintiff in the Amended Complaint.

Further, the undue burden argument should be "easily disposed of because [CLWC] has not provided any specifics regarding the alleged undue burden." Metro. Prop. & Cas. Ins. Co. v. Savin Hill Fam. Chiropractic, Inc., No. CV 15-12939-LTS, 2018 WL 11424181, at *1 (D. Mass. Nov. 16, 2018) citing Green v. Cosby, 152 F. Supp. 3d 31, 36-37 (D. Mass. 2015). Absent a supporting affidavit evidencing the burden of the requests at issue, CLWC's unduly burdensome argument is meaningless. See Green v. Cosby, 152 F. Supp. 3d 31, 36-37 (D. Mass. 2015).

Ironically, Sheehan also accuses defendants of seeking to gather "information to use against CLWC in other lawsuits." Doc No. 156, Motion to Quash, p. 5. Plaintiff herself has cost the defendants enormous sums of money defending baseless and unsuccessful litigation brought by plaintiff or her organizations. In defendants' Special Motion to Dismiss this action on the basis of M.G.L. c. 231, Makepeace named 9 suits brought by plaintiff to challenge their business, resulting in $4,000,000 in legal fees defending litigation brought by plaintiff or her organizations, most of which suits were dismissed outright. Doc No. 136-1; Kane Aff. In Support of Special Motion to Dismiss ¶¶10-11; ¶17. SLT similarly listed four suits brought by plaintiff or her organizations and a cost of $500,000 in legal fees defending entirely unsuccessful actions.

Doc No. 136-2; Opachinski Aff. In Support of Special Motion to Dismiss ¶13, ¶15. To seek to paint these companies as rogue litigants out to get CLWC is nothing short of nonsense.

Plaintiff's final argument is that having CLWC conduct a search for and produce relevant documents in this action would "drive a wedge between CLWC and Sheehan". Motion to Quash p. 3. In short, this is not a consideration courts apply when analyzing a subpoena, nor does plaintiff cite any authority indicating that this should be a factor for consideration. Should this "wedge" actually materialize, it would not materially damage plaintiff in any way, since she admits that she represents CLWC, and any other organization opposing what she dubs "unlawful mining and the Town officials who are looking the other way" on a "purely pro bono basis". Compl. p. 4.

## III. CONCLUSION

Plaintiff seeks to distance herself from the very organization she founded, leads, represents, names in the Complaint, and uses as a vehicle to "lash back" at the defendants in this action. CLWC, through Sheehan as its counsel, contends that the requested documents are neither relevant nor proportional. However, plaintiff herself acknowledges their relevance by seeking them in discovery and by placing them at issue through her allegations in the Complaint. CLWC offers no evidence to support its claim that compliance would be unduly burdensome, rendering this argument entirely meritless. For all the foregoing reasons, CLWC's Motion to Quash the subpoena served upon it must be denied.

Respectfully submitted,

A.D. MAKEPEACE COMPANY and JAMES F. KANE,

By its attorneys,

*/s/ Geoffrey M. Raux*

Geoffrey M. Raux (BBO # 674788)
Lea Gulotta James (BBO # 705421
Miranda Curtis (BBO # 709084)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Phone: 617-342-4000
Fax: 617-342-4001
graux@foley.com
ljames@foley.com
mcurtis@foley.com

SLT CONSTRUCTION CORPORATION and PETER OPACHINSKI,

By their counsel,

*/s/ Edward C. Cooley*

Edward C. Cooley, BBO # 550117
ecooley@gncm.net
Abigail C. Leighton, BBO #707299
aleighton@gncm.net
GIARRUSSO, NORTON, COOLEY & McGLONE P.C.
308 Victory Road
Quincy, MA 02171
Tel: (617) 770-2900
Fax: (617) 773-6934

MICHAEL MCVEIGH,

By his attorneys,

*/s/ Michael Paris*

Michael Paris (#556791)
Kileigh E. Stranahan (#707769)
NYSTROM BECKMAN & PARIS, LLP
One Marina Park Drive, 15th Floor
Boston, MA 02110
(617) 778-9100
(617) 778-9110 (fax)
mparis@nbparis.com
kstranahan@nbparis.com

**CERTIFICATE OF SERVICE**

I, Edward C. Cooley, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Edward C. Cooley*
Edward C. Cooley

Dated: December 23, 2025