**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MARGARET E. SHEEHAN,

*Plaintiff,*

v.

TOWN OF CARVER, MA; TOWN OF PLYMOUTH, MA; ALAN G. GERMAIN; STEPHEN G. GRAY; BETTY CAVACCO; MICHAEL MAIN; A.D. MAKEPEACE COMPANY; JAMES F. KANE; SLT CONSTRUCTION CORPORATION; PETER OPACHINSKI; and MICHAEL McVEIGH,

*Defendants.*

No. 1:24-cv-12347-ADB

**OPPOSITION OF DEFENDANTS SLT CONSTRUCTION CORPORATION AND PETER OPACHINSKI TO PLAINTIFF'S MOTION TO PRECLUDE SERVICE OF STATE AGENCY SUBPOENAS**

Plaintiff seeks to preclude service of three state agency subpoenas without standing to do so and on grounds that are not proper for determining whether to enforce a subpoena. She additionally argues that certain clearly relevant topics, such as the alleged "motive" for the conspiracy claims at issue in this case, are somehow not appropriate grounds for discovery. For these reasons, plaintiff's motion to preclude service of the state agency subpoenas should be denied outright.

## I. ARGUMENT

### A. The Plaintiff Lacks Standing to Quash.

When a subpoena is directed at a nonparty, like the one here, the court must first decide whether the party moving to quash the subpoena has standing. Generally, a party has no standing

to quash a subpoena directed at a nonparty, unless that the party seeking to quash claims a "personal right or privilege with regard to the documents sought." *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-cv-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013). (quotation marks and citation omitted). But a mere claim of personal right or privilege does not automatically confer standing. Indeed, "[t]he party seeking to quash a subpoena bears a heavy burden of proof." *Ajuba Int'l, LLC v. Saharia*, No. 1:11-CV-12936, 2014 WL 4793846, at *2 (E.D. Mich. Sept. 25, 2014). To meet that heavy burden, the movant must make more than "conclusory" assertions of an interest or privilege. *See Hamm v. Cunningham*, No. 1:12CV124, 2012 WL 13027079, at *1 (N.D. Ohio May 16, 2012) (finding that "conclusory" assertions of confidentiality failed to satisfy heavy burden of proof). Without standing, a party may not challenge the subpoena on any ground, including undue burden or relevance. *See Riding Films, Inc. v. John Does 129–193*, No. 2:13-CV-46, 2013 WL 3322221, at *6 (S.D. Ohio July 1, 2013) (collecting cases).

The plaintiff has not articulated any personal right or privilege regarding the documents sought. This is not a case where plaintiff's personal financial information or other sensitive personal information is sought. In the absence of any persuasive allegation of a personal right or privilege regarding the documents sought, the plaintiff lacks standing and her motion must be denied.

### B. Plaintiff Does Not, and Cannot, Demonstrate Undue Burden to the Subpoenaed Parties.

"In civil cases, 'it is now beyond dispute that '[b]road discovery is a cornerstone of the litigation process contemplated by the Federal Rules of Civil Procedure.'" Dmitriev v. Mann, No. 1:21-CV-40068-NMG, 2022 WL 22854445, at *1 (D. Mass. Nov. 29, 2022) citing Zubulake v. UBS Warburg, 217 F.R.D. 309, 311 (S.D.N.Y. 2003).

Rule 45(d) provides that a court "must quash or modify a subpoena that…subjects a person to undue burden." Dmitriev v. Mann, No. 1:21-CV-40068-NMG, 2022 WL 22854445, at *2 (D. Mass. Nov. 29, 2022) citing Fed. R. Civ. P. 45(d)(3)(A). "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the information's value to the serving party." Id. citing W Holding Co. v. Chartis Ins. Co. of P.R., 42 F. Supp. 3d 319, 322 (D.P.R. 2014). "The party resisting discovery bears the burden of showing that the subpoena imposes an undue burden, and it cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." Id. citing In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig., No. MDL 13-2419-FDS, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013).

Plaintiff argues that the subpoenas are unduly burdensome without any support other than her plain statement to that effect. This is inadequate where, as here, plaintiff purports to describe the burden upon third parties without establishing that she has particular knowledge of both the quantity of information that those third parties possess or the capabilities of those parties to make a through production. In short, the issue regarding the burden of production here is not plaintiff's to raise but rather resides with the responding state agencies themselves. See Dmitriev v. Mann, No. 1:21-CV-40068-NMG, 2022 WL 22854445, at *3. Plaintiff acknowledges on the first page of her motion that an evaluation of undue burden requires this Court weigh the burden to the *subpoenaed* party when she states that this issue is "someone else's fight to fight".

