UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARGARET SHEEHAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOWN OF CARVER, MA, et al., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 24-12347-ADB |

ORDER ON MOTION OF COMMUNITY LAND AND
WATER COALITION, INC. TO QUASH SUBPOENA
[Docket No. 156]

February 5, 2026

Boal, M.J.

      Non-party Community Land and Water Coalition, Inc. ("CLWC"), formerly known as Save the Pine Barrens, Inc. ("STPB"), has moved to quash a subpoena served on CLWC by the Town of Carver.  Docket No. 156.[1]  For the following reasons, this Court grants the motion.

I.      RELEVANT BACKGROUND

      Plaintiff Margaret Sheehan is an environmental lawyer who has embarked a multi-year campaign to curtail unpermitted "sand mining" and hauling operations in Southeastern Massachusetts.  She filed this action alleging that the towns of Carver and Plymouth and various town committee members have conspired with local sand mining and trucking companies to

---

[1] Judge Burroughs referred the motion to the undersigned on December 9, 2025.  Docket No. 157.

violate her First and Fourteenth Amendment rights and, in their attempts to silence her activism, have defamed her and have committed intentional infliction of emotional distress.

Sheehan, alleges, among other things that:

> Carver, acting through officials of whom many are participants in the sand mining industry, has a longstanding practice and unwritten policy (hereafter, the "unwritten policy") of protecting the landowners and operators where sand and gravel mining occurs, and the haulers of the mined sand and gravel (together, the "sand mining industry"). The unwritten policy extends to impeding concerned residents, and groups, and their advocate (usually Sheehan) in their efforts to oppose the sand mining industry through administrative and judicial proceedings. Manifestations of the unwritten policy include the appointment and election of many participants in the sand mining industry to committees, boards, and commissions with which that industry interacts on a regular basis, e.g., the Earth Removal Committee ("ERC"), the Conservation Commission, and the Zoning Board of Appeals ("ZBA"), with results predictably generally favoring the sand mining industry. A further manifestation of the unwritten policy is that the Town fully embraces the results favoring the sand mining industry, while thwarting efforts to compel the industry to abide by municipal bylaws and state and federal law.

Amended Complaint at ¶ 124.

In 2021, Sheehan helped form a grassroots organization called Save the Pine Barrens, Inc. ("STPB"), which focused in substantial part on defendant A.D. Makepeace Co.'s ("Makepeace") efforts to clear large areas of the Pine Barrens in order to mine and commercialize sand. Id. at ¶ 36. The group later rebranded as the "Community Land & Water Coalition ("CLWC"), a project of STPB" with a mission of education and legal advocacy. Id. at ¶ 49. Sheehan has served in various leadership roles at CLWC and is the pro bono attorney for the corporation. Docket No. 156 at 6.

Carver served a subpoena on CLWC, seeking documents and email communications between CLWC and any federal or state department or agency concerning Carver or Plymouth

and a number of topics. See Docket No. 156-1. The subpoena contains 10 individual requests spanning the time period from January 1, 2021 to the present. See id.

On December 9, 2025, CLWC filed the instant motion to quash the subpoena. Docket No. 156. Carver filed an opposition on December 23, 2025. Docket No. 166. At that time, Carver withdrew Request Nos. 1, 4, 5, and 8 in the subpoena. Id. at 2. SLT Construction Corporation, Peter Opachinski, A.D. Makepeace Company, James F. Kane, and Michael McVeigh filed a joint opposition to the motion to quash on December 23, 2025. Docket No. 168. On January 10, 2026, CLWC filed a reply. Docket No. 176. This Court heard oral argument on February 4, 2026.

II.     ANALYSIS

   A.     Standard Of Review

A Rule 45 subpoena must fall within the scope of proper discovery under Rule 26 of the Federal Rules of Civil Procedure. In re New England Compounding Pharmacy, Inc. Product Liab. Litig., No. 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013) (citations omitted). Rule 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit." Id.

The information sought by a subpoena must therefore be (1) not privileged; (2) relevant to the claim or defense of any party; and (3) proportional to the needs of the case. Id. In addition, "[a] party or attorney responsible for issuing and serving a subpoena must take

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  Also, an order compelling compliance with a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  Fed. R. Civ. P. 45(d)(2)(B)(ii).

    B.    <u>Relevance</u>

CLWC argues that the subpoena seeks information that is not relevant to this case.  <u>See</u> Docket No. 156 at 2-3. In response, Carver argues that Request Nos. 2, 3, 6, and 7 seek documents relevant to Sheehan's allegations that Carver maintains a "longstanding practice and unwritten policy . . . of protecting landowners and operators where sand and gravel mining occurs, and the haulers of he mined sand and gravel."  Docket No. 166 at 2.  According to Carver, documents responsive to these requests will "shed light on Sheehan's claim that Carver maintains the foregoing unwritten policy, including, but not limited to whether Carver impedes groups, such as CLWC, in their efforts to oppose the sand mining industry."  <u>Id.</u> at 2-3.  Carver also argues that "as Sheehan alleges the unwritten policy is manifested by Carver's attempt to thwart efforts to compel the sand mining industry to abide by municipal bylaws and state and federal law, any documents between state or federal agencies pertaining to Carver and its employees, or those in the sand mining industry" are also relevant.  <u>Id.</u> at 3.  <u>See</u> <u>also</u> Docket No. 168 at 3 (stating that the Amended Complaint "revolves around the so-called 'sand wars' in which plaintiff, on behalf of STBP and CLWC, opposes private companies, like SLT and Makepeace, in the arena of town meetings, public hearings, and in litigation, all in an effort to impede them from engaging in the lawful business of site excavation and construction").

While documents regarding state and federal agencies' investigations and/or findings about Carver might be marginally relevant to Carver's alleged unwritten policy, Defendants have

4

not sufficiently explained how *communications* between CLWC and state/federal agencies regarding Carver and sand mining are relevant.  It is not at all apparent how the documents sought by the subpoena relate to the issues the Defendants identify and they have not sufficiently articulated an explanation.  In addition, many of the requests are overly broad and not proportional.  For example, Request No. 3 seeks all documents and communications between CLWC and any state agencies from January 1, 2021 to the present which concern or relate to "any former or current Carver or Plymouth official or employee (elected or appointed)," regardless of whether any such official or employee had any involvement in the issues raised by this action.

With respect to Request Nos. 9 and 10, Carver argues that responsive documents are relevant to this litigation because "they are the same documents Sheehan had access to while levying her allegations against the Defendants."  Docket No. 166 at 3.  In addition, Carver argues that these documents are relevant to Sheehan's allegation that the Defendants harmed her reputation and sought to destroy her credibility.  Id.  According to Carver, "[i]f CLWC's documents reflect that Sheehan knowingly made false accusations against the Defendants, she can hardly argue that it was the Defendants' actions which harmed her reputation and credibility."  Id.

Again, Defendants fail to tie the particular requests to the issues that they identify.  In addition, these requests are also overly broad.  Request No. 9 also seeks communications which relate to "any other former or current Carver or Plymouth official or employee (elected or appointed)" without regard to whether such officials had any involvement in the events giving rise to this case.  Similarly, Request No. 10 seeks all documents regarding alleged sand mining in Southeastern Massachusetts, regardless of whether it involved Carver, Plymouth, or any of the

5

other defendants.  Accordingly, this Court finds that the Defendants have failed to show that the subpoena seeks discoverable information.[2]

III. ORDER

For the foregoing reasons, this Court grants CLWC's motion to quash.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[2] Because this Court has found that the Defendants have failed to show relevance, it is unnecessary to address CLWC's remaining arguments.