UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARGARET SHEEHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-12347-ADB |
| ) | |
| TOWN OF CARVER, MA, et al., ) | |
| ) | |
| Defendant. ) | |

ORDER ON PLAINTIFF'S MOTION TO PRECLUDE THE TOWN OF CARVER
FROM SERVING PROPOSED SUBPOENAS ON THREE STATE AGENCIES
[Docket No. 161]

February 5, 2026

Boal, M.J.

Plaintiff Margaret E. Sheehan has moved for an order precluding defendant the Town of Carver from serving proposed subpoenas on three state agencies: the Massachusetts Office of the Inspector General, the Massachusetts Office of the Attorney General, and the Massachusetts State Ethics Commission (the "State Agencies"). Docket No. 161.[1] For the following reasons, this Court grants the motion.

I.        RELEVANT BACKGROUND

Plaintiff Margaret Sheehan is an environmental lawyer who has embarked a multi-year campaign to curtail unpermitted "sand mining" and hauling operations in Southeastern Massachusetts. She filed this action alleging that the towns of Carver and Plymouth and various

---

[1] Judge Burroughs referred the motion to the undersigned on December 17, 2025. Docket No. 163.

1

town committee members have conspired with local sand mining and trucking companies to violate her First and Fourteenth Amendment rights and, in their attempts to silence her activism, have defamed her and have committed intentional infliction of emotional distress.

> Sheehan, alleges, among other things that:
>
>> Carver, acting through officials of whom many are participants in the sand mining industry, has a longstanding practice and unwritten policy (hereafter, the "unwritten policy") of protecting the landowners and operators where sand and gravel mining occurs, and the haulers of the mined sand and gravel (together, the "sand mining industry"). The unwritten policy extends to impeding concerned residents, and groups, and their advocate (usually Sheehan) in their efforts to oppose the sand mining industry through administrative and judicial proceedings. Manifestations of the unwritten policy include the appointment and election of many participants in the sand mining industry to committees, boards, and commissions with which that industry interacts on a regular basis, e.g., the Earth Removal Committee ("ERC"), the Conservation Commission, and the Zoning Board of Appeals ("ZBA"), with results predictably generally favoring the sand mining industry. A further manifestation of the unwritten policy is that the Town fully embraces the results favoring the sand mining industry, while thwarting efforts to compel the industry to abide by municipal bylaws and state and federal law.

Amended Complaint at ¶ 124.

In 2021, Sheehan helped form a grassroots organization called Save the Pine Barrens, Inc. ("STPB"), which focused in substantial part on defendant A.D. Makepeace Co.'s ("Makepeace") efforts to clear large areas of the Pine Barrens in order to mine and commercialize sand. Id. at ¶ 36. The group later rebranded as the "Community Land & Water Coalition ("CLWC"), a project of STPB" with a mission of education and legal advocacy. Id. at ¶ 49. Sheehan has served in various leadership roles at CLWC and is the pro bono attorney for the corporation. Docket No. 156 at 6.

Carver seeks to serve subpoenas on the State Agencies, seeking the following documents:

1. From January 1, 2021 to date, all documents or email communications between [the State Agency] and Community Land and Water Coalition, Inc.,

> f/k/a Save the Pine Barrens, Inc. ("CLWC"), which concern or relate to the Town of Carver, the Town of Plymouth, Alan G. Germain, Stephen G. Gray, Betty Cavacco, or Michael Main, and any of the following topics:
>
> (i) The mining, excavation or selling of sand or gravel;
> (ii) A.D. Makepeace Corp. ("ADM");
> (iii) SLT Construction Corp.;
> (iv) Alan Germain Trucking Corp.;
> (v) Cranberry bog construction and renovation;
> (vi) Any claims that ADM has engaged in excavating, mining, or selling silica sand or gravel products commercially without the requisite local permits or permits obtained on the basis of false statements; or
> (vii) Any alleged conflict of interests involving any former or current Carver or Plymouth official or employee (elected or appointed).
>
> 2. From January 1, 2021 to date, all documents or email communications between [the State Agency] and CLWC, which concern or relate to any former or current Carver or Plymouth official or employee (elected or appointed).

