UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARGARET E. SHEEHAN,

*Plaintiff,*

v.

TOWN OF CARVER, MA;
TOWN OF PLYMOUTH, MA;
ALAN G. GERMAIN; STEPHEN G.
GRAY; BETTY CAVACCO; MICHAEL
MAIN; A.D. MAKEPEACE COMPANY;
JAMES F. KANE; SLT CONSTRUCTION
CORPORATION; PETER OPACHINSKI;
and MICHAEL McVEIGH,

*Defendants.*

No. 1:24-cv-12347-ADB

## DEFENDANT MICHAEL MCVEIGH'S ANSWER AND JURY DEMAND TO PLAINTIFF MARGARET E. SHEEHAN'S AMENDED COMPLAINT

Defendant Michael McVeigh ("McVeigh") hereby answers Plaintiff Margaret E. Sheehan's ("Sheehan") Amended Complaint as follows by denying each and every allegation not specifically admitted herein.[1]

## EXECUTIVE SUMMARY[2]

The non-numbered allegations in this section contain a summary of Sheehan's claims and legal conclusions to which no response is required. To the extent this section may be construed as containing factual allegations against McVeigh, McVeigh denies the allegations.

---

[1] Pursuant to this Court's Memorandum and Order ("Motion to Dismiss Order"), dated March 25, 2026, Counts 17 and 18 of the Amended Complaint are dismissed against McVeigh in so far as they are based on eighteen statements identified in the Motion to Dismiss Order. No response is required to dismissed claims, and nothing herein shall be construed as an admission to allegations pertaining to those claims.

[2] McVeigh incorporates the headings and subheadings in the Amended Complaint only for ease of reference. The headings and subheadings do not constitute well-pleaded allegations of fact and therefore no response is required. To the extent any response is deemed required, McVeigh denies the allegations in the headings and subheadings of the Amended Complaint.

*Jurisdiction*

1.      McVeigh admits that he is domiciled in Massachusetts.  McVeigh further admits that A.D. Makepeace Co.'s ("Makepeace") principal place of business is in Massachusetts. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Sheehan's and other Defendants' domicile.  The remaining allegations are legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the remaining allegations.

2.      The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

*Parties and Venue*

3.      McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4.      McVeigh admits that the Town of Carver is a municipality in Southeastern Massachusetts.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

5.      McVeigh admits that Alan G. Germain ("Germain") has served on the Carver Conservation Commission and as Carver's Town Moderator.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

6.      McVeigh admits that Stephan Gray ("Gray") has served as Chair of the Carver Zoning Board on Appeals ("ZBA").  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

7.    McVeigh admits that the Town of Plymouth is a municipality in Southeastern Massachusetts.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

8.    McVeigh admits that Betty Cavacco ("Cavacco") has served on the Plymouth Select Board and on the Community Preservation Committee. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

9.    McVeigh admits that Michael Main ("Main") has served as Chair of the Plymouth Zoning Board of Appeals.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

10.    McVeigh admits that Makepeace is a corporation domiciled in Wareham, Massachusetts, and that Read Custom Soils ("Read") is a subsidiary of Makepeace.  McVeigh admits that he created the "T.J. Strongbow" Facebook profile.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

11.    McVeigh admits that James Kane ("Kane") is the Chief Executive Officer ("CEO") and President of Makepeace.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

12.    McVeigh admits that he is domiciled in Massachusetts.  McVeigh admits that he has been employed at Makepeace since 2013 and is an in-house attorney for Makepeace. McVeigh admits that Makepeace paid for a portion of his legal education. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

13.	McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14.	McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

*The Backgrounds of the Parties as Related to This Dispute*

15.	McVeigh admits that Sheehan is a member of the Massachusetts Bar.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

16.	McVeigh admits the allegations in the first sentence of this paragraph.  McVeigh admits that the quote in the second sentence of this paragraph is located on Makepeace's website. McVeigh denies the remaining allegations in this paragraph.

17.	McVeigh denies the allegations in this paragraph, except McVeigh admits that Kane is Makepeace's CEO.

18.	McVeigh admits that he created the T.J. Strongbow Facebook profile.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

19.	McVeigh admits that he is an in-house lawyer for Makepeace and that Makepeace paid for part of his legal education.  McVeigh admits that, in or about January 2023, he created and was the administrator of the Facebook page called "Meg Costs Us Millions" ("MMP") and he admits that he created the Facebook profile "Rebecca Newhouse."  McVeigh admits that MMP and the Rebecca Newhouse profile existed online until after this lawsuit was filed but denies that they were "active" until immediately after the filing of this lawsuit.  McVeigh denies the remaining allegations in this paragraph.

