UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARGARET E. SHEEHAN,<br>Plaintiff,<br><br>VS.<br><br>TOWN OF CARVER, MA, *et al.*<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. 1:24-cv-12347-ABS |

**THE PLYMOUTH DEFENDANTS' OPPOSITION TO PLAINTIFF MARGARET E. SHEEHAN'S MOTION TO COMPEL DISCOVERY**

Preliminary Statement

The Plymouth Defendants respectfully submits this Opposition to Plaintiff's Motion to Compel. Plaintiff's Motion should be denied because the Town of Plymouth has not refused discovery, withheld discovery in bad faith, or ignored its obligations under the Rules. Rather, the Town has spent many months actively locating, collecting, processing, reviewing, and producing electronically stored information responsive to Plaintiff's discovery requests. The delay is the result of the incredibly large volume of potentially responsive documents, not any lack of diligence or unwillingness to comply with its discovery obligations. As directionally indicated in the Plaintiff's motion, the Plaintiff's search terms resulted in 80,418 separate hits, many of which are multi page documents. We conservatively estimate the total page count to be in the range of 400,000 pages.

Background

The Town does not dispute the general chronology set forth in Plaintiff's Motion. Plaintiff served Requests for Production on October 6, 2025. Plaintiff produced her search terms on

October 22, 2025.[1] The Town thereafter served responses and indicated that responsive, non-privileged documents would be produced. Since that time, the Town has been actively engaged in attempting to complete what has become an extraordinarily large and burdensome electronic discovery project.

To assist in the collection and processing of electronically stored information ("ESI"), defense counsel retained IST Management Services in early November 2025, an outside e-discovery vendor with expertise in large-scale electronic document productions. Significant time and effort were then required to coordinate the collection process with the Town of Plymouth's Information Technology Department.

Because of municipal cybersecurity and network security concerns, the Town's IT Department cannot permit outside vendors to obtain direct control or access to Town computer systems. As a result, initial efforts were required to develop a process by which the Town's IT personnel could work in conjunction with IST Management and defense counsel while still maintaining the Town's security protocols and restrictions. Once those integration and access issues were resolved, the Town's IT staff conducted searches utilizing Plaintiff's requested search terms. Those searches resulted in 80,418 separate "hits." Importantly, each "hit" represents a

---

[1] Plaintiff's search terms are as follows:

**Custodians**
Michael "Buster" Main
Betty Cavacco
Richard Quintal
Derek Brindisi
Town Clerk
Zoning Board of Appeals Clerk and/or Secretary
Bill Fornaciari (Chair, CPC)
Kevin Canty (Select Brd. Rep to CPC)
Len Levin (Clerk, CPC)
Bill Keohan (former CPC member)

**Search terms for Town of Plymouth**:
Sheehan
Meg
Margaret
"Save the Pine Barrens"
STPB
CLWC
Coalition
Tim Westover
Rebecca Newhouse
Makepeace
Kane
McVeigh
"Inspector General"
OIG
millions
sand /3 mining
sand-mining
"conflict of interest
"Community Preservation Committee"
CPC
"grant applications"

separate document or item requiring review. Based upon the data collected to date, the Town conservatively estimates that the responsive data set exceeds 400,000 pages of material.

In March 2026, while counsel were corresponding regarding the status of the production, defense counsel explained that Plaintiff's requested search terms had generated approximately 80,000 hits and that counsel were actively working through those results. Defense counsel further advised that a substantial portion of the search results appeared likely to be unrelated to the claims and defenses in this case. Although Plaintiff's counsel expressed a willingness to discuss the issue, she never proposed any specific narrowing of the search terms, custodians, date ranges, or requests that would have reduced the volume of documents requiring review. Thus, the Town continued reviewing the entire search population.

Plaintiff's characterization of the May 21, 2026, meet-and-confer minimizes the Town's position. The Town did not state that it lacked the staff to complete the production. Rather, the Town explained that defense counsel's office consists of ten attorneys, two litigation paralegals, and three clerks, and that counsel have been dedicating substantial attorney and staff time each week to the review and production process while simultaneously meeting court deadlines and litigation obligations in numerous other active matters. Very briefly, Attorney Padolsky currently manages approximately forty active litigation matters, and Attorney McDonough manages approximately twenty-five active litigation matters. Despite those obligations, both attorneys have devoted significant time each week to this production and discovery in this case. Collectively, counsel and support staff have spent more than 600 hours on discovery in this case.

Throughout this process, defense counsel have consistently communicated to Plaintiff’s counsel that the Town was actively working to complete the production as quickly as reasonably possible. To the extent counsel previously identified anticipated completion dates, as reflected in

the Plaintiff's affidavit, those statements reflected good-faith estimates and optimism regarding ongoing review efforts, not any intentional delay or bad-faith conduct.

