UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,          )<br>     Plaintiff,           )<br>                     )<br>VS.                       )<br>                     )<br>TOWN OF CARVER, MA, *et al.*  )<br>     Defendants.        )| C.A. NO. 1:24-cv-12347-ABS |

## DEFENDANTS' MOTION FOR LIMITED ENLARGEMENT OF FACT DISCOVERY

NOW COME Defendants Town of Carver, Massachusetts, Town of Plymouth, Massachusetts, Alan G. Germain, Stephen G. Gray, Betty Cavacco, Michael Main, A.D. Makepeace Company, James F. Kane, Michael McVeigh, SLT Construction Corporation, and Peter Opachinski (collectively, the "Defendants"), by and through their undersigned counsel, and respectfully move for an Order enlarging the fact discovery deadline from June 29, 2026 through July 15, 2026.

The Scheduling Order, issued by Judge Burroughs on April 1, 2026, set the fact discovery deadline for June 29, 2026.  *See* ECF No. 195.  On June 3, 2026, Magistrate Judge Boal extended the fact discovery deadline to July 13 for the purpose of completing the depositions of Betty Cavacco, Michael Main, and Lee Hartman.  *See* ECF No. 206.  Under the Court's June 3 Order, Plaintiff's expert disclosures are due by July 20, 2026; Defendants' expert disclosures are due by August 20, 2026; expert depositions must be completed by September 20, 2026; and dispositive motions must be filed by October 30, 2026.  Defendants seek a limited enlargement of the fact discovery deadline to July 15, 2026, for all fact discovery, to permit completion of several remaining depositions and any narrowly tailored follow-up discovery arising from those depositions.

Good cause exists for this limited enlargement. Discovery in this matter has been substantial and remains ongoing. Several depositions remain outstanding, including depositions that this Court ordered to occur after the June 29 fact discovery deadline, as well as the second day of Plaintiff's deposition. Defendants do not presently anticipate that the requested enlargement will require modification of any expert disclosure, expert discovery, dispositive motion, or other pretrial deadlines. Nor has any trial date been scheduled. Accordingly, the requested enlargement is limited in scope and will permit the orderly completion of necessary fact discovery without materially affecting the existing case schedule.

The grounds supporting this Motion are set forth below.

Relevant Discovery Timeline

1. In September 2025 (served and confirmed on October 2, 2025), Plaintiff served First Requests for Production ("RFPs") on Defendants A.D. Makepeace, James Kane, and Michael McVeigh.

2. In October 2025, Plaintiff confirmed that written discovery had already been served on multiple defendants and that additional RFPs to other defendants were forthcoming. Plaintiff also circulated and sought agreement on an ESI protocol, custodians and search terms, production specifications, deposition limits and sequencing, and coordination procedures among the various defendant groups.

3. In December 2025, Defendants served a subpoena upon the Community Land & Water Coalition ("CLWC"), a third party, seeking discovery relevant to the claims and defenses in this action.

4. Throughout the discovery period, defense counsel has maintained standing weekly coordination conferences to address scheduling, discovery issues, document production, and deposition logistics. These recurring meetings were necessary because the case involves six separate groups of attorneys representing different defendants and interests.

5. On December 18, 2025, the deposition of Linda Burke was conducted.

6. On January 20, 2026, the deposition of Michael McVeigh was conducted.

7. On January 22, 2026, the deposition of James Kane was conducted.

8. In February 2026, Defendants served interrogatories and requests for production upon Plaintiff.

9. On March 11, 2026, the deposition of Alan Germain was conducted.

10. On March 31, 2026, the parties jointly moved to extend the discovery schedule, representing to the Court that discovery remained ongoing, that numerous depositions remained to be taken, and that additional documentary discovery remained outstanding.

11. On April 23, 2026, the deposition of Stephen Gray was conducted.

12. On May 5, 2026, the deposition of Peter Opachinski was conducted.

13. On May 8, 2026, the first day of Plaintiff Margaret Sheehan's deposition was conducted.

14. On May 11, 2026, the deposition of Chris Ierardi of Read Custom Soils, was conducted.

15. On May 18, 2026, the Plymouth Defendants served a second set of interrogatories upon Plaintiff.

16. During May 2026, Plaintiff served first sets of interrogatories upon multiple defendant groups, including the Town of Plymouth, Betty Cavacco, Michael Main, the Town of Carver, Alan Germain, Stephen Gray, A.D. Makepeace, and James Kane.

