UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br>*Plaintiff*,<br><br>v.<br><br>TOWN OF CARVER, MA; TOWN OF PLYMOUTH, MA; ALAN G. GERMAIN; STEPHEN G. GRAY; BETTY CAVACCO; MICHAEL MAIN; A.D. MAKEPEACE COMPANY; JAMES F. KANE; SLT CONSTRUCTION CORPORATION, and PETER OPACHINSKI,<br>*Defendants*. | C.A. No. 1:24-cv-12347-ABD |

**CARVER DEFENDANTS' LIMITED RESPONSE TO PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS AGAINST MAKEPEACE AND McVEIGH [ECF No. 211]**

Throughout her memorandum of law in support of her motion for spoliation sanctions [ECF No. 212, Pl.'s Memo. Mot. Sanctions], Plaintiff makes several references to Facebook messages between the administrator of the Meg Cost Us Millions Page and the Defendants, which she alleges were deleted by McVeigh. [Id. at 2, 9, 11, 14]. Plaintiff argues that the messages (and other allegedly spoliated evidence) "may well have supported [her] allegations of a conspiracy between and among [Makepeace] and the municipal defendants to drive Sheehan out of the region." [Id. at 2, n.4]. In her motion, Plaintiff asks the Court to enter default judgment against Makepeace and McVeigh or, alternatively, for this Court to order an adverse inference against them. [Id. at 11, n.13]. As Plaintiff's motion contains no allegations of wrongdoing by the Carver Defendants,[1] any relief granted by the Court should be narrowly tailored to avoid prejudicing the Carver Defendants.

[1] Moreover, Plaintiff makes no allegations in her instant motion or her Amended Complaint [ECF No. 106] that Stephen Gray ever corresponded with the administrator of the Meg Cost Us Millions Page, McVeigh, Makepeace, or any other Defendant, whether in furtherance of a conspiracy or otherwise, and Mr. Gray confirmed as much during his deposition.

Furthermore, as the Carver Defendants have produced all messages between them and the Meg Costs Us Millions Page, Plaintiff's motion should be denied to the extent it concerns such messages.

While the Carver Defendants take no position as to whether evidence was spoliated by Makepeace or McVeigh, the Carver Defendants respond to the instant motion to state that any relief granted by the Court should be tailored in such a way as to avoid having any effect on the Carver Defendants. Plaintiff's motion asserts no wrongdoing on the part of the Carver Defendants and as such, the Carver Defendants would be significantly prejudiced if the Court granted relief having any bearing on Plaintiff's conspiracy claims involving Makepeace, McVeigh, and the Carver Defendants. Importantly, "[t]he court must strive to tailor the sanction to the circumstances of the spoliation." Gordon v. DreamWorks Animation SKG, Inc., 935 F. Supp. 2d 306, 315 (D. Mass. 2013). As Plaintiff does not allege the Carver Defendants spoliated evidence, any sanction should be narrowly tailored to avoid having any effect on them.

Furthermore, the Carver Defendants note that all messages between them and the administrator of the Meg Costs Us Millions Page have been produced in this litigation. As this Court recently recognized, "a party claiming spoliation of ESI must establish first that ESI has been lost and *is not available in any other location*" Bloom v. Campbell, No. CV 24-10339-RGS, 2026 WL 951334, at *5 (D. Mass. Apr. 8, 2026) (Boal, J.) (emphasis added). Here, where Plaintiff is in possession of all messages between the Carver Defendants and the administrator of the Meg Costs Us Millions Page, no sanction for spoliation of those messages should lie. Therefore, to the extent that Plaintiff's motion for spoliation sanctions is based upon the alleged deletion of those messages by Makepeace or McVeigh, it should be denied.

**Wherefore**, the Caver Defendants respectfully request that, to the extent the Court grants Plaintiff any relief on her motion for spoliation sanctions against Makepeace and McVeigh such relief be narrowly tailored to avoid prejudicing the Carver Defendants in any way and, further, the Carver Defendants respectfully request that the Court deny Plaintiff's motion to the extent that it seeks relief based upon any Facebook messages between the Carver Defendants and the administrator of the Meg Costs Us Millions Page.

Respectfully submitted,
The Carver Defendants,

TOWN OF CARVER, MA,
ALAN G. GERMAIN, and
STEPHEN G. GRAY,

By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Cole S. Fahrenkopf*
Adam Simms, BBO No. 632617
Cole S. Fahrenkopf, BBO No. 710953
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
cfahrenkopf@piercedavis.com

Dated: September 30, 2026

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on September 30, 2026.

*/s/ Cole S. Fahrenkopf*
Cole S. Fahrenkopf, Esq.