UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARGARET E. SHEEHAN,<br>Plaintiff, | ) | |
| | ) | |
| VS. | ) | C.A. NO. 1:24-cv-12347-ADB |
| | ) | |
| TOWN OF CARVER, MA, *et al.*<br>Defendants. | ) | |

**PLYMOUTH DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

NOW COMES the Town of Plymouth, Betty Cavacco and Michael Main (collectively, the "Plymouth Defendants"), who respectfully request that, to the extent this Honorable Court takes any affirmative action on Plaintiff's motion for sanctions for spoliation of evidence, which is directed solely at Defendants Michael McVeigh and A.D. Makepeace, any such action be specifically tailored to have no impact on the Plymouth Defendants.

Sanctions arising from discovery misconduct should be directed at the party responsible for the misconduct and calibrated to avoid unnecessarily prejudicing innocent parties. See *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924–26 (1st Cir. 1988). In addressing the consequences of withheld or destroyed evidence, the court explained that an adverse inference rests on the conduct of the party responsible for the loss and that, "[a]s between guilty and innocent parties, the difficulties created by the absence of evidence should fall squarely upon the former." *Id.* at 925. The First Circuit has likewise cautioned that severe sanctions run counter to the strong policy favoring disposition of cases on their merits and should not be imposed where an equally effective, less drastic remedy is available. *Velazquez-Rivera v. Sea-Land Serv., Inc.*, 920 F.2d 1072, 1075–76 (1st Cir. 1990). Here, Plaintiff identifies no act or omission by the Plymouth Defendants that caused or contributed to the alleged loss of evidence, and seeks no finding that they possessed, controlled, destroyed, or failed to preserve the evidence at issue. Accordingly, any sanction imposed for the alleged spoliation, if any,

should be confined to the party or parties found responsible for that conduct and should not impair the Plymouth Defendants' ability to defend Plaintiff's claims on the merits.

WHEREFORE, to the extent a response is required, the Plymouth Defendants take no position on Plaintiff's motion, except to respectfully request that, if the Court grants Plaintiff any relief, such relief have no impact on the Plymouth Defendants.

Respectfully Submitted,
Defendants,
TOWN OF PLYMOUTH, MA,
BETTY CAVACCO and
MICHAEL MAIN,
By their Attorneys,

*/s/ Devin R. McDonough*

Douglas I. Louison (BBO # 545191)
dlouison@lccplaw.com
Joseph A. Padolsky (BBO #679725)
jpadolsky@lccplaw.com
Devin R. McDonough (BBO #707482)
dmcdonough@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on September 30, 2026.

*/s/Devin R. McDonough*

Devin R. McDonough