UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br><br>*Plaintiff,*<br><br>v.<br><br>TOWN OF CARVER, MA, TOWN OF PLYMOUTH, MA, ALAN G. GERMAIN, STEPHEN G. GRAY, BETTY CAVACO, MICHAEL MAIN, A.D. MAKEPEACE COMPANY, JAMES F. KANE, SLT CONSTRUCTION CORPORATION, PETER OPACHINSKI,<br><br>*Defendants.* | Civil Action No. 1:24-cv-12347-ADB |

**LIMITED OPPOSITION OF SLT CONSTRUCTION CORP AND PETER OPACHINSKI TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

SLT Construction Corporation and Peter Opachinski (collectively "SLT"), submit this limited opposition to plaintiff's motion for sanctions for spoliation of evidence, which is directed at defendants Michael McVeigh and A.D. Makepeace. More specifically, SLT opposes the plaintiff's request for sanctions to the extent that they will have an adverse effect on SLT.

In the memorandum submitted by plaintiff in support of her motion for spoliation sanctions [ECF No. 212], plaintiff refers to Facebook messages between the administrator of the Meg Cost Us Millions Page and the defendants, which she alleges were deleted by McVeigh. [Id. at 2, 9, 11, 14]. Based on this conduct, the plaintiff seeks sanctions and offers a variety of forms that the sanctions may take. One of plaintiff's suggested sanctions is that the Court "order an adverse inference" from the spoliation. [ECF No. 212, p. 11, n.13].

In addressing the consequences of withheld or destroyed evidence, an adverse inference rests on the conduct of the party responsible for the loss and "[a]s between guilty and innocent parties, the difficulties created by the absence of evidence should fall squarely upon the former." *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 925 (1st Cir. 1988). Accordingly, sanctions arising from discovery misconduct should be directed at the party responsible for the misconduct and calibrated to avoid unnecessarily prejudicing innocent parties. *Id.* at 924–26. In

The First Circuit has likewise cautioned that severe sanctions run counter to the strong policy favoring disposition of cases on their merits and should not be imposed where an equally effective, less drastic remedy is available. *Velazquez-Rivera v. Sea-Land Serv., Inc.*, 920 F.2d 1072, 1075–76 (1st Cir. 1990). Here, plaintiff identifies no act or omission by SLT that caused or contributed to the alleged loss of evidence, and seeks no finding that they possessed, controlled, destroyed, or failed to preserve the evidence at issue. Accordingly, any sanction imposed for the alleged spoliation, if any, should be confined to the party or parties found responsible for that conduct and should not impair SLT's ability to defend against plaintiff's claims on the merits.

Furthermore, SLT notes that all messages between them and the administrator of the Meg Costs Us Millions Page have been produced in this litigation. As this Court recently recognized, "a party claiming spoliation of ESI must establish first that ESI has been lost and *is not available in any other location*" *Bloom v. Campbell*, No. CV 24-10339-RGS, 2026 WL 951334, at *5 (D. Mass. Apr. 8, 2026) (Boal, J.) (emphasis added). Here, where plaintiff is in possession of all messages between the SLT and the administrator of the Meg Costs Us Millions Page, no sanction for spoliation of those messages should lie. Therefore, to the extent that plaintiff's motion for spoliation sanctions is based upon the alleged deletion of those messages by Makepeace or McVeigh, it should be denied.

WHEREFORE, to the extent a response is required, SLT takes no position on plaintiff's motion, except to respectfully request that, if the Court grants plaintiff any relief, such relief have no impact on SLT.

Respectfully submitted,
SLT CONSTRUCTION CORPORATION
and PETER OPACHINSKI,
By their counsel,

*/s/Edward C. Cooley*

Edward C. Cooley, BBO# 550117
ecooley@gncm.net
Abigail C. Leighton, BBO# 707299
aleighton@gncm.net
GIARRUSSO, NORTON, COOLEY
& McGLONE, P.C.
308 Victory Road
Quincy, MA 02171
Tel: (617) 770-2900
Fax: (617) 773-6934

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on September 30, 2026.

*/s/ Edward C. Cooley*
Edward C. Cooley