UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET E. SHEEHAN,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF CARVER, MA, TOWN OF PLYMOUTH, MA, ALAN G. GERMAIN, STEPHEN G. GRAY, BETTY CAVACCO, MICHAEL MAIN, A.D. MAKEPEACE COMPANY, JAMES F. KANE, SLT CONSTRUCTION CORPORATION, PETER OPACHINSKI, and MICHAEL MCVEIGH,<br><br>Defendants. | Case No. 1:24-cv-12347-ADB |

**DEFENDANT MICHAEL MCVEIGH'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL A.D. MAKEPEACE AND MICHAEL MCVEIGH TO PRODUCE AN EMAIL CHAIN AND ATTACHMENT FOR IN CAMERA PRIVILEGE REVIEW**

Pursuant to this Court's November 10, 2026 Order, ECF No. 292, Defendant Michael McVeigh ("McVeigh") respectfully submits this limited opposition to Plaintiff Margaret E. Sheehan's ("Sheehan") emergency motion to compel A.D. Makepeace ("Makepeace") and McVeigh to produce an email chain and attachment for in camera privilege review. For purposes of this Opposition, McVeigh adopts the positions asserted by Makepeace in its Opposition to Plaintiff's Motion to Compel ("Makepeace's Opposition").

As counsel to Makepeace, McVeigh "does not command the [attorney-client] privilege." Refuse & Env't Sys., Inc. v. Indus. Servs. of Am., 120 F.R.D. 8, 10 (D. Mass. 1988). The privilege belongs to Makepeace alone, and "it is for [Makepeace] to assert or waive." Id. See Kevlik v. Goldstein, 724 F.2d 844, 850 (1st Cir. 1984) ("The privilege belongs to and may be waived only

by the . . . client; the attorney may not terminate the privilege unilaterally."). The email and attachment for which Sheehan seeks in camera privilege review belong to Makepeace, not McVeigh. Makepeace has asserted that these documents are protected by the attorney-client privilege, and it has withheld them (or clawed them back pursuant to the parties' Protective Order, ECF No. 154) on that basis.

Further, McVeigh testified at his deposition that these documents are unequivocally covered by the attorney-client privilege. When asked about the attachment, "M.S. Lies Ver. 2," McVeigh testified: "the document in question was produced consistent with . . . my legal review." Exhibit 1 – *McVeigh Deposition*, pp. 64-65. And when asked about the content of the email attaching that document, McVeigh testified that the email was "about legal advice" to the company. Id. at 65-66. Therefore, in accordance with his obligations as counsel to Makepeace, McVeigh maintains that the documents are protected by the attorney-client privilege, and he adopts Makepeace's position with respect to each, as set forth in Makepeace's Opposition. See Ken's Foods, Inc. v. Ken's Steak House, Inc., 213 F.R.D. 89, 97 (D. Mass. 2002) ("it is ordinarily the attorney's obligation to claim the privilege on the client's behalf").

Notably, Sheehan's claims against McVeigh – for which she alleges Makepeace is vicariously liable – have nothing to do with these privileged documents.[1] Rather, Sheehan's claims against McVeigh are entirely based on his administration of the Facebook page, "Meg Costs Us Millions" ("MMP"), which began in January 2023 – nine months after the creation of the privileged documents. ECF No. 106, Counts 14-18. Contrary to McVeigh's testimony that he prepared the privileged documents to provide legal advice to Makepeace, McVeigh's testimony

[1] Nor could Sheehan's claims against McVeigh or Makepeace rely on these documents. Without disclosing the content of the documents, the Court will see in its in-camera privilege review that they fall under the protection of potential petitioning activity. See G. L. c. 231, § 59H.

about MMP substantially differed. McVeigh testified that he was the sole administrator of MMP, that he "did not tell anyone at [Makepeace] that [he] had started [MMP]," and that "nobody helped [him]," nor did he "work with" anyone at Makepeace to create MMP posts. Exhibit 1, pp. 15-16, 76-78, 213-217. Because the privileged documents were created by McVeigh in his role as counsel to Makepeace, well before MMP existed, under completely different circumstances than MMP, and do not relate ***at all*** to the Facebook page, they do not go to any claim against McVeigh for his administration of MMP for which Sheehan seeks to hold Makepeace vicariously liable. Neither Makepeace nor McVeigh have ever raised these documents or the legal advice reflected in them as part of their respective defenses of the claims in this case. Accordingly, they are not "at issue" such that there can be a waiver of the attorney-client privilege. See Darius v. City of Bos., 433 Mass. 274, 283 (2001) ("An 'at issue' waiver . . . should not be tantamount to a blanket waiver of the entire attorney-client privilege in the case. By definition, it is a limited waiver of the privilege with respect to what has been put '***at issue***.'" (emphasis added)).

Respectfully Submitted,

Michael McVeigh,

by his Attorneys,

*/s/ Michael Paris*
Michael Paris (#556791)
Kileigh E. Stranahan (#707769)
NYSTROM BECKMAN & PARIS, LLP
One Marina Park Drive, 15th Floor
Boston, MA 02110
(617) 778-9100
(617) 778-9110 (fax)
mparis@nbparis.com
kstranahan@nbparis.com

Dated: November 13, 2026

**CERTIFICATE OF SERVICE**

I, Michael Paris, hereby certify that, on 13th day of November, 2026, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Michael Paris*
Michael Paris