Plaintiff next asserts that her real concern with the subpoenas is not the burdensome nature, but rather a speculative "injury to the relationship with the client". Pltf Memo to Preclude Service; Doc No. 162, p. 2. The client referenced is the Community Land and Water Coalition

("CLWC")[1], an entity which plaintiff co-founded, represents as counsel, and is both a named officer and board member. Plaintiff argues that should the state agencies comply with the subpoenas, CLWC would be placed "in a negative spotlight". Pltf Memo to Preclude Service; Doc No. 162, p. 2. This argument is both baffling and completely unsupported. Production of the subpoenaed documents will supply relevant information regarding CLWC's information gathering, spearheaded mainly by plaintiff herself, and whether the information contradicts assertions and claims that she has made against the defendants at public hearings and in this case.

Finally, plaintiff's suggestion that the act of subpoenaing third-parties for the production of relevant information will result in CLWC "keeping Sheehan at arm's length" is simply not a valid basis for seeking to quash the subpoenas, particularly where plaintiff initiated this suit and specifically brought CLWC's role into focus.

**C. Plaintiff's Attempt to Arbitrarily Restrict Discovery to Herself is Unavailing.**

Plaintiff argues that because the subpoenas at issue reference CLWC, instead of her personally, they are therefore irrelevant. Plainly, the scope of discovery in civil cases is far broader than requiring defendants seek documents solely related to the plaintiff in a case. CLWC is a company named fourteen times in plaintiff's Complaint. Plaintiff further admits to representing CLWC on numerous occasions when, allegedly, manifestations of her fabricated conspiracy claims were on display in town meetings. See e.g. Compl. ¶50. CLWC, while represented by plaintiff, regularly opposed SLT Construction Corporation ("SLT") and A.D. Makepeace Company's ("Makepeace") permits to engage in their regular business of site excavation. Plaintiff alleges in her Complaint that defendants conspired with state actors to quell her "opposition to the unlawful sand mining" and that defendants are engaged in retaliation

[1] CLWC was formerly known as Save the Pine Barrens Inc. For consistency, this opposition refers to the group as CLWC throughout.

"against Sheehan for her past advocacy". Compl. 58; Compl. Count 5 ¶11. Plaintiff's advocacy was on behalf of CLWC and other similar organizations. Plaintiff further admits to using CLWC's website as a vehicle to "lash back" at defendants critiquing her. Compl. ¶102. Accordingly, CLWC's communications with third parties regarding the matters and claims made by plaintiff in the Complaint are relevant and discoverable.

The boldest claim by plaintiff is that the subpoenas are somehow an effort to "gather information for a lawsuit against CLWC, probably along with Sheehan". Pltf Memo to Preclude Service; Doc No. 162, p. 3, fn 2. Various defendants have defended more than thirteen suits by plaintiff or her organizations, to the tune of over $4,000,000 in legal fees. Doc No. 136-1; Kane Aff. In Support of Special Motion to Dismiss ¶¶10-11; ¶17; Doc No. 136-2; Opachinski Aff. In Support of Special Motion to Dismiss ¶13, ¶15. Plaintiff fails to name a single suit brought by defendants against CLWC or plaintiff individually in support of this claim.

**D. Plaintiff Repeatedly Alleges Defendants are Engaged in "Unlawful Sand Mining" in her Complaint and Defendants are Entitled to Discovery Disproving this Allegation.**

Plaintiff's final argument is that, because "sand mining" is alleged as the defendants' motive, information on this topic is somehow irrelevant. By making this assertion, plaintiff effectively concedes its relevance. Even if sand mining were "just" an alleged motive for defendants conduct, they would be entitled to discovery on that subject. The fact is, however, that plaintiff uses the phrase "unlawful sand mining" twelve times in her Complaint, including in Count 5 against SLT and Mr. Opachinski for Conspiracy with state actors:

> SLT is a participant in the sand mining industry, often on land where it claims residential housing will be built but it actually is principally involved in sand mining. It also mines on land that it is not zoned for commercial purposes, and/or land where the access and egress is by roads where such use is prohibited, and/or where earth removal permits have not been obtained or have been materially

> exceeded. In other words, Makepeace's [sic] sand mining operations are generally unlawful in one or more respects.

Compl. Count 5 ¶1. In an action for conspiracy and defamation, such as this one, a plaintiff may not assert vehement allegations about the very core of defendants' lawful business operations and then preclude the defendant from discovery that enables an evaluation of the underpinnings of these allegations.

## II. CONCLUSION

For all the foregoing reasons, as well as those asserted in the opposition of the Town of Carver, plaintiff's motion to preclude service of the third-party subpoenas should be accordingly denied.

Respectfully submitted,
SLT CONSTRUCTION CORPORATION
and PETER OPACHINSKI,
By their counsel,

*/s/Edward C. Cooley*

Edward C. Cooley, BBO# 550117
ecooley@gncm.net
Abigail C. Leighton, BBO# 707299
aleighton@gncm.net
GIARRUSSO, NORTON, COOLEY
& McGLONE, P.C.
308 Victory Road
Quincy, MA 02171
Tel: (617) 770-2900
Fax: (617) 773-6934

**CERTIFICATE OF SERVICE**

I, Edward C. Cooley, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Edward C. Cooley*
Edward C. Cooley

Dated: December 30, 2025