Docket No. 161-1 at 5; Docket No. 161-2 at 5; Docket No. 161-3 at 5.

On December 16, 2025, Sheehan filed the instant motion. Docket No. 161. Carver filed an opposition on December 23, 2025. Docket No. 167. Defendants SLT Construction Corporation and Peter Opashinski filed an opposition on December 30, 2025. Docket No. 170. Sheehan filed a reply on January 27, 2026. Docket No. 183. This Court heard oral argument on February 4, 2026.

II.   ANALYSIS

   A.   Standard Of Review

A Rule 45 subpoena must fall within the scope of proper discovery under Rule 26 of the Federal Rules of Civil Procedure. In re New England Compounding Pharmacy, Inc. Product Liab. Litig., No. 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013) (citations omitted). Rule 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit." Id.

The information sought by a subpoena must therefore be (1) not privileged; (2) relevant to the claim or defense of any party; and (3) proportional to the needs of the case. Id. In addition, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Also, an order compelling compliance with a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

B.    Standing

Defendants challenge Sheehan's standing to challenge the subpoenas to the State Agencies. Docket No. 167 at 2-3; Docket No. 170 at 1-2. "A party has standing to move to quash a non-party subpoena if the information sought by the subpoena implicates a personal right or privilege of the party." Ponder v. Ocwen Loan Servicing, LLC, No. CV 19-MC-91215-ADB, 2019 WL 2249675, at *2 (D. Mass. May 24, 2019) (citations omitted). "The personal right or privilege claimed need not be weighty: parties need only have *some* personal right or privilege in the information sought to have standing to challenge a subpoena to a third party." Id. (citations omitted) (emphasis in original). In addition, upon a finding that the information sought is duplicative, overly burdensome to produce, or irrelevant, a court may effect the relief sought by a party contesting a subpoena even if the moving party lacks standing to do so on its own behalf. See Fed. R. Civ. P. 26(b)(2)(C); see also Accusoft Corp. v. Quest Diagnostics, Inc., No. CIV. A.

4

12-40007-FDS, 2012 WL 1358662, at *11 (D. Mass. Apr. 18, 2012). The standing derived from a personal right or privilege held by the party objecting to a third-party subpoena, however, does not extend to procedural and other objections. See Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F.Supp.2d 444, 450 (D. Mass. 2011) (citing cases) (finding defendant lacked standing to argue undue burden and improper service on third parties).

Here, Sheehan does not appear to have a personal right or privilege in the documents sought in the subpoenas. Nevertheless, this Court may address her arguments that the subpoena seeks documents beyond the scope of discovery permitted by Rule 26.

    C.    <u>Relevance</u>

By the proposed subpoenas, Carver seeks communications between certain state agencies and CLWC regarding certain topics. The relevance of such documents is not readily apparent and Carver and the other Defendants have provided only vague, convoluted, and confusing arguments regarding relevance. Among other things, Carver points to Sheehan's allegations of unlawful mining, "prevarication," and conspiracies and argues that "[h]aving tossed these hand grenades, the Town of Carver is entitled to ferret out information which might disarm them." Docket No. 167 at 4. It is not at all clear how the documents sought by the subpoena would shed light on those issues. Oral argument was not any more illuminating.

In addition, Request No. 2 is incredibly broad. By that request, Carver seeks communications between the State Agencies and CLWC concerning or relating to "any former or current Carver or Plymouth official or employee (elected or appointed)" regardless of any such officials or employees had any involvement in the events surrounding this litigation. This Court therefore finds that the Defendants have failed to show that the subpoena seeks discoverable information.

III.     ORDER

      For the foregoing reasons, this Court grants Sheehan's motion to preclude Carver from serving subpoenas on the State Agencies.

                                          /s/ Jennifer C. Boal
                                          JENNIFER C. BOAL
                                          United States Magistrate Judge