4

20.     McVeigh denies the allegations in this paragraph.

21.     McVeigh admits that Read operates a soil blending facility in Carver.  McVeigh denies the remaining allegations in this paragraph.

22.     McVeigh denies the allegations in this paragraph.

23.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28.     McVeigh admits that Cavacco served on the Plymouth Select Board and the Community Preservation Committee.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

29.     McVeigh admits that Main is the Chair of the Plymouth ZBA.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first and second sentence of this paragraph.  With respect to the third sentence, McVeigh admits that MMP was partly inspired by Main's comments at a Plymouth ZBA meeting in January of 2023.  McVeigh denies the remaining allegations in this paragraph.

30.     McVeigh admits that Kane is the President and CEO of Makepeace. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

31.     McVeigh admits that he created MMP and that his identity was anonymous until revealed in this lawsuit. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, McVeigh denies the allegations.

32.     McVeigh admits that he created the T.J. Strongbow profile. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

*The Mysterious and Critically Important Former "John Doe(s)."*

33.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph. McVeigh admits that he created MMP and the Rebecca Newhouse profile. McVeigh admits that he created the T.J. Strongbow profile. McVeigh denies the remaining allegations in this paragraph.

34.     McVeigh admits that he created MMP and the Rebecca Newhouse profile. McVeigh states that the online posts referenced in this paragraph are documents which speak for themselves. To the extent this paragraph mischaracterizes or misquotes any of the online posts, McVeigh denies those allegations. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, McVeigh denies the remaining allegations in this paragraph.

*A Chronology of Illustrative Events*

35.    McVeigh admits that Sheehan is a lawyer who works in Massachusetts. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

36.    McVeigh admits that Sheehan formed Save the Pine Barrens, Inc. ("STPB") in 2021. McVeigh admits that STPB's activities focused on Makepeace. McVeigh admits that he created the T.J. Strongbow Facebook profile. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

37.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39.    McVeigh states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40.    To the extent alleged, McVeigh denies seeking to wield any influence over the Towns of Plymouth and Carver and denies seeking to intimidate Sheehan to abandon her law practice. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

41.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

45.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

46.     McVeigh states that the Town of Carver's Bylaws are documents which speak for themselves.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

47.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

48.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

49.     McVeigh admits that STPB rebranded as the Community Land & Water Coalition ("CLWC") at some point.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

50.     McVeigh admits that, on January 4, 2023, Sheehan appeared before the Plymouth Zoning Board of Appeals ("ZBA").  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

51.     McVeigh states that the first and second sentences of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required,

McVeigh lacks knowledge or information sufficient to form a belief about the truth of those allegations and the remaining allegations in this paragraph.

52.    McVeigh states that the video recording of the January 4, 2023 Plymouth ZBA meeting speaks for itself.  To the extent this paragraph is inconsistent with or mischaracterizes the recording of the January 4, 2023 ZBA meeting, McVeigh denies the allegations in this paragraph.

53.    McVeigh states that the video recording of the January 4, 2023 Plymouth ZBA meeting speaks for itself.  To the extent this paragraph is inconsistent with or mischaracterizes the recording of the January 4, 2023 ZBA meeting, McVeigh denies the allegations in this paragraph.

54.    McVeigh states that the video recording of the January 4, 2023 Plymouth ZBA meeting speaks for itself.  To the extent this paragraph is inconsistent with or mischaracterizes the recording of the January 4, 2023 ZBA meeting, McVeigh denies the allegations in this paragraph.

55.    McVeigh states that the video recording of the January 4, 2023 Plymouth ZBA meeting speaks for itself.  To the extent this paragraph is inconsistent with or mischaracterizes the recording of the January 4, 2023 ZBA meeting, McVeigh denies the allegations in this paragraph.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

56.    McVeigh states that Sheehan's cases are legal documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with those documents, McVeigh denies the allegations.  McVeigh admits that he administered MMP but

denies Sheehan's characterizations of MMP. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

57. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

58. McVeigh admits that he administered MMP, that he is an in-house lawyer for Makepeace, and that his identity was not revealed until the filing of this lawsuit but otherwise denies the allegations in the first sentence of this paragraph. McVeigh admits the allegations in the second sentence of this paragraph. McVeigh denies the allegations in the third sentence of this paragraph. McVeigh admits that MMP's name was partly inspired by Main's statement at the January 4, 2023 Plymouth ZBA meeting but denies the remaining allegations in the fourth sentence of this paragraph. McVeigh denies the allegations in the last sentence of this paragraph.