The parties have also been very active in working towards completing discovery in this case. There have been seven depositions to date[2], extensive written party discovery and third-party discovery. In addition to Rule 34 requests for production, the parties have served public records requests upon both the Town of Plymouth and the Town of Carver. These efforts reflect that discovery in this matter has been extensive and ongoing, and that the parties have continued to actively work toward completing what has proved to be very extensive discovery within the Court's current scheduling order.

On that point, however, at the parties' meet-and-confer, the Town indicated that it appears the parties will need additional time to complete fact discovery beyond the current June 29, 2026 deadline. Plaintiff's counsel indicated that she preferred not to alter the schedule. That does not appear feasible.[3] Despite the parties' extensive and good-faith efforts to complete discovery, there remains too much outstanding discovery and too many parties and counsel involved to reasonably complete the remaining written and deposition discovery before June 29, 2026. As indicated, the parties have been working on scheduling Plaintiff's second day of deposition as well as four other depositions in the case.[4] The Plymouth Defendants served a *second* set of two interrogatories upon

---

[2] The deposition process has required coordinating the schedules of six separate groups of attorneys. Despite logistical challenges, counsel have worked cooperatively and professionally to schedule and conduct this discovery. Plaintiff's second day of deposition remains outstanding, as do four other depositions that the parties have been actively working to schedule for several months. It is the Town's understanding that co-defendants anticipate at least one additional deposition as well. These ongoing efforts demonstrate that the Town, like all parties in this case, has remained actively engaged in discovery and has worked in good faith to complete discovery within the Court's scheduling order.

[3] Additionally, Plaintiff Meg Sheehan, is scheduled to begin a five-day trial starting on June 22, 2026, which has also had an impact on scheduling.

[4] (1) Plaintiff Meg Sheehan [Day 2]; (2) Mary Dormer; (3) Community Land and Water Coalition (CLWC); (4) Defendant Betty Cavacco; (5) and Defendant Michael Main.

Plaintiff on May 18, 2026. Plaintiff served her *first* set of interrogatories upon Defendants A.D. Makepeace and James Kane on May 26, 2026. Plaintiff served her *first* set of interrogatories upon Defendants Town of Carver, Alan Germain, and Stephen Gray, and upon the Town of Plymouth, Betty Cavacco, and Michael Main on May 27, 2026. Plaintiff recently indicated to defense counsel that she would be serving a subpoena duces tecum on the Plymouth Foundation and she served two sets of public records requests on the Towns on May 27, 2026. Those recent discovery requests confirm that meaningful written discovery remains ongoing, in addition to the outstanding depositions, and further demonstrate that completion of all remaining discovery by June 29, 2026 is not realistic.

<u>Argument</u>

**1. The Town of Plymouth Has Acted Diligently And In Good Faith.**

Rule 37 is intended to address failures or refusals to provide discovery, not circumstances where a party is actively engaged in good-faith efforts to complete a massive electronic discovery review. There are obvious and practical burdens associated with large-scale document productions. Rule 26 permits discovery of relevant, nonprivileged information, but expressly limits discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the requested discovery. *Licensed 2 Thrill, LLC v. Rakuten, Inc.*, 2015 U.S. Dist. LEXIS 194402, at *3-4 (D. Mass. Oct. 13, 2015); *Enargy Power (Shenzhen) Co. v. Wang*, 2014 U.S. Dist. LEXIS 130997, at *5-6 (D. Mass. Sept. 17, 2014). Moreover, whether to compel discovery and the scope of any such relief remains committed to the Court's discretion. *See Natal-Lugo v. City of Fall River*, 2025 U.S. Dist. LEXIS 214101, at *7-8 (D. Mass. Oct. 30, 2025) (discovery enforcement and waiver determinations remain subject to judicial discretion). Here, the Town has not refused discovery,

asserted blanket objections, nor ignored its obligations. The Town retained an outside e-discovery vendor, coordinated an extensive collection effort with municipal IT personnel, processed approximately 80,000 separate search-result documents, and continues to conduct the responsiveness and privilege review necessary to produce non-privileged responsive materials. Under these circumstances, the extraordinary volume of material and the ongoing good-faith review effort weigh against the imposition of the deadline requested by Plaintiff.

Plaintiff does not contend that the Town has refused to search for documents, refused to engage in discovery, destroyed evidence, or asserted improper objections to production. The issue presented is the practical difficulty of processing and reviewing an extraordinarily large volume of ESI generated by Plaintiff's requested search parameters.