17. On May 27, 2026, Plaintiff served additional interrogatories upon several defendant groups and served additional public records requests.

18. Throughout May and June 2026, notices of deposition and subpoenas were issued relating to Mary Dormer, John Morgan, CLWC, Alan Germain, Michael Main, and other witnesses.

19. On May 26, 2026, the deposition of John Morgan was conducted.

20. As of late May, and early June 2026, Plaintiff Margaret Sheehan's second day of deposition remained outstanding, as did the depositions of Mary Dormer, CLWC, Betty Cavacco, Michael Main, and Lee Hartmann. The parties had been actively working to schedule these depositions for several months. The depositions of Ms. Cavacco and Mr. Main were deferred pending completion of the Town of Plymouth's document production. Plaintiff subsequently advised that she intended to depose former Plymouth Planning Board member Lee Hartmann, whose deposition has since been scheduled.

21. On June 3, 2026, the Court issued its Order on Plaintiff's Motion to Compel and established a deadline for completion of the Town of Plymouth's document production.

22. On June 3, 2026, the Court also permitted the depositions of Betty Cavacco, Michael Main, and Lee Hartmann, a former member of the Plymouth Planning Board, to proceed after the existing June 29, 2026 fact discovery deadline.

23. Plaintiff Margaret Sheehan's continued deposition remains outstanding. Defense counsel noticed Plaintiff's continued deposition for June 17, 2026. Plaintiff subsequently proposed several alternative dates; however, given the involvement of six separate groups of defense counsel in this matter, defense counsel are not collectively available on any of the proposed dates. **The next date on which defense counsel are collectively available for Plaintiff's continued deposition is June 30, 2026.**

24. The depositions of Betty Cavacco, Michael Main, and Lee Hartmann are currently scheduled for July 7, July 8, and July 9, 2026, respectively.

25. As reflected in the Town of Plymouth's Opposition to Plaintiff's Motion to Compel, counsel for the Town of Plymouth remained actively engaged in responding to Plaintiff's discovery requests and completing the Town's document production to ensure compliance with the Court's June 19, 2026 production deadline.

26. As an additional scheduling consideration, Plaintiff Margaret Sheehan and Attorneys Geoffrey M. Raux and Lea Gulotta James, counsel for Defendants A.D. Makepeace Company and James Kane, are opposing counsel in the trial in the matter of *Adams v. Town of Plymouth Zoning Board of Appeals et al.*, Civ. Ac. No. 2583-cv-00420 (Mass. Super. Ct.), scheduled to commence on June 22, 2026. Counsel have indicated it will be a four-to-five-day trial. The trial and final trial events further limited the plaintiff and the parties' availability to complete the remaining depositions within the current fact discovery period.

27. The current Scheduling Order requires completion of the majority of fact discovery by June 29, 2026, limited depositions by July 13, 2026, Plaintiff's expert disclosures by July 20, 2026; Defendants' expert disclosures by August 20, 2026; expert depositions by September 20, 2026; and dispositive motions by October 30, 2026.

As reflected, Discovery in this matter has been substantial and remains ongoing. The parties have exchanged extensive written discovery, conducted third-party discovery, served public records requests, produced significant volumes of documents, and completed nine depositions. The remaining discovery consists principally of completing the written discovery,

4

including that recently served by the Plaintiff, Plaintiff's continued deposition, the depositions of Mary Dormer, the Community Land & Water Coalition ("CLWC"), Betty Cavacco, Michael Main, and Lee Hartmann, together with any limited follow-up discovery reasonably necessitated by that testimony.

The discovery process has required coordination among six separate groups of counsel representing multiple parties and interests. To facilitate discovery, defense counsel maintained regular coordination conferences throughout the discovery period. The parties have successfully completed substantial discovery under the current schedule and continue to actively engage in both written discovery and deposition discovery.

Discovery also remains active. In recent weeks, the parties have continued to exchange written discovery, serve interrogatories, issue subpoenas, and pursue additional records requests. Plaintiff has indicated her intention to pursue additional third-party discovery, and several depositions remain scheduled after the current June 29, 2026 fact discovery deadline. The present posture of the case reflects not a completed discovery record, but an active and ongoing discovery process nearing completion.