59. This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required. To the extent a response is deemed required, McVeigh states the YouTube post referenced in this paragraph is a document which speaks for itself. To the extent the allegations in this paragraph are inconsistent with or mischaracterize the post, McVeigh denies the allegations.

60. McVeigh states that the posts on MMP are documents which speak for themselves. To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations. McVeigh specifically denies the allegation that he was trying to stop Sheehan's advocacy in Southeastern Massachusetts.

61. This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required. To the extent a response is deemed required, McVeigh states that the posts on MMP or on other online platforms are documents which speak for

themselves.    To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP or on other online platforms, McVeigh denies the allegations.

62.    McVeigh admits that he administered MMP and that it was an anonymous page. McVeigh states that the posts on MMP or on other online platforms are documents which speak for themselves.    To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP or on other online platforms, McVeigh denies the allegations.

63.    McVeigh admits that MMP was an anonymous page but denies the remaining allegations in this first sentence of this paragraph.  With respect to the second sentence in this paragraph, McVeigh states that the posts on MMP or on other online platforms are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP or on other online platforms, McVeigh denies the allegations.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

64.    McVeigh denies the allegations in the first sentence of this paragraph.  With respect to the second and third sentence in this paragraph, McVeigh states that the posts on MMP or on other online platforms are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP or on other online platforms, McVeigh denies the allegations.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth and fifth sentences in this paragraph.

65.    McVeigh denies the allegations in the first sentence of this paragraph.  With respect to the second and third sentence in this paragraph, McVeigh states that the posts on MMP are documents which speak for themselves.  To the extent the allegations in this paragraph are

11

inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations. With respect to the screenshot of the MMP post included in the fourth sentence paragraph, this allegation addresses a statement and claims that have been dismissed by this Court to which no response is required.

66.    The first sentence of this paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required. To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of this paragraph. McVeigh denies the allegations in the fourth and fifth sentences of this paragraph.

67.    This paragraph addresses statements and claims that have been dismissed by this Court to which no response is required. To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

68.    This paragraph addresses statements and claims that have been dismissed by this Court to which no response is required. To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

69.    This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required.  To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.  McVeigh denies the remaining allegations in this paragraph.

70.    McVeigh admits that he did not know Sheehan personally.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

71.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

72.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

73.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

74.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

75.    McVeigh states that the allegations in the first sentence of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required by McVeigh, McVeigh denies the allegations. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

76.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13

77.    McVeigh states that the posts on MMP are documents which speak for themselves. To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations.

78.    McVeigh states that the posts on MMP are documents which speak for themselves. To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

79.    This paragraph addresses statements and claims that have been dismissed by this Court to which no response is required. To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

80.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

81.    This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required. To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

82.    This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required. McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP. McVeigh states further that the allegations in this paragraph

contain legal conclusion to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

83.     This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required.  To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

84.     McVeigh denies the allegations in the first sentence of this paragraph regarding his alleged coordination to Cavacco.  McVeigh states that the letter from Cavacco to the Southeastern Massachusetts Pine Barrens Alliance, Inc. ("SEMPBA") is a legal document which speaks for itself.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the referenced letter, McVeigh denies the allegations.  McVeigh states further that the posts on MMP are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

85.     McVeigh states that the posts on MMP are documents which speak for themselves. To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations.  McVeigh states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

86.     This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required.  To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies

any allegations that are inconsistent with or mischaracterize the posts on MMP. McVeigh further states that this paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, McVeigh denies the allegations.

87. This paragraph addresses statements and claims that have been dismissed by this Court to which no response is required. To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

88. This paragraph addresses statements and claims that have been dismissed by this Court to which no response is required. To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

89. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

90. McVeigh states that the posts on MMP are documents which speak for themselves. To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

91. This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required. McVeigh states that the posts on MMP are documents which speak for themselves. To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

16

92.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

93.     This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required.  To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

94.     This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required.  To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

95.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

96.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

97.     McVeigh states that the posts on MMP and other online posts are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

98.     McVeigh admits that he used the email address megcostsusmillions@proton.me in connection with MMP.  McVeigh states that the posts on MMP and other online posts are

17

documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations.