As the Court knows, large-scale ESI review requires substantial attorney time and careful privilege analysis, particularly where governmental entities are involved and where production implicates potentially privileged or confidential municipal communications. *United States v. Cadden*, 2015 U.S. Dist. LEXIS 197114 (D. Mass. 2015). The Town has undertaken precisely those efforts here, including:

- retained a professional e-discovery vendor to assist with collection and processing;
- coordinated extensively with municipal IT personnel to address security and access restrictions;
- conducted broad electronic searches utilizing Plaintiff's requested terms;
- identified and processed approximately 80,000 separate search-result documents;
- devoted substantial attorney and staff resources to responsiveness and privilege review; and
- maintained ongoing communication with Plaintiff's counsel regarding the status of production efforts.

This is not a situation in which discovery has been ignored nor is it a circumstance where the Town seeks to avoid production. Rather, counsel are attempting to responsibly and ethically complete

review of an exceptionally large body of material while simultaneously litigating an active and contentious case, along with management of counsel's other active litigation matters.

**2. The Plaintiff's Requested Deadline Is Not Reasonable Under The Circumstances.**

Plaintiff requests an order compelling completion of production by June 8, 2026. Under the circumstances presented, that request is not realistic.

As indicted, the current data set involves 80,418 separate search-result documents, conservatively estimated to exceed 400,000 pages. As of the filing of this opposition, counsel estimate that they are approximately 70-80 percent complete with the review. Each remaining document must still be reviewed for responsiveness, privilege, confidentiality concerns, and protected information before it can be produced. Although the Town has devoted substantial resources to this effort, including retaining an outside e-discovery vendor and dedicating significant attorney and staff time to the review process, the volume of material remains substantial.

Given the size of the remaining document population, the need for continued responsiveness and privilege review, and the other outstanding discovery obligations in this case, the Town respectfully submits that Plaintiff's requested June 8, 2026 deadline is not reasonable. Based upon the progress already made and the resources currently being devoted to the review, the Town proposes a completion deadline of June 19, 2026, which it believes is both realistic and achievable. In the event it appears the Town will be unable to complete the production by June 19, 2026, it proposes to submit a status report to the Court by June 17, 2026, advising the Court of the status of the production, the work remaining to be completed, and the amount of additional time, if any, needed to complete the project. With that said, the Town currently anticipates completing the production on or before the requested June 19, 2026 date.

### 3. The Plaintiff's Proposed 'Solutions' Are Unreasonable And Not Grounded In The Rules.

The Town also reasonably declined Plaintiff's proposed "solutions," several of which would require defense counsel to relinquish control over core attorney review functions involving privilege, confidentiality, and responsiveness determinations. The review of records for attorney-client privilege, work-product protection, confidential personnel information, protected communications, and relevance is a non-delegable obligation of defense counsel owed to their clients. Plaintiff's proposal that Plaintiff's own counsel or Plaintiff's IT personnel conduct or substantially participate in responsiveness or privilege review of Defendants' documents is plainly inappropriate and would create significant ethical and practical concerns, including risks of inadvertent disclosure of privileged material, waiver disputes, breaches of confidentiality obligations, and loss of control over protected governmental information. A claw-back agreement is not an adequate substitute for meaningful privilege review.

Plaintiff also suggested that the Town retain contract attorneys to accelerate the review. Defense counsel advised Plaintiff at the meet-and-confer that he did not believe it was appropriate, under the circumstances, for the Town to incur the substantial additional expense associated with contract-attorney review simply to accelerate an already ongoing production. Rather, the Town believes it can complete the review using the resources already dedicated to the production. At present, the Town believes it can complete the production by June 19, 2026 without the use of contract attorneys. Nevertheless, should it become apparent that additional resources are necessary to meet that proposed deadline, the Town has already taken steps through its e-discovery vendor, IST Management, to identify contract attorney resources that can be deployed to assist in completing the review. This approach reflects the Town's continuing good-faith effort to complete

the production as quickly as possible while balancing the significant costs associated with large-scale document review.

CONCLUSION

For the foregoing reasons, the Town respectfully requests that the Court deny Plaintiff's Motion to Compel and instead set a deadline of June 19, 2026 for completion of the production.

Respectfully submitted,

The Defendants,
TOWN OF PLYMOUTH, MA,
BETTY CAVACCO, and
MICHAEL MAIN,

**LOUISON, COSTELLO, CONDON & PFAFF, LLP**

By their attorneys,

*/s/ Joseph A. Padolsky*

Douglas I. Louison, BBO # 545191
Joseph A. Padolsky, BBO # 679725
Devin R. McDonough, BBO # 707482
10 Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305
(617) 439-0325 facsimile
dlouison@lccplaw.com
jpadolsky@lccplaw.com
dmcdonough@lccplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on May 29, 2026.

*/s/ Joseph A. Padolsky*

_____________________________________

Joseph A. Padolsky, Esq.