The Court possesses broad discretion in determining whether to modify scheduling deadlines and permit extensions of time. *Gouin v. Nolan Assocs., LLC*, 325 F.R.D. 521, 524 (D. Mass. 2017) (*quoting Macaulay v. Anas*, 321 F.3d 45, 49 (1st Cir. 2003)). In exercising that discretion, courts may consider, among other factors, whether the requested extension will prejudice the opposing party, disrupt the orderly progression of the litigation, interfere with the Court's management of the case, or otherwise affect the parties' ability to prepare and present their claims and defenses. *See Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64-65 (1st Cir. 2013).

The requested enlargement is limited. Defendants seek an extension of the fact discovery deadline through July 15, 2026, to permit completion of the remaining depositions and any narrowly tailored follow-up discovery arising from those depositions. Defendants do not presently anticipate that modification of any expert disclosure, expert discovery, dispositive motion, or other pretrial deadlines will be necessary.[1] No trial date has been scheduled. And pursuant to this Court's June 3 Order, the discovery deadline has already been extended until July 13 for three depositions to occur.  As a result, the requested enlargement will not disrupt the Court's management of this matter, materially alter the existing case schedule, or prejudice any party's ability to prepare and present its claims or defenses.

Given the scope of discovery completed to date, the discovery that remains outstanding, and the limited nature of the relief requested, good cause exists to enlarge the fact discovery deadline through July 15, 2026.

WHEREFORE, Defendants Town of Carver, Town of Plymouth, Alan G. Germain, Stephen G. Gray, Betty Cavacco, Michael Main, A.D. Makepeace Company, James F. Kane, Michael McVeigh, SLT Construction Corporation, and Peter Opachinski respectfully request that this Honorable Court enter an Order enlarging the fact discovery deadline by sixteen (16) days, from June 29, 2026 through and including July 15, 2026, to permit completion of the remaining depositions and any limited follow-up discovery reasonably necessitated by testimony obtained during those depositions, and grant such other and further relief as the Court deems just and appropriate.

---

[1] To the extent Plaintiff contends that the requested enlargement of the fact discovery deadline would affect her ability to comply with any expert disclosure or expert discovery deadlines, Defendants would join in a request for a corresponding and limited adjustment of those deadlines that preserves the current dispositive motion schedule and all other pretrial deadlines.

Respectfully Submitted,

TOWN OF CARVER, MA,
ALAN G. GERMAIN, and
STEPHEN G. GRAY,
By their Attorneys,

/s/ Adam Simms
Adam Simms, Esq.
Cole S. Fahrenkopf, Esq.
Pierce Davis & Perritano LLP
10 Post Office Square
Suite 1100
Boston, Massachusetts 02109
asimms@piercedavis.com
cfahrenkopf@piercedavis.com

TOWN OF PLYMOUTH, MA,
BETTY CAVACCO, and
MICHAEL MAIN,
By their Attorneys,

/s/ Joseph A. Padolsky
Douglas I. Louison, Esq.
Joseph A. Padolsky, Esq.
Devin R. McDonough, Esq.
Louison, Costello, Condon & Pfaff, LLP
10 Post Office Square
Suite 1330
Boston, Massachusetts 02109
dlouison@lccplaw.com
jpadolsky@lccplaw.com
dmcdonough@lccplaw.com

MICHAEL MCVEIGH,
By his Attorneys,

/s/ Michael Paris
Michael Paris (#556791)
Kileigh E. Stranahan (#707769)
NYSTROM BECKMAN & PARIS, I
One Marina Park Drive, 15th Floor
Boston, MA  02110
(617) 778-9100
 (617) 778-9110 (fax)
mparis@nbparis.com
kstranahan@nbparis.com

A.D. MAKEPEACE COMPANY
and
JAMES F. KANE
By their Attorneys,

/s/ Geoffrey M. Raux
Geoffrey M. Raux, Esq.
Lea Gulotta James, Esq.
Miranda D. Curtis, Esq.
Foley & Lardner LLP
111 Huntington Avenue
Suite 2500
Boston, Massachusetts 02199
graux@foley.com
ljames@foley.com
mcurtis@foley.com

SLT CONSTRUCTION
CORPORATION
and PETER OPACHINSKI,
By their counsel,

/s/ Edward C. Cooley
Edward C. Cooley, Esq.
Abigail Leighton, Esq.
Giarusso, Norton, Cooley &
McGlone, P.C.
308 Victory Road
Quincy, Massachusetts 02171
ecooley@gncm.net
ahogan@gncm.net

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on June 10, 2026.

*/s/ Joseph A. Padolsky*

_____

Joseph A. Padolsky, Esq.

8