99.     McVeigh states that the posts on MMP and other online posts are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations.

100.    This paragraph addresses a statement and claims that have been dismissed by this Court to which no response is required.  To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

101.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

102.    McVeigh admits that Sheehan used the term "sand mining thugs" to refer to certain Defendants.  McVeigh states that the posts on MMP and other online posts are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

103.    McVeigh admits that Community Land and Water Coalition ("CLWC") produced a report entitled *Sand Wars in Cranberry Country: An investigation into the money, politics and corruption behind sand mining and its silent environmental crisis in Southeastern Massachusetts*.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

104.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

105.    McVeigh states that the posts on MMP are documents which speak for themselves. To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP, McVeigh denies the allegations.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

106.    McVeigh states that the posts on MMP or on other online platforms are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP or on other online platforms, McVeigh denies the allegations. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

107.    McVeigh states that the posts on MMP or on other online platforms are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP or on other online platforms, McVeigh denies the allegations. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

108.    This paragraph addresses statements and claims that have been dismissed by this Court to which no response is required.  To the extent a response is deemed required, McVeigh states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

109.    This paragraph addresses statements and claims that have been dismissed by this Court to which no response is required.  To the extent a response is deemed required, McVeigh

states that the posts on MMP are documents which speak for themselves, and McVeigh denies any allegations that are inconsistent with or mischaracterize the posts on MMP.

110.    McVeigh states that the posts on MMP or other online posts are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP or other online posts, McVeigh denies the allegations. McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

111.    McVeigh admits that the Carver ZBA heard an appeal of a denial of STPB's enforcement request against Read.  McVeigh admits that Gray spoke to Sheehan at the hearing and discussed the issue of collateral estoppel.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

112.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

113.    McVeigh states that the letter from Mary Dormer referenced in this paragraph is a document which speaks for itself.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

114.    McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

115.    McVeigh states that the email from Tim Westover referenced in this paragraph is a document which speaks for itself.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20

116.    McVeigh states that the email from Tim Westover referenced in this paragraph is a document which speaks for itself.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

117.    McVeigh states that the email from Tim Westover referenced in this paragraph is a document which speaks for itself.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

118.    McVeigh states that the Massachusetts Department of Environmental Protection regulations speak for themselves.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

119.    McVeigh states that the posts on MMP or other online posts are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP or other online posts, McVeigh denies the allegations.

120.    McVeigh states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

121.    McVeigh admits that he administered MMP and admits that the account was anonymous until after the filing of this lawsuit.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations related to Sheehan's mental state. McVeigh denies the remaining allegations in this paragraph.

122.    McVeigh states that this paragraph does not contain any factual allegations and therefore no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

21

## CAUSES OF ACTION

### Count 1

### v. Carver Jointly and Severally with Germain and Gray in their Official Capacities Pursuant to 42 U.S.C. § 1983 for violation of Sheehan's First Amendment Rights

123.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

124.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

125.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

126.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

127.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

128.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

129.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## Count 2

### v. Germain in his Individual Capacity for violation of 42 U.S.C. § 1983

130.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

131.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

132.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

133.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

134.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

135.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

136.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

137.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

138.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed

required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

139. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

140. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

141. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

142. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

143. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## Count 5

### v. SLT and Opachinski for Conspiracy with State Actors to Violate Sheehan's First Amendment Rights Pursuant to 42 U.S.C. § 1983

1.      The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.[3]

2.      The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3.      The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4.      The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5.      The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

---

[3] The numbered paragraphs in the Amended Complaint restart at paragraph 1 under Count 5.  For consistency and ease of reference, McVeigh maintains the same numbering in this Answer as used in the Amended Complaint.

6.      The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7.      The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8.      The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9.      The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed

required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### Count 6

### v. Opachinski and SLT for Violation of the Massachusetts Civil Right Act, M.G.L. c. 12 § 11H et seq.

13.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15.    The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## Count 7

### v. Opachinski and SLT for Libel and Slander

16. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**Count 8**

**v. Opachinski and SLT Jointly and Severally for Intentional Infliction of Emotional Distress**

23.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## Count 9

### v. Plymouth Jointly and Severally with Cavacco and Main in their Official Capacity Pursuant to 42 U.S.C. § 1983 for Violation of Sheehan's First Amendment Rights

28.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36. The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed

required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**Count 10**

**v. Cavacco for violation of 42 U.S.C. § 1983 in her Individual Capacity**

39.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed

required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## Count 11

### v. Main for violation of 42 U.S.C. § 1983 in his Individual Capacity

43.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

45.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**Count 12**

**v. Cavacco in her Individual Capacity for Libel and Slander**

46.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

47.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

48.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

49.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

51.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

52.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### Count 13

### v. Main in his Individual Capacity for Slander

53.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

54.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

55.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

56.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed

required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

57.     The allegations in this paragraph do not relate to any causes of action asserted against McVeigh and therefore no response is required. To the extent a response is deemed required, McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**Count 14**

**v. Makepeace, Kane, and McVeigh for Conspiracy with Plymouth State Actors to Violate Sheehan's First Amendment Rights, pursuant to 42 U.S.C. § 1983**

58.     McVeigh admits the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

59.     McVeigh admits that Kane is the CEO of Makepeace.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

60.     McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

61.     McVeigh admits that he has been employed at Makepeace since 2013 and that he became a member of the Massachusetts Bar in January of 2022.  McVeigh admits that he is an in-house attorney for Makepeace.

62.     McVeigh admits the allegations in the first and second sentences of this paragraph. McVeigh admits that MMP was open to the general public.  To the extent the third and fourth sentences of this paragraph contain legal conclusions, no response is required.  McVeigh admits that he created the T.J. Strongbow profile and the Rebecca Newhouse profile.  McVeigh lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

63.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

64.    The allegations in this paragraph contain legal conclusions to which no response is required.

65.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

66.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

67.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

## Count 15

### v. Makepeace, Kane, and McVeigh for Conspiracy with Carver State Actors, to Violate Sheehan's First Amendment Rights, pursuant to 42 U.S.C. § 1983

68.    The allegations in this paragraph contain legal conclusions to which no response is required.

69.    McVeigh admits that Makepeace made certain donations to Carver but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

70.     McVeigh admits that Germain posted on MMP.  McVeigh states that the posts on MMP or other online posts are documents which speak for themselves.  To the extent the allegations in this paragraph are inconsistent with or mischaracterize the posts on MMP or other online posts, McVeigh denies the allegations.  The allegations in this paragraph also contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the remaining allegations in this paragraph.

71.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

72.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

73.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

**Count 16**

**v. Kane, McVeigh, and Makepeace for Violation of the Massachusetts Civil Right Act, M.G.L. c. 12 § 11h et seq.**

74.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

75.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

76.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations in this paragraph.

## Count 17

### v. McVeigh and Makepeace for Libel

77.    To the extent the allegations in this paragraph rely on statements or claims that have been dismissed by this Court, no response is required.  McVeigh admits that he was an employee of Makepeace and its in-house attorney.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

78.    To the extent the allegations in this paragraph rely on statements or claims that have been dismissed by this Court, no response is required.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

79.    To the extent the allegations in this paragraph rely on statements or claims that have been dismissed by this Court, no response is required.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

## Count 18

### v. McVeigh, Kane and Makepeace for Intentional Infliction of Emotional Distress

80.    To the extent the allegations in this paragraph rely on statements or claims that have been dismissed by this Court, no response is required.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

81.    To the extent the allegations in this paragraph rely on statements or claims that have been dismissed by this Court, no response is required.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

82.    To the extent the allegations in this paragraph rely on statements or claims that have been dismissed by this Court, no response is required.  McVeigh admits that he posted anonymously online.  McVeigh admits that Makepeace is his employer and that Kane is the CEO of Makepeace.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the remaining allegations.

83.    To the extent the allegations in this paragraph rely on statements or claims that have been dismissed by this Court, no response is required.  McVeigh admits that certain online posts were removed after the lawsuit was filed.  McVeigh admits that he is currently employed at Makepeace.  McVeigh lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph related to Sheehan's mental or emotional state.  McVeigh denies that he has as "worked hard" to make Sheehan "go away."  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the remaining allegations.

84.    To the extent the allegations in this paragraph rely on statements or claims that have been dismissed by this Court, no response is required.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, McVeigh denies the allegations.

## PRAYER FOR RELIEF

McVeigh denies all liability and expressly denies that Sheehan is entitled to the relief sought in the Wherefore Clause and in Counts 1 through 18 of the Amended Complaint.  McVeigh specifically denies that Sheehan is entitled to compensatory damages, punitive damages, or attorney's fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against McVeigh upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Sheehan's claims are barred because she lacks Article III standing for the claims and relief sought against McVeigh.

### THIRD AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh are barred because McVeigh's alleged statements and conduct are protected by the First Amendment to the United States Constitution and Articles 16 and 19 of the Massachusetts Declaration of Rights.

### FIFTH AFFIRMATIVE DEFENSE

Sheehan's claims are barred because McVeigh's alleged statements relate to matters of public concern, and Sheehan cannot demonstrate that the alleged statements are materially false.

## SIXTH AFFIRMATIVE DEFENSE

Sheehan's claims are barred because she is public figure or a limited purpose public figure, and Sheehan cannot demonstrate that McVeigh's alleged statements were made with actual malice.

## SEVENTH AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh are barred by the substantial truth doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh are barred, in part, by the wire service defense.

## NINTH AFFIRMATIVE DEFENSE

Sheehan's claim against McVeigh for intentional infliction of emotional distress is barred because McVeigh's conduct was privileged.

## TENTH AFFIRMATIVE DEFENSE

Sheehan's claim against McVeigh for intentional infliction of emotional distress is barred because McVeigh's conduct was not extreme or outrageous and because McVeigh did not act intentionally or recklessly to inflict emotional distress so severe that no reasonable person could be expected to endure it.

## ELEVENTH AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh under 42 U.S.C. § 1983 are barred for lack of state action.

## TWELVETH AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh under 42 U.S.C. § 1983 are barred for lack of any conspiracy with state actors.

### THIRTEENTH AFFIRMATIVE DEFENSE

Sheehan's claim against McVeigh for violation of the Massachusetts Civil Rights Act pursuant to M.G.L. c. 12 § 11H and § 11I is barred for lack of actionable threats, intimidation, or coercion by McVeigh.

### FOURTEENTH AFFIRMATIVE DEFENSE

Sheehan's claim against McVeigh for violation of the Massachusetts Civil Rights Act pursuant to M.G.L. c. 12 § 11H and § 11I is barred for lack of any interference or attempted interference with a secured right by McVeigh.

### FIFTEENTH AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh are barred because she has not suffered an injury in fact.

### SIXTEENTH AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh are barred because she has not suffered harm or damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh are barred because, to the extent she has suffered any harm or damage, such harm or damages were caused by her own conduct or the conduct of individuals other than McVeigh and for whose acts McVeigh is not responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Sheehan's claims are barred because she failed to mitigate any damages.

### NINTEENTH AFFIRMATIVE DEFENSES

Sheehan's claims against McVeigh are barred by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh are barred, in part, by the wire service defense.

## TWENTY-FIRST AFFIRMATIVE DEFENSES

Sheehan's claims against McVeigh are barred by the doctrine of waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Sheehan's claims against McVeigh are barred by the doctrines of estoppel and/or res judicata.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

McVeigh reserves the right to assert all statutory and common law defenses to each and every separate claim made by Sheehan in the Amended Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

McVeigh reserves the right to supplement and/or amend this Answer to assert additional defenses as they may become known during the course of discovery, or to withdraw defenses no longer viable following discovery.

## JURY DEMAND

McVeigh demands a trial by jury on all claims against him.

Respectfully Submitted,
Michael McVeigh,
by his Attorneys,

/s/ Michael Paris
Michael Paris (BBO# 556791)
Kileigh E. Stranahan (BBO# 707769)
NYSTROM BECKMAN & PARIS, LLP
One Marina Park Drive, 15th Floor
Boston, MA  02110
(617) 778-9100
(617) 778-9110 (fax)
mparis@nbparis.com
kstranahan@nbparis.com

Dated: April 8, 2026

## CERTIFICATE OF SERVICE

I, Michael Paris, hereby certify that on this day, April 8, 2026, I caused a true and accurate copy of the foregoing document to be served via the Court's CM/ECF filing system on all counsel of record.

/s/ Michael Paris
Michael Paris